IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| KRISTINA ZEMAITIENE,<br><br>Plaintiff,<br><br>v.<br><br>SALT LAKE COUNTY, et al.,<br><br>Defendants. | **MEMORANDUM DECISION**<br><br>Case No. 2:17-cv-00007-DAK-PMW<br><br>District Judge Dale A. Kimball<br>Chief Magistrate Judge Paul M. Warner |

District Judge Dale A. Kimball referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] The court permitted Plaintiff Kristina Zemaitiene ("Plaintiff") to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915.[2] Before the court is Plaintiff's motion for service of process on Defendants Salt Lake County, Taylorsville City, Tracy Wyant, the Unified Police Department of Greater Salt Lake, Joel Knighton, and Denise Lovendahl[3]

When a case is proceeding under the IFP statute, officers of the court are required to issue and serve all process and perform all duties related to service of process. 28 U.S.C. § 1915(d). At the same time, the IFP statute requires the court to screen the complaint in such a case to determine whether it should be served upon the named defendants or dismissed. 28 U.S.C. § 1915(e)(2)(B). In this case, the court has not yet completed that screening process and, consequently, has not yet made a determination about whether Plaintiff's complaint should indeed be served on the named defendants. For that reason, Plaintiff's motion for service of

---

[1] Dkt. No. 11.
[2] Dkt. No. 2.
[3] Dkt. No. 4.

process is unnecessary and is **DENIED** at this time. As indicated above, the court will screen Plaintiff's complaint and determine whether it should be served on the named defendants. It is unnecessary for Plaintiff to take any action to trigger that process.

    **IT IS SO ORDERED.**

    DATED this 27th Day of March, 2017.

                                        BY THE COURT:

                                        PAUL M. WARNER
                                        Chief United States Magistrate Judge