# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KRISTINA ZEMAITIENE,<br><br>**Plaintiff,**<br><br>v.<br><br>SALT LAKE COUNTY; JAMES WINDER, Police Chief; UNIFIED POLICE DEPARTMENT OF GREATER SALT LAKE; TAYLORSVILLE CITY; TRACY WYANT, Taylorsville Precinct Chief; CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF LATTER-DAY SAINTS dba Deseret Industries; JOEL KNIGHTON, Police Officer; and DENISE LOVENDAHL, Police Officer,<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:17-cv-00007-DAK-PMW<br><br>**District Judge Dale A. Kimball**<br><br>**Chief Magistrate Judge Paul M. Warner** |

Before the court are Defendant Corporation of the Presiding Bishop of the Church of Latter-Day Saints dba Deseret Industries' ("Deseret Industries" or "Defendant") motion for summary judgment (the "Summary Judgment Motion");[1] Plaintiff Kristina Zemaitiene's ("Ms. Zemaitiene" or "Plaintiff") motion for entry of default (the "Default Motion");[2] and Plaintiff's motion for leave to amend the complaint (the "Motion to Amend").[3] The court has carefully

---

[1] *See* docket no. 13.

[2] *See* docket no. 14.

[3] *See* docket no. 23.

reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

## DISCUSSION

The court will first address the Motion to Amend, then the Summary Judgment Motion, and finally, the Default Motion.

### I. **Motion to Amend**

Ms. Zemaitiene moves the court for leave to amend her complaint "to add additional parties, causes for relief, and material facts."[4] "In general, 'the grant or denial of an opportunity to amend is within the discretion of the District Court.'" *Staats v. Cobb*, 455 F. App'x 816, 817 (10th Cir. 2011) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)). Pursuant to Rule 15 of the Federal Rules of Civil Procedure ("Rule 15"), leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Rule 15's directive that leave to amend shall be freely given "is especially true" where a plaintiff "is proceeding pro se." *Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998). "Without apparent grounds to deny leave—such as undue delay, repeated failure to cure deficiencies in the pleadings, or undue prejudice to the opposing party—the court should . . . 'afford[] [the plaintiff] an opportunity to test his claim on the merits.'" *Staats*, 455 F. App'x at 818 (second alteration in original) (quoting *Foman*, 371 U.S. at 182).

---

[4] *Id.* at 1.

2

Ms. Zemaitiene is proceeding pro se,[5] and *in forma pauperis* ("IFP") as permitted by the court under 28 U.S.C. §1915.[6] None of the named defendants, other than Deseret Industries has been served with the complaint.[7] The court has not yet screened Ms. Zemaitiene's complaint as required by the IFP statute, nor has the court ordered service on the other defendants. *See* 28 U.S.C. § 1915(d), (e)(2)(B). Accordingly, the court finds that Ms. Zemaitiene has not unduly delayed in filing the Motion to Amend.

Although Deseret Industries argues that it would be prejudiced by allowing Ms. Zemaitiene to amend the complaint, the court is unpersuaded. Deseret Industries argues that if Ms. Zemaitiene is allowed to amend, Defendant will be required to "instigate the summary judgment process on the basis of essentially the same factual assertions and deficiencies."[8] If Deseret Industries is correct, this hardly presents Defendant with an undue burden or prejudice.

Accordingly, out of an abundance of caution and respect for Ms. Zemaitiene's pro se status, Plaintiff's Motion to Amend is granted. In accordance with DUCivR 15-1, Ms. Zemaitiene must file the amended complaint attached to the Motion to Amend. Ms. Zemaitiene is ordered to file the amended complaint with the court within 14 days of the date of this order.

**II.** **Summary Judgment Motion**

The Summary Judgment Motion is based on the original complaint. Because the court has granted leave for Plaintiff to file an amended complaint, the court denies the Summary Judgment

---

[5] *See* docket no. 3.

[6] *See* docket no. 2.

[7] Deseret Industries waived service. *See* docket no. 5.

[8] Docket no. 24 at 4.

Motion without prejudice. Nothing in this order prevents Deseret Industries from filing a new motion for summary judgment based on the amended complaint.

### III.    Default Motion

Rule 4 of the Federal Rules of Civil Procedure provides that, "[a] defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent." Fed. R. Civ. P. 4(d)(3). The Default Motion requests entry of default against Deseret Industries pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, which requires the entry of default "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Ms. Zemaitiene argues that entry of default against Deseret Industries is proper because "the record in this case demonstrates that Defendant failed to file an answer or other response within 60 days after the request for waiver was sent."[9]

The record shows that Plaintiff filed a Waiver of Service executed by Deseret Industries on March 7, 2017.[10] The Waiver of Service was signed by a representative of Deseret Industries on January 23, 2017.[11] The docket states that the Waiver of Service was sent on January 23, 2017, and that the answer was due on March 24, 2017.[12] However, the Waiver of Service form indicates that "an answer or a motion under Rule 12 [must be served] within 60 days from

---

[9] Docket no. 14 at 1.

[10] *See* docket no. 5.

[11] *See id.* at 1.

[12] *See* docket text, docket no. 5.

01/17/2017, the date when the request was sent."[13] That sixty-day period expired on March 20, 2017. *See* Fed. R. Civ. P. 6(a)(1)(C). The record shows that Deseret Industries filed its answer to the complaint on March 17, 2017.[14] Therefore, whether the answer was due on March 20, 2017, or on March 24, 2017, Deseret Industries timely filed its answer. Accordingly, the Default Motion is without merit, and is denied.

## CONCLUSION

In summary, based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Amend[15] is **GRANTED**. Ms. Zemaitiene shall file with the court the amended complaint attached to the Motion to Amend within 14 days of the date of this order.

2. Defendant's Summary Judgment Motion[16] is **DENIED WITHOUT PREJUDICE**.

3. Plaintiff's Default Motion[17] is **DENIED**.

**IT IS SO ORDERED**.

**DATED** this 1st day of March, 2018.

BY THE COURT:

DALE A. KIMBALL
United States District Judge

---

[13] Docket no. 5 at 1.

[14] *See* docket no. 9.

[15] Docket no. 23.

[16] Docket no. 13.

[17] Docket no. 14.