## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **KRISTINA ZEMAITIENE,** | **REPORT AND RECOMMENDATION** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:17-cv-00007-DAK-PMW** |
| **SALT LAKE COUNTY, et al.,** | **District Judge Dale A. Kimball** |
| **Defendants.** | **Chief Magistrate Judge Paul M. Warner** |

District Judge Dale A. Kimball referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  Before the court are (1) a motion to dismiss filed by Defendants Salt Lake County, Unified Police Department of Greater Salt Lake ("UPD"), James Winder ("Winder"), Taylorsville City, Tracy Wyant ("Wyant"), Joel Knighton ("Knighton"), and Denise Lovendahl ("Lovendahl");[2] and (2) a motion to dismiss filed by Defendants Rick Ricks ("Ricks") and Melanie Perry ("Perry").[3]  The court has carefully reviewed the written memoranda submitted by the parties.  Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will decide the motions based upon the written memoranda.  *See* DUCivR 7-1(f).

---

[1] *See* ECF no. 11.

[2] *See* ECF no. 52.

[3] *See* ECF no. 53.

At the outset, the court recognizes that Plaintiff is proceeding pro se in this case. Consequently, the court will construe her pleadings liberally. *See e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

## BACKGROUND[4]

1.      Plaintiff Kristina Zemaitiene ("Plaintiff") worked for Defendant the Corporation of the Presiding Bishop of The Church of Jesus Christ of Latter-day Saints dba Deseret Industries ("Deseret Industries") in 2014.[5]

2.      On December 27, 2014, Knighton and Lovendahl of the Unified Police Department Taylorsville Precinct stopped shoplifting suspect Hernan Castagnoli ("Castagnoli") in the parking lot of the Deseret Industries store located at 825 East 9400 South, Sandy, Utah ("Incident").[6]

3.      At the time of the Incident, Knighton and Lovendahl worked part time for Defendant Off Duty Services, Inc. ("ODS").[7]

4.      ODS employs police officers to provide private security services as an independent contractor for businesses like Deseret Industries.[8]

---

[4] In reciting the following background, the court assumes all of the allegations in Plaintiff's amended complaint are true, as it is required to do when considering a motion to dismiss under Rule 12(b)(6).  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] *See* ECF no. 28 at ¶ 29.

[6] *See id*. at ¶ 27.

[7] *See id*. at ¶ 28.

[8] *See id*. at ¶ 28.

5.      Plaintiff observed Knighton and Lovendahl apprehending Castagnoli on the date of the Incident.[9]

6.      Plaintiff alleges that she ran toward Knighton and Lovendahl to assist Castagnoli because Plaintiff believed Castagnoli was being assaulted.[10]

7.      Once Plaintiff arrived, Castagnoli fled from the scene.[11]

8.      Knighton and Lovendahl identified themselves to Plaintiff as undercover police officers working security at the store.[12]

9.      Around the same time, Lovendahl approached Plaintiff, and Lovendahl pulled her police badge that was hung around her neck from beneath her shirt and made physical contact with Plaintiff.[13]

10.      Knighton and Lovendahl then started walking back into the store.[14]

11.      Thereafter, Plaintiff entered the store and observed Knighton and Lovendahl talking to a store employee, Brannon Bai ("Bai"), in the main office of the store.[15]

---

[9] *See id.* at ¶ 30.

[10] *See id.* at ¶¶ 31-33.

[11] *See id.* at ¶ 34.

[12] *See id.* at ¶ 35.

[13] *See id.* at ¶ 36.

[14] *See id.* at ¶ 37.

[15] *See id.* at ¶¶ 38-40.

12.     Plaintiff proceeded to explain to Bai that she had witnessed Knighton and Lovendahl assaulting a store customer.[16]

13.     Bai told Plaintiff to exit the office and wait in the hall.[17]

14.     During Plaintiff's wait, Ricks, an assistant store manager, and Perry, a store job coach, arrived at the office, and Bai left the office.[18]

15.     After about ten minutes, Plaintiff reentered the office and asked for permission to report the Incident.[19]

16.     With permission from Ricks, Plaintiff explained the incident and accused Lovendahl of sexual assault during the Incident.[20]

17.     Plaintiff alleges that "[u]pon the accusation" of sexual assault, Lovendahl arrested Plaintiff and informed her that she was being charged with an interference with Castagnoli's arrest.[21]

18.     Lovendahl then handcuffed Plaintiff and took her into custody in the office.[22]

---

[16] *See id*. at ¶ 41.

[17] *See id*.

[18] *See id*. at ¶ 42.

[19] *See id*. at ¶ 43.

[20] *See id*. at ¶ 44.

[21] *Id*. at ¶ 45.

[22] *See id*. at ¶ 46.

19.     After searching Plaintiff's purse, Lovendahl found Plaintiff's driver license, which Lovendahl used to complete Plaintiff's citation for interfering with Castagnoli's arrest.[23]

20.     Meanwhile, Ricks informed Plaintiff that he was suspending her from work and barring her from all Deseret Industries stores.[24]

21.     Plaintiff refused to sign the citation because she did not understand everything that was written on the citation and was afraid that signing the citation would constitute an admission of guilt.[25]

22.     Lovendahl later informed Plaintiff that signing the citation did not constitute an admission of guilt but rather an acknowledgement of receiving the citation.[26]

23.     Based upon Plaintiff's request, Lovendahl removed Plaintiff's handcuffs and allowed her to sign the citation.[27]

24.     After signing the citation, Plaintiff was given a copy of it and was released by Lovendahl.[28]

25.     A few days after the Incident, Plaintiff voluntarily resigned from Deseret Industries.[29]

---

[23] *See id.* at ¶ 47.

[24] *See id.* at ¶ 48.

[25] *See id.* at ¶ 49.

[26] *See id.* at ¶ 51.

[27] *See id.* at ¶¶ 51-52.

[28] *See id.* at ¶ 53.

[29] *See id.* at ¶ 161.

26.     Plaintiff was eventually charged in justice court with interfering with an arresting officer under Utah Code § 76-8-305.[30]

27.     Castagnoli was also charged with interfering with an arresting officer, as well as retail theft.[31]

28.     Both of Castagnoli's charges were later dismissed with prejudice by the justice court at the prosecutor's request.[32]

29.     Plaintiff's charge was not dismissed.[33]

30.     Prior to Plaintiff's jury trial in justice court, the prosecutor amended Plaintiff's misdemeanor charge to an infraction.[34]

31.     Plaintiff was convicted of interference with an arresting officer in justice court and then again following a trial de novo in district court.[35]

## LEGAL STANDARDS

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Iqbal,* 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A court should "assume the factual allegations are true and

---

[30] *See id*. at ¶ 54.

[31] *See id*. at ¶ 55.

[32] *See id*. at ¶ 56.

[33] *See id*. at ¶ 57.

[34] *See id*. at ¶ 58.

[35] *See id*. at ¶ 59.

ask whether it is plausible that the plaintiff is entitled to relief." *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). Thus, "the complaint must give the court reason to believe that this plaintiff has reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis omitted).

In conducting the analysis of Defendant's motion, the court is mindful that Plaintiff is proceeding pro se in this case and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam). Further,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the

> plaintiff's well-pleaded factual contentions, not his conclusory
> allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted).

**ANALYSIS**

As previously noted, before the court are (1) a motion to dismiss filed by Defendants Salt

Lake County, UPD, Winder, Taylorsville City, Wyant, Knighton, and Lovendahl;[36] and (2) a

motion to dismiss filed by Defendants Ricks and Perry.[37]  The court will address the motions in

turn.

**I.      Defendants Salt Lake County, UPD, Winder, Taylorsville City, Wyant, Knighton,
         and Lovendahl's Motion to Dismiss**

All seventeen of Plaintiff's causes of action in her amended complaint are alleged against

these Defendants, either individually or in some combination.  These Defendants seek dismissal

of all of those causes of action.  Below, the court will address all seventeen of Plaintiff's claims

against these Defendants, with some grouped together where appropriate.  Based upon the

analysis below, the court recommends that this motion to dismiss be granted and that all of

Plaintiff's claims against these Defendants be dismissed.

**A.      Claims 1-5 and 7-8 Are Barred by *Heck v. Humphrey***

Plaintiff's claims 1-5 and 7-8 fail to state a claim upon which relief can be granted

because these federal claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).  *See*

*Mendia v. City of Wellington*, 432 F. App'x 796, 797 n.1 (10th Cir. 2011) (providing that "a

---

[36] *See* ECF no. 52.

[37] *See* ECF no. 53.

dismissal under *Heck* is for failure to state a claim, which falls under Rule 12(b)(6)" and that "a dismissal under *Heck* is without prejudice").  In *Heck*, the United States Supreme Court held that prisoners are prohibited from recovering damages under 42 U.S.C. § 1983 "if a favorable judgment would necessarily imply the invalidity of his conviction unless the conviction has been invalidated."  *Williams v. Weber Cty.*, 562 F. App'x 621, 622 (10th Cir. 2014) (discussing the holding of *Heck*).

In this case, a favorable judgment on claims 1-5 and 7-8 would necessarily imply the invalidity of Plaintiff's conviction.  Importantly, Plaintiff admits that she was convicted and has not alleged that her conviction has been overturned in any way.  Accordingly, those claims are barred by *Heck* and should be dismissed under Rule 12(b)(6).

### 1.   Claim 1:  Retaliatory Arrest (First Amendment) Against Knighton and Lovendahl

Claim 1 claim alleges deprivation of her "right to speech by unlawfully arresting her after she had complained about [police officer] behavior to a store's management."[38]  In *Miller v. Edminsten*, 161 F. App'x 787 (10th Cir. 2006), the Tenth Circuit affirmed the district court's dismissal of a retaliation claim for failure to state a claim upon which relief could be granted based on the same reasoning.  In that case, the court stated that the defendant's

> retaliation claim was based in large part on his allegation that certain of the defendants, in retaliation for his allegedly exercising his First Amendment rights, filed false disciplinary charges against him that ultimately resulted in [denial of his rights].  Because, however, a judgment in [the defendant's] favor on his retaliation claim would necessarily imply the invalidity of his disciplinary convictions, [the defendant] must first successfully challenge those disciplinary convictions in a habeas proceeding before proceeding on his § 1983 claim.

---

[38] ECF no. 28 at ¶ 92.

*Id.* at 789.  Similarly, claim 1 is barred by *Heck* because the claim necessarily implies the

invalidity of Plaintiffs' conviction.  Accordingly, claim 1 should be dismissed without prejudice.

### 2.     Claim 2:  Wrongful Arrest (Fourth and Fourteenth Amendments) Against Knighton and Lovendahl

Claim 2 alleges deprivation of Plaintiff's "right to be free from unreasonable seizures and

arrest without probable cause as required by the Fourth and Fourteenth Amendments."[39]  In

*Hazelton v. City of Roswell*, No. CIV 05-874 LCS/KBM, 2006 WL 8443591 (D.N.M. Oct. 16,

2006), the U.S. District Court for the District of New Mexico faced a similar scenario, and

dismissed the claim, explaining that the plaintiff's

> conviction has not been overturned.  [His] two assertions, if established, would
> imply the invalidity of his conviction.  If [the plaintiff] had not been in violation
> of [the] ordinance, his conviction would have been without basis.  Similarly, if
> [the officer] had no probable cause to cite or arrest [the plaintiff], then [the
> plaintiff's] conviction would have been wrong in this case.  [The plaintiff's]
> conviction, however, has not been overturned.  In fact, it has been upheld on
> appeal.

*Id.* at *4 (footnote omitted).  Consistent with that reasoning, Plaintiff has not demonstrated that her

conviction has been overturned and, therefore, her claim for wrongful arrest should be dismissed

without prejudice.

### 3.     Claim 3:  Retaliatory Prosecution (First and Fourteenth Amendments) Against Knighton and Lovendahl

Plaintiff's third claim alleges deprivation of her "right to be free from retaliatory

prosecution."[40]  In *Miller v. City of Tooele*, No. 2:03-CV-397 TC, 2006 WL 2355770 (D. Utah

---

[39] *Id.* at ¶ 99.

[40] *Id.* at ¶ 108.

Aug. 15, 2006), the U.S. District Court for the District of Utah granted summary judgment on a

retaliatory prosecution claim, citing *Heck*, and stating:

> [T]he hoary principle that civil tort actions are not appropriate vehicles for
> challenging the validity of outstanding criminal judgments applies to § 1983
> damages actions that necessarily require the plaintiff to prove the unlawfulness of
> his conviction or confinement. . . . While [the plaintiff] may argue that his state
> prosecution was not supported by probable cause, he must make that argument
> before the state court.

*Id*. at *7 (quotations and citation omitted) (second alteration in original); *see also Kirkland v.*

*O'Brien*, No. 12-CV-2083-WJM-KLM, 2013 WL 2147546, at *3 n.1 (D. Colo. May 16, 2013)

("Furthermore, the [c]ourt notes that [the plaintiff's] retaliatory prosecution claim, properly pled

with an allegation of a lack of probable cause, would necessarily call into question the validity of

[the plaintiff's] conviction for the charge, which would require the [c]ourt to dismiss the claim

pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), until and/or unless the conviction was

invalidated.").  Again, Plaintiff has not demonstrated that her conviction has been invalidated

and, accordingly, her claim for retaliatory prosecution should be dismissed without prejudice.

### 4.    Claims 4-5:  Deprivation of Liberty (Fifth and Fourteenth Amendments) Against Knighton and Lovendahl

Claim 4 alleges deprivation of Plaintiff's "right to be free from deprivation of liberty,"[41]

and claim 5 alleges deprivation of her "right to be free from prosecution and conviction based on

manufactured evidence."[42]  In *McCormick v. City of Lawrence, Kan.*, 253 F. Supp. 2d 1172 (D.

---

[41] *Id*. at ¶ 115.

[42] *Id*. at ¶ 122.

11

Kan. 2003) the U.S. District Court for the District of Kansas dismissed a claim for deprivation of

liberty caused by fabrication of evidence, stating:

> Unlike the unreasonable seizure claims relating to [the plaintiff's] arrest, [the
> plaintiff's First Amendment retaliation, unreasonable seizure, and deprivation of
> liberty claims] appear to implicate the concerns underlying *Heck*.  Namely, they
> would necessarily imply the invalidity of any conviction that might result from
> prosecution of the pending disorderly conduct charge.
>
> . . . .
>
> [The plaintiff's] retaliation claim (as well as his unreasonable seizure and
> deprivation of liberty without due process claims) depends upon him establishing
> an absence of probable cause supporting the charges against him. . . . Such claims,
> therefore, would imply the invalidity of any conviction against [the plaintiff].
> That is precisely what the rule in *Heck* seeks to avoid.

*Id*. at 1207-08 (quotations and citation omitted).  Plaintiff's deprivation of liberty claim and

fabrication of evidence claim necessarily imply the invalidity of her conviction and she has failed

to show that her conviction was overturned.  Accordingly, these claims should be dismissed

without prejudice.

### 5.    Claim 7:  Equal Protection (Fifth and Fourteenth Amendments) Against Knighton and Lovendahl

Claim 7 alleges that Plaintiff was deprived of the "right to enjoy the equal protection of

the laws"[43] and that she was targeted based on her nationality.[44]  In *Conkleton v. Raemisch*, 603

F. App'x 713 (10th Cir. 2015), the Tenth Circuit held that equal protection claims are "barred by

the *Heck* rule" and that because success on that type of claim would "necessarily imply the

---

[43] *Id*. at ¶ 135.

[44] *See id*. at ¶ 136.

invalidity of the duration of [the plaintiff's] confinement, it is barred." *Id*. at 716.  Accordingly, this claim should be dismissed without prejudice.

> 6. **Claim 8:  Deliberately Indifferent Policies (42 U.S.C. § 1983) Against Salt Lake County, UPD, Winder, Taylorsville City, and Wyant**

Claim 8 alleges deprivation of Plaintiff's "clearly established rights"[45] due to certain named Defendants' development and maintenance of "policies, procedures, customs, and/or practices and/or fail[ure] to properly train and/or supervise its employees."[46]  In *West v. Colo.*, 428 F. App'x 869 (10th Cir. 2011), the Tenth Circuit affirmed a district court's dismissal of a claim for indifferent policies, citing *Heck*.  *See id*. at 870.  Again, because this claim hinges on the implication that Plaintiff's conviction is invalid, and because she has not shown that her conviction has been overturned, this claim is barred.  As noted above, the dismissal of this claim should normally be without prejudice under *Heck*.  However, for the reasons set forth below in Section I.B.2., this claim should be dismissed with prejudice.

**B.    Claims 6 and 8-17 Fail to State Claims Upon Which Relief Can Be Granted**

> 1. **Claim 6:  Right to Freedom of Association (First Amendment) Against Knighton and Lovendahl**

Claim 6 alleges a violation of Plaintiff's right to freedom of association based upon the discipline she received from Deseret Industries.[47]  Suspension from work by a private employer does not allege any element of a freedom of association claim.  42 U.S.C. § 1983 provides a

---

[45] *Id*. at ¶ 143.

[46] *Id*. at ¶ 146.

[47] *See id*. at ¶¶ 127-132.

cause of action to plaintiffs for federal constitutional violations committed by those acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory."  Thus, the only proper defendants in this type of claim are those who "represent [the state] in some capacity, whether they act in accordance with their authority or misuse it."  *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) (quotations and citation omitted) (alteration in original).

Here, the alleged deprivation of Plaintiff's right to freedom of association was not committed or caused by a person acting under color of state law.  Knighton and Lovendahl are not Plaintiff's employer and did not suspend her from work.  Her suspension was given by Deseret Industries, a private employer.  "[W]here the State is not responsible for a private decision to behave in a certain way, the private action generally cannot be considered 'state action' within the meaning of our cases."  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 949 (1982).  Accordingly, Plaintiff has not sufficiently alleged that her work discipline was imposed or caused by a person acting under color of state law and, therefore, claim 6 should be dismissed with prejudice.

### 2.    Claim 8:  Deliberately Indifferent Policies (42 U.S.C. § 1983) Against Salt Lake County, UPD, Winder, Taylorsville City, and Wyant

In addition to being barred by *Heck*, claim 8 fails to state a claim upon which relief can be granted because municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff.  *See Monell v. N.Y. City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).  To establish liability, a plaintiff must show that "a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged.  [A plaintiff]

cannot state a claim for relief against [a municipality] under § 1983 merely by pointing to isolated incidents."  *West v. Colo.*, No. 10-cv-03130-BNB, 2011 WL 1134313, at *3 (D. Colo. Mar. 28, 2011) (citation omitted).  Where a plaintiff has failed to include "any allegations that demonstrate a link between a policy or custom of the [municipality] and the injuries he alleges[,] . . . he cannot maintain a claim for relief against [the municipality]."  *Id.*  Where allegations are no more than a recitation of the elements, the claim is insufficient.  *See Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) ("[T]he plaintiff must provide more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action.") (quotations and citation omitted) (second alteration in original).

In this case, Plaintiff alleges no facts upon which to infer a direct causal link between the relevant Defendants' customs or policies and the officers' alleged violation of her constitutional rights.  Plaintiff cannot even identify a single policy in existence; she only speculates that a discriminatory one exists.  Accordingly, this claim should be dismissed with prejudice.

   3.    **Claim 9:  Right to Protest Against Wrongs (Utah Constitution, Article 1, Section 1) Against Knighton and Lovendahl, Claim 10:  Right to Enjoy Life (Utah Constitution, Article 1, Section 1) Against Knighton and Lovendahl, and Claim 11:  Right to Free and Equal Access to Business Establishments (Utah Constitution, Article 1, Section 1) Against Knighton and Lovendahl**

Claims 9-11, all of which allege violations of Plaintiff's state constitutional rights, fail to state claims upon which relief can be granted.  In Utah, damage awards for constitutional violations are permitted only under certain circumstances.  *See Spackman ex rel. Spackman v. Bd. of Educ. of the Box Elder Cty. Sch. Dist.*, 16 P.3d 533, 538 (Utah 2000).  To proceed with a private suit for damages, a plaintiff must establish that:  (1) she suffered a flagrant violation of

15

her constitutional rights; (2) existing remedies do not redress her injuries; and (3) equitable relief

was and is wholly inadequate to protect her rights or redress her injuries.  *See id*. at 538-39.

> A flagrant violation refers to a violation of clearly established constitutional rights of which a reasonable person would have known.  To be considered clearly established, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.  The Utah Supreme Court has indicated that it will be easier for a plaintiff to demonstrate a flagrant violation where precedent clearly establishes that the defendant's alleged conduct violates a provision of the constitution.

*Zimmerman v. Univ. of Utah*, No. 2:13-CV-01131-JNP-BCW, 2018 WL 3448325, at *3 (D. Utah

July 17, 2018) (quotations and citations omitted).

Here, Plaintiff has not alleged that the conduct was so egregious and unreasonable that it

constitutes a flagrant violation of her rights.  Instead, she argues that her rights were clearly

established and that a reasonable person would have known that they were violating her rights.

This is insufficient to meet the test for claiming damages.  Consequently, Plaintiff has failed to

establish that she has suffered a flagrant violation and cannot proceed with suit under the Utah

constitution for money damages.  Accordingly, these claims should be dismissed with prejudice.

### 4.    Claim 12:  False Arrest Against Knighton and Lovendahl, Claim 13:  Malicious Prosecution Against Knighton and Lovendahl, and Claim 14:  Abuse of Process Against Knighton and Lovendahl

For the following reasons, claims 12-14 fail to state claims upon which relief can be

granted.  First, those claims are barred by *Heck*.  *See Heck*, 512 U.S. at 486 n.5 ("Cognizable

injury for abuse of process is limited to the harm caused by the misuse of process, and does not

include harm (such as conviction and confinement) resulting from that process's being carried

through to its lawful conclusion.  Thus, one could no more seek compensatory damages for an

outstanding criminal conviction in an action for abuse of process than in one for malicious

prosecution."); *Mata v. Anderson*, 635 F.3d 1250, 1252 (10th Cir. 2011) ("We note that a § 1983 malicious prosecution claim, which requires favorable termination as an element, does not accrue until the alleged malicious prosecution terminates in favor of the plaintiff."); *Burden v. Wood*, 200 F. App'x 806, 807 (10th Cir. 2006) ("[T]o prevail on a claim for false arrest under *Heck*, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid or otherwise called into question by some other tribunal.") (quotations and citations omitted).

Second, "arresting officer[s] enjoy[] qualified immunity if the existence of probable cause was at least arguable." *Brown v. Cole*, 568 F. App'x 600, 602 (10th Cir. 2014). Plaintiff claims that her arrest "was wrongful, in bad faith and not supported by any legally justifiable reason,"[48] that the officers "wrongfully initiated criminal proceeding knowing that no crime had been committed by Plaintiff,"[49] and that the officers "abused the criminal process by initiating criminal prosecution of Plaintiff to retaliate for Plaintiff's complaints against them, discredit Plaintiff as an eyewitness to their misconduct and legitimize their unlawful use of police authority."[50] However, it is evident that the officers had arguable, probable cause to arrest Plaintiff, as demonstrated through Plaintiff's two-time conviction. Accordingly, these claims should be dismissed with prejudice.

---

[48] *Id*. at ¶ 176.

[49] *Id*. at ¶ 181.

[50] *Id*. at ¶ 186.

### 5.  Claim 15:  Assault and Battery Against Lovendahl

Claim 15 fails to state a claim upon which relief can be granted because it is barred by the Governmental Immunity Act of Utah ("GIAU").  *See* Utah Code § 63G-7-201(4).  Plaintiff alleges that Lovendahl "willfully and maliciously assaulted Plaintiff by chest-bumping her twice in the store's parking lot."[51]  However, the GIAU shields against negligent acts arising out of assault and battery.  *See Maddocks v. Salt Lake City Corp.*, 740 P.2d 1337, 1340 (Utah 1987).

Utah Code section 63G-7-201 states:

> A governmental entity, its officers, and its employees are immune from suit, and immunity is not waived, for any injury proximately caused by a negligent act or omission of an employee committed within the scope of employment, if the injury arises out of or in connection with, or results from . . . assault, battery, false imprisonment, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, or violation of civil rights . . . .

Utah Code § 63G-7-201(4)(b).

Here, Plaintiff has alleged no facts that support her assertion that Lovendahl's conduct was more than negligent or that Lovendahl acted willfully and maliciously.  Accordingly, she has failed to state a claim upon which relief can be granted and this claim should be dismissed with prejudice.

### 6.  Claim 16:  Intentional Infliction of Emotional Distress Against Knighton and Lovendahl

Claim 16 fails to state a claim upon which relief can be granted.  To bring an intentional infliction of emotional distress claim, a plaintiff must show that (1) the conduct was outrageous and intolerable to the point that it offended generally-accepted standards of decency; (2) that the

---

[51] *Id*. at ¶ 192.

defendant intended to cause emotional distress; (3) that the plaintiff suffered emotional distress; and (4) that the defendant's conduct proximately caused the emotional distress.  *See Prince v. Bear River Mut. Ins. Co.*, 56 P.3d 524, 535 (Utah 2002).  "[T]he conduct must evoke outrage or revulsion" and "must be more than unreasonable, unkind, or unfair."  *Bennett v. Jones, Waldo, Holbrook & McDonough*, 70 P.3d 17, 32 (Utah 2003) (quotations and citations omitted).  It must be so "severe . . . that a reasonable [person,] normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case."  *Harnicher v. Univ. of Utah Med. Ctr.*, 962 P.2d 67, 70 (Utah 1998) (quotations and citations omitted).

In this case, Plaintiff fails to include any allegations that the conduct in question evoked outrage or revulsion or was more than just unfair or unkind.  Instead, Plaintiff simply claims in a conclusory fashion that her arrest and subsequent prosecution were "outrageous."[52]  Plaintiff's allegations fall well short of stating a claim upon which relief can be granted and, therefore, this claim should be dismissed with prejudice.

### 7.   Claim 17:  Respondeat Superior Against Salt Lake County, UPD, and Taylorsville City

Claim 17 alleges that certain of the named Defendants are liable under a theory of respondeat superior.  Specifically, this claim alleges that the violation of her rights "occurred during the course and scope of [the officers'] official duties and functions and while they were acting as agents and/or employees of Defendants Salt Lake County, [UPD], [and] the City of Taylorsville."[53]  However, "[p]olitical subdivisions of the state . . . are not liable under the

---

[52] *Id.* at ¶ 196.

[53] *Id.* at ¶ 201.

doctrine of respondeat superior for actions of their employees, particularly in the case of alleged

assault and battery." *Archuletta v. City of S. Salt Lake*, No. 2:12-CV-703-TC, 2014 WL 5149298,

at *4 n.6 (D. Utah Oct. 14, 2014).  As such, this claim should be dismissed with prejudice.

## II.     Ricks and Perry's Motion to Dismiss

Plaintiff asserts four causes of action against Ricks and Perry.  Ricks and Perry seek

dismissal of all of those causes of action.  Below, the court will address each of those causes of

action.  Based upon the analysis below, the court recommends that this motion to dismiss be

granted and that all of Plaintiff's claims against Ricks and Perry be dismissed.

### A.     Claim 7:  Equal Protection (Fifth and Fourteenth Amendments) Against Ricks and Perry

#### 1.     Claim 7 Is Barred by *Heck*

As noted above, claim 7 alleges that Plaintiff was deprived of the "right to enjoy the

equal protection of the laws"[54] and that she was targeted based on her nationality.[55]  For the same

reasons set forth above in Section I.A.5., claim 7 is barred by *Heck*.  *See Conkleton*, 603 F. App'x

at 716.  Accordingly, this claim should be dismissed.  As noted above, the dismissal of this claim

should normally be without prejudice under *Heck*.  However, for the reasons set forth below in

Sections II.A.2-3., this claim should be dismissed with prejudice.

---

[54] *Id*. at ¶ 135.

[55] *See id*. at ¶ 136.

2.      **Plaintiff Has Not Alleged Sufficient Facts to Show That Ricks and Perry Acted Under Color of State Law**

Even if claim 7 were not barred by *Heck*, Plaintiff has still failed to state a claim against Ricks or Perry under 42 U.S.C. § 1983.  To prevail on a claim under 42 U.S.C. § 1983, the plaintiff must show (1) deprivation of a federally protected right by (2) an actor acting under color of state law.  *See Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). To establish that a private citizen was acting under color of state law, a plaintiff must show that the individual was a "willful participant in joint action with the State or its agents."  *Id.* at 1157 (quotations and citations omitted).  In other words, the private citizen must have engaged in a "concerted action" with the State to deprive the plaintiff of a constitutional right.  *Id.*  To establish this "concerted action," in addition to demonstrating the private citizen participated in the supposed attempt to violate a constitutional right, the plaintiff must also show that: (1) state actors and private citizens "share[d] a common, unconstitutional goal"; or (2) that "there [was] a substantial degree of cooperative action between state and private officials" or "overt and significant state participation."  *Id.* (quotations and citations omitted).

A plaintiff's claim must rest on specific alleged facts that demonstrate this willful participation; conclusory assertions that private citizens and state actors conspired or cooperated are insufficient to attribute state-actor status to private individuals.  *See e.g.*, *Olson v. Carmack*, 641 F. App'x 822, 827 (10th Cir. 2016) (concluding that the plaintiff did not show private citizens were acting under color of state law because "although this color-of-state-law requirement can be established by allegations that a private actor conspired with a state actor, the amended complaint is devoid of any factual allegations, as opposed to unsupported conclusions, that the [private citizens] reached an agreement with a state actor to violate [the plaintiff's]

21

constitutional rights") (citation omitted); *Gross v. Samudio*, 630 F. App'x 772, 777 (10th Cir. 2015) ("A plaintiff asserting that a private actor deprived him of a constitutional right while acting under color of state law must rely on more than conclusory allegations to state such a cause of action . . . .").

In this case, Plaintiff makes only conclusory assertions that Ricks and Perry were willful participants in joint action with other named Defendants.  Instead of alleging specific facts, Plaintiff's amended complaint provides conclusory allegations that Ricks and Perry reached an "understanding" with Knighton and Lovendahl to violate Ms. Zemaitiene's rights and that these Defendants "acted in concert and joint action with each other."[56]  Plaintiff does not allege a single fact to demonstrate that Ricks or Perry participated in the Lovendahl's decision to arrest Plaintiff.  Further, the amended complaint contradicts allegations of any "concerted actions" between the named Defendants.  According to the amended complaint, Lovendahl solely made the decision to arrest Plaintiff after Plaintiff accused Lovendahl of sexual assault.[57]  Prosecutors wholly disconnected from Ricks and Perry then chose to prosecute Plaintiff for interfering with an arresting officer.[58]  Plaintiff does not cite any facts to demonstrate that Ricks or Perry participated in the trial or in the decision to convict Plaintiff of her charged crime.  Because Plaintiff has failed to plead specific facts of Ricks and Perry's willful participation in a joint action with the State or its agents, this claim should be dismissed with prejudice.

---

[56] *Id.* at ¶¶ 136, 138.

[57] *See id.* at ¶¶ 43-44.

[58] *See id.* at ¶ 54.

### 3.     Plaintiff Has Not Alleged Sufficient Facts to Establish an Equal Protection Claim

Even if Plaintiff had alleged facts to support her claim that Ricks and Perry acted under color of state law and that they participated in the decisions to arrest and prosecute her, she fails to plead facts to support a claim that her rights to equal protection were violated.  "[T]he purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents."  *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (quotations and citations omitted).  To sufficiently support a claim under 42 U.S.C. § 1983 through the Equal Protection Clause, a plaintiff must demonstrate she was treated differently than others similarly situated and there is no rational basis for the disparate treatment.  *See id*.

This standard requires that Plaintiff plead sufficient facts to show, beyond a "simple comparison and conclusion" that she was treated differently than others because of her national origin and there is no rational basis to suggest otherwise.  *Rahim v. Morgan*, 30 F.3d 142 (10th Cir. 1994) (unpublished) (concluding that allegations were insufficient to survive a motion to dismiss involving a black inmate who was punished for a fight with a white inmate, and the white inmate was not punished).  This means that as a part of a plausible equal protection claim, a plaintiff must at least assert that she was treated differently from others.  The Tenth Circuit has noted that simply claiming discrimination does not meet this standard and that "[i]n the absence of any specific allegations of differential treatment, the Equal Protection claim is patently inadequate."  *Matelsky v. Gunn*, 15 F. App'x 686, 689 (10th Cir. 2001) (unpublished).

Plaintiff's amended complaint fails to state an equal protection claim because it fails to allege that she was treated differently from anyone else or that others would not have been arrested had they attempted to interfere in the arrest of a suspected shoplifter.  Even if she had met the minimum requirement to claim some disparate treatment, Plaintiff does not allege facts to suggest her arrest was based on the fact that she was Lithuanian.  Plaintiff does nothing more than allege that she once heard Perry say something about Russians[59] and that she was later arrested and convicted of a crime.  She makes no further connection between these actions.

Plaintiff's makes the conclusory allegation that this arrest occurred because she is Lithuanian, but she does not sufficiently plead facts to avoid dismissal of claim 7.  Nevertheless, even if she had alleged facts to suggest that Ricks and Perry directed the officers to arrest Plaintiff and that they had her national origin in mind when they did so, Plaintiff's amended complaint establishes a rational basis for the arrest decision.  Plaintiff asserts in her amended complaint that she saw officers arresting Castagnoli, that she tried to intervene, and that Castagnoli was able to escape.  Plaintiff was then charged and convicted for interfering in an arrest.  Additionally, while Plaintiff does not plead sufficient facts to suggest she was arrested because of her national origin, she does suggest that Lovendahl arrested her because she accused Lovendahl of sexual assault.  Again, Ricks and Perry did not participate in this alleged dispute, and there is no suggestion that any decision was made with Plaintiff's national origin in mind.

For those reasons, Plaintiff's allegations do not support an equal protection claim.  Accordingly, this claim should be dismissed with prejudice.

---

[59] *See id.* at ¶ 72 n.12.

24

**B.    Claim 10:  Right to Enjoy Life (Utah Constitution, Article 1, Section 1) Against Ricks and Perry**

The right to enjoy life is supported by the Utah Constitution and Utah Code § 34-34-2. However, that section of the Utah Code specifically states that "[t]he exercise of the right to work shall be protected and maintained free from undue restraints and coercion."  Utah Code § 34-34-2.  Furthermore, the purpose of that section is to promote the right to work without consideration of a person's "membership or nonmembership in any labor union, labor organization or any other type of association."  *Id*.

In *Board of Commissioners of Utah State Bar v. Petersen*, 937 P.2d 1263, 1268-69 (Utah 1997), the Utah Supreme Court considered a claim by person who was penalized for the unauthorized practice of law.  In that case, the plaintiff argued that an overbroad reading of the relevant statute restricted his right to work in violation of the Utah Constitution.  *See id*.  The Supreme Court called the plaintiff's arguments "absurd," explaining that although he was restricted from working in one capacity, the defendants in no way prohibited him from working in any other capacity.  *Id*.  Accordingly, the plaintiff could not support the state constitutional claim based on a constitutional provision and statute that provides a very narrow and rarely invoked protection.  *See id*.

In this case, Plaintiff's right to enjoy life claim is based on the alleged "false charge" and "malicious prosecution" which led to her paid suspension and decision to bar her from Deseret Industries stores.[60]  However, Plaintiff fails to allege how her suspension amounted to an undue restraint on her general right to work.  Plaintiff alleges that being put on paid leave was unlawful

---

[60] *Id*. at ¶ 161.

because it interfered with her right to work, but Plaintiff admits that she was not terminated but instead resigned from Deseret Industries.  Furthermore, even if she had been terminated, being terminated from one job simply does not support this claim.  If it did, any employee who claims they were unfairly terminated would be able to bring a valid right-to-life claim against the individuals who supposedly made the decision.  Utah law simply does not support this reading of the constitution and statute.

Plaintiff also fails to allege that the paid suspension was motivated or based upon Ricks and Perry's desire to interfere with her right to work.  Plaintiff asserts that she once heard Perry say something about Russians and that Ricks and Perry "falsely perceived [Plaintiff] to be a Russian citizen and resented and retaliated against" her for bringing "workplace issues to the attention of the Equal Employment Opportunity Commission."[61]  However, those conclusory allegations are unsupported by factual allegations and lack any connection with Ricks and Perry's alleged interference with Plaintiff's rights.  As stated in the amended complaint, Lovendahl solely made the decision to arrest Plaintiff and the authorities chose to prosecute her.[62]

For those reasons, claim 10 fails to state a claim upon which relief can be granted against Ricks and Perry.  Accordingly, claim 10 should be dismissed with prejudice.

---

[61] *Id*. at ¶ 72 n.12.

[62] *See id*. at ¶¶ 43-44, 54.

**C.     Claim 11:  Right to Free and Equal Access to Business Establishments (Utah Constitution, Article 1, Section 1) Against Ricks and Perry**

The right to free and equal access to business relations is supported by the Utah Constitution and Utah Code § 13-7-3.  Specifically, that section of the Utah Code states that "all persons within the jurisdiction of this state are free and equal and are entitled to full and equal accommodations, advantages, facilities, privileges, goods and services . . . without discrimination on the basis of race, color, sex, religion, ancestry or national origin."  Utah Code § 13-7-3.  If a complaint does not adequately plead facts that demonstrate that a person has been denied equal access to accommodations based on the plaintiff's "race, color, sex, religion, ancestry or national origin," it cannot survive a Rule 12(b)(6) motion.  *See MacAarthur v. San Juan Cty.*, 416 F. Supp. 2d 1098, 1182 (D. Utah 2005).

In this case, Plaintiff's cause of action for right to access asserts nothing more than conclusory statements, similar to her claim for the right to enjoy life.  Plaintiff alleges in claim 11 that the decision to bar her from Deseret Industries stores was based on her status as a "foreign national" and that it has deprived her of her "right to acquire property by way of purchasing goods at a Deseret Industries store."[63]  Beyond this, Plaintiff fails to allege facts establishing that the decision to bar her from Deseret Industries stores was motivated or based upon Ricks and Perry's illegal discrimination of Plaintiff.  The only allegation offered anywhere in the amended complaint to suggest that any decision made by Perry was motivated by Plaintiff's status as a foreign national is that Plaintiff once heard Perry say something about

---

[63] *Id*. at ¶ 169.

Russians.[64]  There are no allegations anywhere in the amended complaint to suggest that Ricks

ever considered or showed any animus toward Plaintiff's status as a foreign national.

Plaintiff simply does not meet her burden of alleging sufficient facts to demonstrate that

she was barred from Deseret Industries stores because of her national origin.  Rather, the

amended complaint demonstrates that the decision to bar her from Deseret Industries stores was

based on the fact that police officers arrested Plaintiff for committing a crime on Deseret

Industries property.

For those reasons, claim 11 fails to state a claim upon which relief can be granted against

Ricks and Perry.  Accordingly, claim 11 should be dismissed with prejudice.

### D.    Claim 16:  Intentional Infliction of Emotional Distress Against Ricks and Perry

Plaintiff's claim against Perry is precluded through claim preclusion, which requires:

"(1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in

both suites; and (3) identity of the cause of action in both suits."  *Yapp v. Excel Corp.*, 186 F.3d

1222, 1226 (10th Cir. 1999).  Plaintiff already brought an intentional infliction of emotional

distress claim against Perry in federal court based on her arrest, and the claim was dismissed.

*See Zemaitiene v. Corp. of Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints*,

No. 2:16-cv-1271-RJS, 2018 WL 1581252, at *3 (D. Utah March. 28, 2018).  Accordingly,

Plaintiff's claim against Perry here is precluded.

Additionally, for the same reasons set forth in Section I.B.6. above, claim 16 fails to state

a claim upon which relief can be granted.  Furthermore, Plaintiff has failed to allege sufficient

---

[64] *See id*. at ¶ 72 n.12.

facts to suggest that Ricks or Perry are liable for the misconduct alleged in claim 16.  Plaintiff alleges that the officers' decision to arrest her and then immediately let her go after she signed her citation, which citation resulted in a successful prosecution and conviction of a crime, meets the high burden of stating an intentional infliction of emotional distress claim.  Plaintiff has not alleged sufficient facts to demonstrate that Perry or Ricks were responsible for any of those decisions.  Plaintiff simply claims in a conclusory fashion that her arrest and subsequent prosecution were "outrageous."[65]  According to the amended complaint, those decisions were made independently by Lovendahl and the prosecutors.  Plaintiff has not alleged facts beyond mere speculation to suggest that Ricks or Perry were involved in the arrest and prosecution decisions.

For those reasons, claim 16 fails to state a claim upon which relief can be granted against Ricks and Perry.  Accordingly, claim 16 should be dismissed with prejudice.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, IT IS HEREBY RECOMMENDED:

1.     The motion to dismiss filed by Defendants Salt Lake County, UPD, Winder, Taylorsville City, Wyant, Knighton, and Lovendahl[66] be GRANTED

2.     Claims 1-5 and 7 be DISMISSED WITHOUT PREJUDICE as to Defendants Salt Lake County, UPD, Winder, Taylorsville City, Wyant, Knighton, and Lovendahl.

---

[65] *Id.* at ¶ 196.

[66] *See* ECF no. 52.

3.      Claims 6 and 8-17 be DISMISSED WITH PREJUDICE as to Defendants Salt

Lake County, UPD, Winder, Taylorsville City, Wyant, Knighton, and Lovendahl.

4.      The motion to dismiss filed by Defendants Ricks and Perry[67] be GRANTED

5.      All of Plaintiff's claims against Ricks and Perry (Claims 7, 10, 11, and 16) be

DISMISSED WITH PREJUDICE.

* * * * *

Copies of this Report and Recommendation are being sent to all parties, who are hereby

notified of their right to object.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The parties

must file any objection to this Report and Recommendation within fourteen (14) days after being

served with a copy of it.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to object may

constitute waiver of objections upon subsequent review.

DATED this 6th day of March, 2020.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[67] *See* ECF no. 53.

30