## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **KRISTINA ZEMAITIENE,** | **REPORT AND RECOMMENDATION** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:17-cv-00007-DAK-JCB** |
| **SALT LAKE COUNTY, et al.,** | **District Judge Dale A. Kimball** |
| **Defendants.** | **Magistrate Judge Jared C. Bennett** |

District Judge Dale A. Kimball referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  Due to Judge Warner's retirement, this case is now referred to Magistrate Judge Jared C. Bennett.[2]  Before the court are: (1) Plaintiff Kristina Zemaitiene's ("Ms. Zemaitiene") motion to strike[3] and (2) Defendant Off Duty Services, Inc.'s ("ODS") motion to dismiss under Fed. R. Civ. P. 12(b)(6).[4]

The court has carefully reviewed the written memoranda submitted on the above-referenced motions.  Under DUCivR 7-1(f), the court has concluded that oral argument is not necessary and, therefore, decides the motions on the written memoranda.  Based upon the

---

[1] ECF No. 11.

[2] ECF No. 70.

[3] ECF No. 73.

[4] ECF No. 72.

analysis set forth below, the court recommends denying Ms. Zemaitiene's motion to strike and granting ODS's motion to dismiss.[5]

## BACKGROUND[6]

Ms. Zemaitiene worked for Defendant Corporation of the Presiding Bishop of The Church of Jesus Christ of Latter-day Saints dba Deseret Industries ("Deseret Industries") in 2014.[7]  On December 27, 2014, Joel Knighton ("Mr. Knighton") and Denise Lovendahl ("Ms. Lovendahl") of the Unified Police Department, Taylorsville Precinct stopped shoplifting suspect Hernan Castagnoli ("Mr. Castagnoli") in the parking lot of the Deseret Industries store located at 825 East 9400 South, Sandy, Utah ("Incident").[8]  At the time of the Incident, Mr. Knighton and Ms. Lovendahl were not on duty as police officers but were working as plain-clothes security officers for ODS.[9]  ODS employs police officers to provide private security services as an independent contractor for businesses like Deseret Industries.[10]

---

[5] At the outset, the court recognizes that Ms. Zemaitiene is proceeding pro se in this case. Consequently, the court will construe her pleadings liberally.  *See e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[6] In reciting the following background, the court assumes all of the allegations in Ms. Zemaitiene's amended complaint are true, as it is required to do when considering a motion to dismiss under Rule 12(b)(6).  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[7] ECF No. 28 at ¶ 29.

[8] *Id*. at ¶ 27.

[9] *Id*. at ¶ 28.

[10] *Id*.

Ms. Zemaitiene observed Mr. Knighton and Ms. Lovendahl apprehending Mr. Castagnoli on the date of the Incident.[11]  Ms. Zemaitiene alleges that she ran toward Mr. Knighton and Ms. Lovendahl to assist Mr. Castagnoli because Ms. Zemaitiene believed Mr. Castagnoli was being assaulted.[12]  Once Ms. Zemaitiene arrived, Mr. Castagnoli fled from the scene.[13]

Mr. Knighton and Ms. Lovendahl identified themselves to Ms. Zemaitiene as "undercover police officers working security at the store."[14]  Around the same time, Ms. Lovendahl approached Ms. Zemaitiene, and Ms. Lovendahl pulled her police badge that was hung around her neck from beneath her shirt and made physical contact with Ms. Zemaitiene.[15] Mr. Knighton and Ms. Lovendahl then started walking back into the store.[16]

Thereafter, Ms. Zemaitiene entered the store and observed Mr. Knighton and Ms. Lovendahl talking to a store employee, Brannon Bai ("Mr. Bai"), in the main office of the store.[17]  Ms. Zemaitiene proceeded to explain to Mr. Bai that she had witnessed Mr. Knighton

---

[11] *Id.* at ¶ 30.

[12] *Id.* at ¶¶ 31-33.

[13] *Id.* at ¶ 34.

[14] *Id.* at ¶ 35.

[15] *Id.* at ¶ 36.

[16] *Id.* at ¶ 37.

[17] *Id.* at ¶¶ 38-40.

and Ms. Lovendahl assaulting a store customer.[18]  Mr. Bai told Ms. Zemaitiene to exit the office and wait in the hall.[19]

During Ms. Zemaitiene's wait, Rick Ricks ("Mr. Ricks"), an assistant store manager, and Melanie Perry, a store job coach, entered the office, and Mr. Bai left the office.[20]  After about ten minutes, Ms. Zemaitiene reentered the office and asked for permission to report the Incident.[21] With permission from Mr. Ricks, Ms. Zemaitiene described the Incident and accused Ms. Lovendahl of sexual assault during the Incident.[22]

Ms. Zemaitiene alleges that "[u]pon the accusation" of sexual assault, Ms. Lovendahl arrested Ms. Zemaitiene and informed her that she was being charged with interfering with Mr. Castagnoli's arrest.[23]  Ms. Lovendahl then handcuffed Ms. Zemaitiene and took her into custody in the office.[24]  After searching Ms. Zemaitiene's purse, Ms. Lovendahl found Ms. Zemaitiene's driver license, which Ms. Lovendahl used to complete Ms. Zemaitiene's citation for interfering with Mr. Castagnoli's arrest.[25]  Ms. Zemaitiene refused to sign the citation because she did not understand everything that was written on the citation and was afraid that signing the citation

---

[18] *Id*. at ¶ 41.

[19] *Id*.

[20] *Id*. at ¶ 42.

[21] *Id*. at ¶ 43.

[22] *Id*. at ¶ 44.

[23] *Id*. at ¶ 45.

[24] *Id*. at ¶ 46.

[25] *Id*. at ¶ 47.

would constitute an admission of guilt.[26]  Ms. Lovendahl later informed Ms. Zemaitiene that signing the citation did not constitute an admission of guilt but rather an acknowledgement of receiving the citation.[27]  Based upon Ms. Zemaitiene's request, Ms. Lovendahl removed Ms. Zemaitiene's handcuffs and allowed her to sign the citation.[28]  After signing the citation, Ms. Zemaitiene was given a copy of it and was released.[29]

During the issuance of Ms. Zemaitiene's citation, Mr. Ricks informed Ms. Zemaitiene that he was suspending her from work and barring her from all Deseret Industries stores.[30]  A few days later, Ms. Zemaitiene voluntarily resigned from Deseret Industries.[31]

Ms. Zemaitiene was eventually charged in justice court with interfering with an arresting officer under Utah Code § 76-8-305.[32]  Mr. Castagnoli was also charged with interfering with an arresting officer, as well as retail theft.[33]  Both of Mr. Castagnoli's charges were later dismissed with prejudice by the justice court at the prosecutor's request.[34]  Ms. Zemaitiene's charge was

---

[26] *Id.* at ¶ 49.

[27] *Id.* at ¶ 51.

[28] *Id.* at ¶¶ 51-52.

[29] *Id.* at ¶ 53.

[30] *Id.* at ¶ 48.

[31] *Id.* at ¶ 161.

[32] *Id.* at ¶ 54.

[33] *Id.* at ¶ 55.

[34] *Id.* at ¶ 56.

not dismissed.[35]  Prior to Ms. Zemaitiene's jury trial in justice court, the prosecutor amended Ms.

Zemaitiene's misdemeanor charge to an infraction.[36]  Ms. Zemaitiene was convicted of

interference with an arresting officer in justice court and then again following a trial de novo in

district court.[37]

Ms. Zemaitiene filed her original complaint in this action on January 10, 2017,[38] and an

amended complaint on March 16, 2018.[39]  In her amended complaint, Ms. Zemaitiene alleges 17

causes of action against the various named Defendants.  Only the following of those causes of

action are asserted against ODS: (A) claims under 42 U.S.C. § 1983 for "Civil Conspiracy to

Violate the Right to Equal Protection" under the Fourteenth Amendment[40] and "Deliberately

Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the First,

Fourth, Fifth[,] and Fourteenth Amendments";[41] and (B) a "State Law Claim (Respondeat

Superior)."[42]  After being served with the complaint on June 11, 2020,[43] ODS filed its motion to

---

[35] *Id*. at ¶ 57.

[36] *Id*. at ¶ 58.

[37] *Id*. at ¶ 59.

[38] ECF No. 3.

[39] ECF No. 28.  Ms. Zemaitiene's amended complaint was filed with leave of court.  ECF No. 26.

[40] ECF No. 28 at ¶¶ 134-40.

[41] *Id*. at ¶¶ 141-50.

[42] *Id*. at ¶¶ 200-04.

[43] Because Ms. Zemaitiene is proceeding in forma pauperis in this case under 28 U.S.C. § 1915, ECF No. 2, the officers of the court are responsible for issuing and serving all process and performing all duties related to service of process.  28 U.S.C. § 1915(d).  The court originally ordered service of process on February 14, 2019.  ECF No. 34.  ODS was served with Ms.

dismiss on July 13, 2020.[44]  Ms. Zemaitiene did not file a substantive response to ODS's motion, but instead filed her motion to strike ODS's motion on July 27, 2020.[45]  ODS filed its opposition to Ms. Zemaitiene's motion on August 6, 2020.[46]  Ms. Zemaitiene did not reply.

## LEGAL STANDARDS

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Iqbal,* 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A court should "assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief."  *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).  Thus, "the complaint must give the court reason to believe that this plaintiff has reasonable likelihood of

---

Zemaitiene's amended complaint on April 2, 2019.  ECF No. 45.  When ODS did not file a timely response to the amended complaint, Ms. Zemaitiene moved for entry of default against ODS on June 6, 2019.  ECF No. 55.  On July 25, 2019, the Clerk of the Court denied Ms. Zemaitiene's motion because the method of service used for ODS was insufficient under Fed. R. Civ. P. 4.  ECF No. 61.  As a result, on May 21, 2020, the court ordered personal service of the summons and complaint upon ODS and extended the time for service under Fed. R. Civ. P. 4. ECF No. 67.  ODS was then properly served with the complaint on June 11, 2020.  ECF No. 71.

[44] ECF No. 72.

[45] ECF No. 73.

[46] ECF No. 74.

mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis omitted).

In analyzing Ms. Zemaitiene's amended complaint, the court is mindful that she is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *id.* at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

## <u>ANALYSIS</u>

As noted above, before the court are: (1) Ms. Zemaitiene's motion to strike and (2) ODS's motion to dismiss under Rule 12(b)(6). The court addresses those matters in turn below. For the following reasons, the court recommends denying Ms. Zemaitiene's motion to strike and granting ODS's motion to dismiss.

### I.    Ms. Zemaitiene's Motion to Strike Should Be Denied.

Ms. Zemaitiene seeks to strike ODS's motion to dismiss because it was filed after ODS's deadline for filing an answer to her amended complaint. The court recommends denying Ms. Zemaitiene's motion for two reasons.

First, Ms. Zemaitiene's motion is procedurally improper. "[N]o provision in the [Federal Rules of Civil Procedure] authorizes motions to strike other motions." *Sevier v. Thompson*, No. 2:16-CV-00659-DN-EJF, 2017 WL 11528738, at *1 (D. Utah Oct. 13, 2017) (noting that "courts in the Tenth Circuit have repeatedly denied motions to strike other motions"). Although the

court recognizes that Ms. Zemaitiene is proceeding pro se, that does not excuse her from complying with the Federal Rules of Civil Procedure. *See, e.g.*, *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) ("[*P*]*ro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'") (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

Second, the court agrees with ODS's argument that the untimely filing of its motion to dismiss is harmless. Ms. Zemaitiene has not shown any prejudice resulting from the untimely filing and, as ODS notes, it could repeat the same arguments from its motion to dismiss through a different procedural vehicle such as a motion for judgment on the pleadings. *See, e.g.*, *Tarbet v. Miller*, No. 2:05-CV-00635 PGC, 2006 WL 1982747, at *2 (D. Utah July 13, 2006) (treating the defendants' untimely motion to dismiss as if it were a motion for judgment on the pleadings). Even if ODS's motion to dismiss were converted to a motion to judgment on the pleadings, it would be granted for the reasons discussed below. Therefore, Ms. Zemaitiene's motion to strike fails.

## II.   ODS's Motion to Dismiss Should Be Granted.

As an initial matter, the court notes that Ms. Zemaitiene did not file a substantive response to ODS's motion to dismiss. For that reason alone, the court could recommend granting the motion. DUCivR 7-1(d) ("Failure to respond timely to a motion, other than for summary judgment, may result in the court's granting the motion without further notice.").

However, out of an abundance of caution for Ms. Zemaitiene's pro se status, the court will consider the merits of ODS's motion below.

As noted above, Ms. Zemaitiene asserts the following claims against ODS: (A) claims under section 1983 for "Civil Conspiracy to Violate the Right to Equal Protection" under the Fourteenth Amendment[47] and "Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the First, Fourth, Fifth[,] and Fourteenth Amendments";[48] and (B) a "State Law Claim (Respondeat Superior)."[49]  ODS argues that those claims should be dismissed under Rule 12(b)(6).  For the following reasons, the court agrees and recommends granting ODS's motion to dismiss.[50]

### A.   Ms. Zemaitiene Fails to State Claims Under Section 1983.

Ms. Zemaitiene makes the unsupported allegation that ODS acted under "color of law" in several portions of her amended complaint.[51]  However, she also alleges that ODS "was and is a private entity"[52] and that ODS is "a private security company"[53] that contracted with Deseret Industries at the time of the Incident.  Thus, both of Ms. Zemaitiene's claims under section 1983

---

[47] ECF No. 28 at ¶¶ 134-40.

[48] *Id*. at ¶¶ 141-50.

[49] *Id*. at ¶¶ 200-04.

[50] A motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is governed by the same standards as a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.  *Mock v. T.G. & Y. Stores Co*., 971 F.2d 522, 528 (10th Cir. 1992).

[51] ECF No. 28 at ¶¶ 16, 20.

[52] *Id*. at ¶ 16.

[53] *Id*. at ¶ 28.

must fail because they are asserted against a private entity, which is not subject to the strictures of section 1983. *Hunter v. Midland Mortg.*, No. CV-15-1266-R, 2015 WL 8207522, at *1 (W.D. Okla. Dec. 7, 2015) ("Plaintiff's reliance on 42 U.S.C. § 1983 is misplaced, because § 1983 creates a private cause of action when persons acting under color of state law violate a person's constitutional rights.  A private person is not liable under 42 U.S.C. § 1983, and therefore Plaintiff cannot rely on this section to invoke the Court's jurisdiction.").

Although true that, in some cases, a non-state actor can be held liable for civil rights violations under section 1983 if it conspired with a state actor in committing those violations, *see, e.g.*, *Crabtree ex rel. Crabtree v. Muchmore*, 904 F.2d 1475, 1480-81 (10th Cir. 1990), Ms. Zemaitiene fails to make the requisite factual allegations to plead such a conspiracy.  Indeed, "mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action." *Id.* (quotations and citations omitted).  Ms. Zemaitiene's conclusory allegations fail to show any sort of agreement or concerted action among ODS and any state actor.  Accordingly, Ms. Zemaitiene has failed to state any claims under section 1983, and those claims should be dismissed with prejudice.

**B.      Ms. Zemaitiene's Respondeat Superior Claim Fails.**

Because Ms. Zemaitiene cannot state a cause of action under section 1983, her respondeat superior liability claims necessarily fails too.  In the Tenth Circuit, "a private actor 'cannot be held liable *solely* because it employs a tortfeasor—or, in other words . . . cannot be held liable under § 1983 on a *respondeat superior* theory.'" *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (quoting *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 691

(1978)) (alteration in original). Instead "[p]ersonal participation" must be shown. *Lessman v. McCormick*, 591 F.2d 605, 612 (10th Cir. 1979).

Here, Ms. Zemaitiene's alleges that ODS is liable under a respondeat superior theory solely because Mr. Knighton and Ms. Lovendahl were employed by ODS at the time of the Incident. Ms. Zemaitiene does not include any specific allegations concerning ODS's personal participation. Thus, her respondeat superior claim fails and should be dismissed with prejudice.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, IT IS HEREBY RECOMMENDED:

1.    Ms. Zemaitiene's motion to strike[54] be DENIED.

2.    ODS's motion to dismiss under Rule 12(b)(6)[55] be GRANTED.

3.    Ms. Zemaitiene's claims in this action against ODS be DISMISSED WITH PREJUDICE.

\* \* \* \* \*

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within 14 days after being served with a copy of it. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

---

[54] ECF No. 73.

[55] ECF No. 72.

DATED September 24, 2020.

                          BY THE COURT:


                          _____
                          JARED C. BENNETT
                          United States Magistrate Judge