Thomas D. Walk, #5555
Swen R. Swenson, #12683
Eli W. McCann, #13798
KIRTON McCONKIE
Key Bank Tower
36 South State Street, Suite 1900
P.O. Box 45120
Salt Lake City, Utah  84145-0120
Telephone: (801) 328-3600
Facsimile: (801) 321-4893
twalk@kmclaw.com
sswenson@kmclaw.com
emccann@kmkclaw.com

Attorneys for defendant Corporation of the Presiding Bishop of The Church of Jesus Christ of
Latter-day Saints dba Deseret Industries

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | | |
|---|---|---|
| KRISTINA ZEMAITIENE, individually, | : | **DEFENDANT CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS'S MOTION FOR SUMMARY JUDGMENT** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SALT LAKE COUNTY, POLICE CHIEF JAMES WINDER, UNIFIED POLICE DEPARTMENT OF GREATER SALT LAKE, CITY OF TAYLORSVILLE PECINCT CHIEF TRACY WYANT, CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, dba Deseret Industries; POLICE OFFICERS JOEL KNIGHTON AND DENISE LOVENDAHL, | : | Case No.  2:17-cv-00007 |
| | : | Judge Dale A. Kimball |
| | : | Magistrate Judge Jared C. Bennett |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | | |

## I.     INTRODUCTION AND RELIEF SOUGHT

Defendant Corporation of the Presiding Bishop of The Church of Jesus Christ of Latter-day Saints dba Deseret Industries[1] ("Deseret Industries" or "Defendant") pursuant to Federal Rule of Civil Procedure 56(a) and DUCivR 56-1, moves for summary judgment on all of Plaintiff Kristina Zemaitiene's ("Plaintiff") claims brought against Deseret Industries in the underlying Complaint.

Plaintiff alleges violations of her federal constitutional rights, as well as several state causes of action relative to her arrest on Deseret Industries's property and her subsequent prosecution and conviction after she interfered with two off-duty police officers while they attempted to arrest a shoplifter.  Plaintiff brought her various state tort claims and claims under 42 U.S.C. Section 1983 against Deseret Industries, two employees of Deseret Industries, the off-duty police officers, the company that employed the officers, and several state agencies. All defendants apart from Deseret Industries have since been dismissed from this case. The only Causes of Action remaining against Deseret Industries are the Seventh (a Section 1983 claim for civil conspiracy to violate the Equal Protection Clause of the Fourteenth Amendment), the Eighth (a Section 1983 claim for deliberately indifferent practices and policies allegedly in violation of several Constitutional rights), and the Seventeenth (a respondeat superior claim relative to the underlying actions of the off-duty police officers).

The record demonstrates no genuine issue of material fact upon which Deseret Industries may be subject to Section 1983 liability; Plaintiff's Section 1983 claims are barred, as this Court has already determined, due to her conviction on the charges underlying her claims. Even if the

---

[1] Since Plaintiff filed this lawsuit, Defendant's legal name has been changed to "The Church of Jesus Christ of Latter-day Saints, a Utah Corporation Sole.

claims were not barred, Plaintiff cannot demonstrate that Deseret Industries acted under the color of state authority or that any of her complained-of injuries were a result of Deseret Industries's policies or procedures, sufficient to render Deseret Industries an appropriate Section 1983 defendant.

Finally, Plaintiff's respondeat superior claims must be dismissed, as the claims against each of the individuals through which Plaintiff asserts respondeat superior have already been dismissed. But even if Plaintiff could maintain her claims against the off-duty officers or government agencies, all of the actions relative to her arrest and conviction were done either by independent contractors or by entirely independent state agencies and were in no way performed under the supervision, policies, or procedures of Deseret Industries. Accordingly, all of Plaintiff's claims against Deseret Industries must be dismissed.

## II.      BACKGROUND

Plaintiff, began working for Deseret Industries in November of 2013 as a part of Deseret Industries's Associate Training Program. On December 27, 2014, Joel Knighton and Denise Lovendahl attempted to arrest a suspected shoplifter in Deseret Industries's parking lot. Knighton and Lovendahl were not employees of Deseret Industries but rather off-duty police officers who were dispatched to Deseret Industries as security personnel by Off Duty Services, Inc., a third party company with whom Deseret Industries contracts for this purpose.

Unbeknownst to Deseret Industries, Knighton and Lovendahl were in pursuit of the suspected shoplifter when they were interrupted by Defendant, who very aggressively attempted to stop Knighton and Lovendahl from apprehending the suspect. Knighton and Lovendahl assert that they repeatedly informed Plaintiff that they were police officers, showing her their badges, and demanding that she not interfere with their attempt to apprehend the suspect. Plaintiff

reportedly refused to comply with Knighton's and Lovendahl's direction, charging at the officers, yelling at them, and grabbing Lovehndahl's arm.   Because of Plaintiff's interference in the incident, the suspect escaped to his car and drove away.

Plaintiff contends that the police officers "chest-bumped" her when she interfered with the arrest.  The officers retreated to the store to inform Deseret Industries management of the incident that had taken place in the parking lot.  Plaintiff followed them.  Once inside, Knighton, Lovendahl, and Plaintiff each attempted to explain to Deseret Industries management their version of the story. Deseret Industries management spoke with the officers and with Plaintiff; Plaintiff states that she told management that one of the officers sexually assaulted her during the altercation when she chest-bumped Plaintiff.

The officers ultimately arrested Plaintiff for interfering with an arrest; they also trespassed Plaintiff from all Deseret Industries stores. On January 2, 2015, Plaintiff sent Deseret Industries a letter of resignation.   Plaintiff was convicted after a bench trial on March 27, 2017 and was subsequently unsuccessful on her several attempts at appeal.

Plaintiff thereafter filed her Complaint and then Amended Complaint against Deseret Industries, Deseret Industries's supervising employees who were at the store on the day of Plaintiff's arrest, the arresting officers, Off-Duty Services, and some state agencies. All of the claims in Plaintiff's Amended Complaint concern her arrest, prosecution, and conviction. This Court has dismissed all of the claims against all of the parties apart from Deseret Industries on the basis that they are barred due to Plaintiff's conviction and/or that Plaintiff has otherwise failed to state a claim that could support any of her causes of action.

Plaintiff's Seventh Cause of Action alleges a Section 1983 claim against Deseret Industries for Civil Conspiracy to Violate the Right to Equal Protection due to Plaintiff's arrest and

conviction, which she asserts was directed by or executed in consultation with Deseret Industries. Plaintiff's Eighth Cause of Action alleges a Section 1983 claim against Deseret Industries and the police officers for deliberately indifferent policies in training the officers, which she alleges resulted in her arrest and conviction in violation of the First, Fourth, Fifth, and Fourteenth Amendments. Plaintiff further alleges, through the theory of respondeat superior, liability against Deseret Industries for the actions of former Defendants Knighton, Lovendahl, Ricks, and Perry in her Seventeenth Cause of Action, again all based on the actions around her arrest and conviction.

## III.   STATEMENT OF UNDISPUTED MATERIAL FACTS

1.      Defendant is a private humanitarian organization and a dba of The Church of Jesus Christ of Latter-day Saints, a Utah corporation sole.

2.      In 2014 Plaintiff was working for Deseret Industries in its Sandy retail store as a part of its Associate Training Program ("Program"). *See* Amended Complaint ¶ 29.

3.      During Plaintiff's employment with Deseret Industries, Deseret Industries retained Off Duty Services, Inc. ("Off Duty") as an independent contractor to provide security services for Deseret Industries's Sandy store. *See* Affidavit of Charles Horton included as Exhibit A at ¶ 3; Affidavit of Mary Montalbo included as Exhibit B at ¶ 3.

4.      Off Duty employs security guards to provide security services for its clients. *See* Exhibit A at ¶¶ 3–4.

5.      Joel Knighton and Denise Lovendahl were employees of Off Duty in and around 2014 and they were on occasion assigned by Off Duty to provide undercover security for Deseret Industries's Sandy store. *See* Exhibit A at ¶ 6; Exhibit B at ¶ 6.

6.      While at Deseret Industries's Sandy store, Knighton and Lovendhal did not act under any policies or supervision of Deseret Industries or Deseret Industries's employees. *See* Exhibit A generally; Exhibit B generally.

7.      Deseret Industries had no control or supervisory authority over the means or methods of Knighton and Lovendhal's work on or near Deseret Industries's property. *See* Exhibit A generally; Exhibit B generally.

8.      On December 27, 2014, Plaintiff was in the parking lot of the Sandy store when she saw Knighton or Lovendahl attempting to apprehend a suspected shoplifter. *See* Amended Complaint ¶ 27.

9.      Knighton and Lovendahl were in pursuit of the suspected shoplifter when Plaintiff saw them. *See* Statement of Denise Ikemiyashiro[2] included as Exhibit C.

10.      Plaintiff approached the officers and very aggressively attempted to intervene and stop the arrest. *See* Exhibit C

11.      Knighton and Lovendahl assert that they repeatedly informed Plaintiff that they were police officers, showing her their badges, and demanding that she not interfere with their attempt to apprehend the suspect. *See* Exhibit C.

12.      Plaintiff refused to comply with Knighton's and Lovendahl's direction, charging the officers, yelling at them, and grabbing Lovendahl's arm. *See* Exhibit C.

13.      Because of Plaintiff's interference in the incident, the suspect escaped to his car and drove away. *See* Exhibit C.

14.      Plaintiff contends that the police officers "chest-bumped" her when she interfered with the arrest. *See* Amended Complaint ¶ 36.

---

[2] Denise Lovendahl's surname at the time she issued this statement was Ikemiyashiro.

15.     The officers retreated to the store to inform Deseret Industries management of the incident that had taken place in the parking lot. *See* Amended Complaint ¶¶ 37–39.

16.     Plaintiff followed the officers into the store. *See* Amended Complaint ¶ 38.

17.     Once inside, Knighton, Lovendahl, and Plaintiff each attempted to explain to Deseret Industries management their version of the story. *See* Amended Complaint ¶¶ 40–41.

18.     Deseret Industries management spoke with the officers and with Plaintiff; Plaintiff states that she told management that one of the officers sexually assaulted her during the altercation when she chest-bumped Plaintiff. *See* Amended Complaint ¶ 44.

19.     The officers ultimately arrested Plaintiff for interfering with the attempted arrest in the parking lot; they also trespassed Plaintiff from all Deseret Industries stores. *See* Amended Complaint ¶¶ 45–48.

20.     On January 2, 2015, Plaintiff sent Deseret Industries a letter of resignation from her position as a Deseret Industries Associate. *See* Exhibit D.

21.     Deseret Industries did not direct Knighton or Lovendahl to arrest or pursue charges against Plaintiff, and Defendant had no authority to do so anyway. *See* Exhibit B at ¶¶ 5, 13; Exhibit A at ¶ 5.

22.     Deseret Industries did not direct Knighton or Lovendahl to trespass Plaintiff from the property. *See* Exhibit B at ¶ 13.

23.     Deseret Industries had no interaction with Knighton, Lovendahl, the prosecutor's office, or the police department regarding the pursuit of criminal charges against Plaintiff. *See* Exhibit B, ¶ 13.

24.     Knighton and Lovendahl were acting under the scope of their employment with Off Duty Services, Inc. during the alleged incident subject of Plaintiff's Amended Complaint. *See* Exhibit A generally; Exhibit B generally.

25.     Knighton and Lovendhal have never been employees of Deseret Industries. *See* Exhibit B, ¶ 11.

26.     Deseret Industries did not pay the salaries of Knighton and Lovendahl; rather, Deseret Industries paid a contract fee to Off Duty Services, Inc. who then provided security services to Deseret Industries. *See* Exhibit B, ¶ 6; Exhibit A at ¶ 8.

27.     Deseret Industries had no authority to hire or fire Knighton or Lovendahl or any other Off Duty Services, Inc. employee. *See* Exhibit A at ¶ 9; Exhibit B at ¶ 5.

28.     Deseret Industries did not supply Knighton or Lovendahl with any supplies to aide them in completing their work. *See* Exhibit B at ¶ 8.

29.     Deseret Industries was unaware of Knighton or Lovendahl's interaction with Plaintiff until Knighton, Lovendahl, and Plaintiff reported the incident described in Plaintiff's Amended Complaint. *See* Amended Complaint ¶¶ 40–43.

30.     Plaintiff was convicted for her interference with an arrest in the Sandy Justice Court on May 4, 2016. *See* Zemaitiene Sandy Justice Court Docket, attached as Exhibit E.

31.     Following a de novo trial on the same charges, Plaintiff was convicted again in Third District Court on March 27, 2017. *See* Zemaitiene Third District Court Docket, attached as Exhibit F.

32.     All of the other defendants Plaintiff named in her Amended Complaint moved to dismiss the claims against them on the bases that Plaintiff's claims were barred under *Heck v. Humphrey*, 512 U.S. 477 (1994) due to her conviction on the charges underlying her arrest and

because Plaintiff failed to adequately state any claims under Section 1983 or otherwise; the Court has granted each of these Motions, finding that Plaintiff's claims related to her arrest and conviction are barred and that Plaintiff has otherwise failed to state any claims relative to the same. *See* dkt at 63, 79, 80.

## IV.   ARGUMENT

Deseret Industries brings this Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Summary judgment must be granted to the moving party when the record shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(A); *see also Jones v. Salt Lake County*, 503 F.3d 1147, 1152–53 (10th Cir. 2007).  Defendant has the initial burden to establish the absence of material fact to support the non-moving party's claims. *Jensen v. Kimble*, 1 F.3d 1073, 1076 (10th Cir. 1993 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  In doing so, Deseret Industries may cite to materials in the record, including affidavits, that establish that no genuine issue of material fact exists upon which Plaintiff can prevail on her claims.  Fed. R. Civ. P. 56(c)(1)(A)–(B).

Once Deseret Industries's burden is met, the burden shifts to Plaintiff to demonstrate a genuine issue of material fact.  *Celotex Corp.*, 477 U.S. at 324.  In responding to the Motion, Plaintiff may not rely on the bare allegations from her Amended Complaint, but rather must "designate specific facts showing there is a genuine issue for trial."  *Id.* (citation and internal quotation marks omitted).  If Plaintiff fails to meet her burden as to one element of a claim, summary judgment is appropriate on the claim. *Id.* at 323.

Plaintiff alleges two Causes of Action (the Seventh and Eighth) against Deseret Industries under Section 1983 relative to the off-duty police officers' decision to arrest Plaintiff and the

government's determination to charge Plaintiff for interfering with an arrest.  Plaintiff also asserts state respondeat superior liability through her Seventeenth Cause of Action against Deseret Industries for each of the other Section 1983 and state causes of action against the police officers and two Deseret Industries employees listed in her Amended Complaint.

The Section 1983 claims against Deseret Industries should be dismissed; these identical claims have already been dismissed as they were alleged against the other defendants in this case, because they are barred due to Plaintiff's conviction on the charges from her arrest. Additionally, Deseret Industries is not a proper Section 1983 defendant as it is not a state actor and the record does not demonstrate Plaintiff's arrest or conviction were the result of any policies or procedures of Deseret Industries. Further, where all of the Causes of Action against the individuals through which Plaintiff asserts her respondeat superior claims have been dismissed, the respondeat superior claims against Deseret Industries should similarly be dismissed. Finally, even if Plaintiff's claims were not barred due to her conviction and even if Plaintiff had sufficiently stated any claim based on her arrest and conviction, all of the relevant complained-of actions were performed by independent contractors of Deseret Industries or entirely independent state actors, *not* by employees of Deseret Industries or by anyone acting under Deseret Industries's supervision, control, policies, or procedures.

A.    **Plaintiff's Seventh and Eighth Causes of Action against Deseret Industries should be dismissed because they are barred by *Heck v. Humphrey*.**

Plaintiff's Seventh and Eighth Causes of Action are deficient as a matter of law because they are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). In that case, the U.S. Supreme Court held that a plaintiff who has been convicted of a crime is prohibited from recovering damages under Section 1983 for the arrest and prosecution of that crime "if a favorable judgment would necessarily imply the invalidity of his conviction unless the conviction has been

invalidated." *Williams v. Weber Cty.*, 562 F. App'x 621, 622 (10th Cir. 2014) (discussing the holding of *Heck*). As this Court has already acknowledged in granting the other Defendants' Motions to Dismiss, a favorable judgment on Plaintiff's Seventh or Eighth Causes of Action would necessarily imply the invalidity of her convictions and, here, those convictions have not been invalidated. In fact, they have been twice affirmed. Plaintiff was convicted of interference with an arrest in the Sandy Justice Court on May 4, 2016. *See* Statement of Facts at ¶ 30. Plaintiff was again convicted of the same charges following a de novo trial in the Third District Court on March 27, 2017. *See* Statement of Facts at ¶ 31.

Plaintiff has routinely asserted throughout her various actions before the federal courts that her arrest and conviction were improper and therefore should be disregarded by the Court in reviewing her civil claims. A belief that a conviction is "null and void" does not preclude the application of *Heck* to this case. The *Heck* court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence **has been** reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (emphasis added). The Supreme Court contemplated that a Section 1983 plaintiff may try to argue that the conviction or sentence *should* be reversed but clarified that unless and until the underlying conviction or sentence *is* invalidated, the Section 1983 claim is not cognizable. *Id.* ("A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."). Accordingly, as this Court already determined, Plaintiff's Seventh and Eighth Causes of Action should be dismissed.

**B.** **Plaintiff's Section 1983 claims against Deseret Industries should be dismissed because Deseret Industries is not a state actor, nor is it responsible for any of the actions of any state actor referenced in Plaintiff's Amended Complaint.**

Even if Plaintiff's Section 1983 claims were not barred by *Heck*, to whatever extent Plaintiff alleges Section 1983 liability directly against Defendant (other than through respondeat superior), Deseret Industries was not a state actor and none of the alleged actions were conducted pursuant to Deseret Industries's policy, procedure, or direction. Accordingly, her claims should be dismissed.

**1.** **Deseret Industries is not a state actor.**

While Deseret Industries ardently disputes any contention, no matter how broad, that it in any way violated any of Plaintiff's Constitutional or statutory rights, it notes at this time that a Section 1983 claim cannot succeed against it because Deseret Industries is not a state actor as would be required in order to bring a proper Section 1983 claim against it.

42 U.S.C. § 1983 provides a cause of action to plaintiffs for federal Constitutional or statutory violations of rights committed by any "person" acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." An organization or entity may be considered a "person" under Section 1983, but only for its unconstitutional or illegal policies, not for the actions of individuals. *Monell v. Dept. of Soc. Svcs.*, 436 U.S. 658, 707–08 (1978). "[T]he only proper defendants in a section 1983 claim are those who represent [the state] in some capacity, whether they act in accordance with their authority or misuse it." *Gallaher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) (citations and internal quotation marks omitted).

Importantly, the Tenth Circuit has declined to consider merchants to be "state actors" for Section 1983 purposes even when the merchant's security guards apprehended suspects of a crime,

the merchant made a citizen's arrest, and the merchant coordinated efforts with state police officers to respond to activity taking place on the merchant's property. *See Jones v. Wal-Mart Stores, Inc.*, 1995 WL 387887 (10th Cir. 1994) (wherein the store was not considered a state actor for Section 1983 purposes even though one of its security guards who detained a suspected shoplifter was an off-duty police officer).

Here, Deseret Industries is a private entity, not a state actor. *See* Statement of Facts at ¶ 1. Knighton and Lovendahl were independent contractor security personnel providing services to Deseret Industries. *See* Statement of Facts at ¶¶ 3–7, 21–29. As discussed at length in Part C, Deseret Industries did not direct the actions of Knighton and Lovendahl, nor did Deseret Industries take on the role of a state actor in any way. *See id.* Unlike the merchant in *Jones*, Deseret Industries did not even make a citizen's arrest of Plaintiff or contact the police relative to the incident. *Id.* Rather, by Plaintiff's own account, as detailed in her Amended Complaint, (1) an incident occurred on Deseret Industries's property between Plaintiff, Knighton, and Lovendahl, (2) the three reported this incident to Deseret Industries, and (3) Knighton and Lovendahl independently determined to arrest Plaintiff and pursue charges relative to the incident. *See* Statement of Facts at ¶ 8–19. In no way did Deseret Industries assume the role of a state actor, and accordingly, Plaintiff cannot maintain any Section 1983 actions against Deseret Industries.

### 2. None of the actions complained of in Plaintiff's Amended Complaint were committed under any policy, procedure, or direction of Deseret Industries.

As discussed in Part C, the actions subject of Plaintiff's Amended Complaint relative to the detention and prosecution of Plaintiff were performed by independent contractors and entirely separate state agencies, *not* under any policy, procedure, or direction of Deseret Industries. Plaintiff's claims under Section 1983 alleging constitutional violations through Deseret Industries's policies, procedures, training, and supervision cannot stand if the acts that gave rise to

the alleged violations cannot be traced to Deseret Industries's policies, procedures, training, and supervision. *See Monell v. Dept. of Soc. Svcs.*, 436 U.S. 658, 707–08 (1978). As articulated throughout this Memorandum, there is simply no dispute of material fact under which a reasonable jury could find such a connection and impose Section 1983 liability. Accordingly, Plaintiff's Seventh and Eighth Causes of Action against Deseret Industries must be dismissed.

**C.** **Plaintiff's respondeat superior claim against Deseret Industries must fail where all of her underlying claims against the relevant actors have already failed and where the actions pertaining to her arrest, prosecution, and conviction were performed solely by independent contractors of Deseret Industries.**

Through her Seventeenth Cause of Action, Plaintiff alleges that Deseret Industries is liable under the doctrine of respondeat superior for the conduct of Knighton, Lovendahl, Ricks, and Perry as she describes the same in her Amended Complaint. *See* Amended Complaint at ¶¶ 200–04. Notably, this Court has already dismissed all of the claims against these individuals because Plaintiff's claims are barred or fail as a matter of law. *See* Statement of Facts at ¶ 37. In asserting respondeat superior, Plaintiff alleges no other action or conduct other than the same set of facts concerning her arrest and conviction that failed to support the rest of her claims in her Amended Complaint. Accordingly, dismissal of Plaintiff's Seventeenth Cause of Action is proper.

Further, even if Plaintiff could properly maintain any claim relative to her arrest and conviction, the record demonstrates that all of the relevant actions were conducted solely by independent contractors through whom Deseret Industries could not be liable as a matter of law under the doctrine of respondeat superior. That is, Plaintiff fails to demonstrate that the actions surrounding her arrest and conviction were taken or directed by anyone other than Knighton, Lovenedahl, or other state actors, none of whom have ever been employees of Deseret Industries.

"Generally, an employer is not liable to third persons for the torts of an independent contractor." *Price v. Smith's Food and Drug Centers, Inc.*, 2011 UT App 66, ¶ 26 (citing *Magana*

*v. Dave Roth Constr.*, 2009 UT 45, ¶ 22). Utah recognizes an exception to this rule, namely "the employer of a contractor remains liable for the contractor's actions when the employer participates in or controls the manner in which the contractor's work is performed." *Magana*, 2009 UT 45 at ¶ 23 (citation, brackets, and internal quotation marks omitted). "This exception to the general non-liability rule is called the retained control doctrine, and it is applied narrowly in *unique circumstances* where an employer of an independent contractor exercises enough control over the contracted work to give rise to a limited duty of care." *Id.* (citation, brackets, and internal quotation marks omitted) (emphasis in *Magana*).

To determine whether an employer exercised sufficient control to meet this exception, Utah courts apply the "active participation standard." *Id.* at ¶ 24. "Under that standard, an employer has a duty to ensure the safety of its contractor's work where the employer actively participates in the contractor's work" by "direct[ing] that the contracted work be done by use of a certain mode or otherwise interfer[ing] with the means and methods by which the work is to be accomplished." *Id.* (citations and internal quotation marks omitted). "In contrast, an employer does not actively participate in an activity when the employer merely exercises a general right to order the work stopped or resumed, to inspect its progress or to receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations and deviations." *Id.* (citations and internal quotation marks omitted).

Using the above-described standard, the Utah Court of Appeals considered claims a patron of a bar brought against the bar owner relative to a physical altercation the patron had with the bar's security guards. *Castellanos v. Tommy John, LLC*, 2014 UT App 48. The security guards were not employees of the bar, but rather employees of a company that had contracted with the bar to provide security services. *Id.* at ¶ 2. The court determined that the security guards were

independent contractors and accordingly, the bar or bar owner could not be found liable for their actions under a theory of respondeat superior. *Id.* at ¶ 45.   Important to the court's holding was that "[t]he parties agree[d] that [the bar] did not provide any guidance or training to, or impose any rules or regulations controlling the actions of" the security guards. *Id.* at ¶ 2.

In determining whether the bar had actively participated in the work of the security guards, the *Castellanos* court noted that "[a]n employer that merely exercises control over the desired result of the contractor's work will not be held to have actively participated" and "active participation is insufficient unless it relates to the injury-causing aspect of the work." *Id.* at ¶ 9 (citation and internal quotation marks omitted). The court found inadequate the plaintiff's argument that the bar had demonstrated sufficient control by interacting with the security guards, by helping direct the police to the plaintiffs, and by banning plaintiff from the establishment because these actions did "not relate to the injury-causing aspects of the work." *Id.* at ¶ 11.[3]

Knighton and Lovendahl were independent contractors, employed by Off Duty Services, Inc., and provided to Deseret Industries to perform general security services. *See* Statement of Facts at ¶¶ 3–7, 21–29.   Like the relationship in *Castellanos*, Deseret Industries did not direct the activities of Knighton and Lovendahl. *See id.*   Deseret Industries was not even aware of the alleged incident in the parking lot between Plaintiff and Knighton and Lovendahl until those actors reported the incident to Deseret Industries. *See* Statement of Facts at ¶¶ 15–18. Deseret Industries had no authority to direct Knighton and Lovendahl's work. *See* Statement of Facts at ¶¶ 21–29. Deseret Industries did not instruct Knighton and Lovendahl to arrest Plaintiff. *See* Statement of Facts at ¶ 21. Both Deseret Industries and the employer of Knighton and Lovendahl, Off Duty

---

[3] The Plaintiff in *Castellanos* additionally sought an exception to the rule that employers are not liable for the actions of their independent contractors by arguing the "inherently dangerous work doctrine," which holds that employers may be liable for inherently danger work performed by their contractors. *Castellanos*, 2014 UT App 48 at ¶ 16. The court dismissed this, however, noting that "the provision of security services is not inherently dangerous." *Id.* at ¶ 22.

Services, Inc., agree that Deseret Industries had no control over the way in which Knighton and Lovendahl completed their work. *See* Statement of Facts at ¶¶ 3–7, 21–29.

Simply, all of Plaintiff's allegations that she was harmed are based in her contention that she was improperly arrested, charged, and convicted of a crime. None of these factual allegations have survived this Court's review, sufficient to support any legal claims against the individuals who supposedly committed the acts alleged in Plaintiff's Amended Complaint. Even still, the altercation in the parking lot and the decision to arrest, charge, and seek a conviction of Plaintiff for interfering with an arrest involved only independent contractors of Deseret Industries. Even if the undisputed facts could support any legal claims regarding Knighton's or Lovendahl's actions, Deseret Industries would not be liable for the same under any state respondeat superior claim. Accordingly, all claims brought through this theory must be dismissed against Deseret Industries.

## V.    CONCLUSION

For the foregoing reasons, Deseret Industries asks that this Court grant its Motion for Summary Judgment and dismiss all of Plaintiff's remaining claims against Deseret Industries. Because these are the final and only claims still alive in this action, the Court should dismiss Plaintiff's Amended Complaint and close this case.

DATED this 4th day of January, 2021.

/s/ Eli W. McCann
Thomas D. Walk
Swen R. Swenson
Eli W. McCann
*Attorneys for Defendant, Deseret Industries*

Thomas D. Walk, #5555
Swen R. Swenson, #12683
Eli W. McCann, #13798
KIRTON McCONKIE
Key Bank Tower
36 South State Street, Suite 1900
P.O. Box 45120
Salt Lake City, Utah 84145-0120
Telephone: (801) 328-3600
Facsimile: (801) 321-4893
twalk@kmclaw.com
sswenson@kmclaw.com
emccann@kmkclaw.com

Attorneys for defendant Corporation of the Presiding Bishop of The Church of Jesus Christ of Latter-day Saints dba Deseret Industries

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| KRISTINA ZEMAITIENE, individually, <br><br> Plaintiff, <br><br> v. <br><br> SALT LAKE COUNTY, POLICE CHIEF JAMES WINDER, UNIFIED POLICE DEPARTMENT OF GREATER SALT LAKE, CITY OF TAYLORSVILLE PECINCT CHIEF TRACY WYANT, CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, dba Deseret Industries; POLICE OFFICERS JOEL KNIGHTON AND DENISE LOVENDAHL, <br><br> Defendants. | **CERTIFICATE OF SERVICE: DEFENDANT CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS'S MOTION FOR SUMMARY JUDGMENT** <br><br> Case No. 2:17-cv-00007 <br><br> Judge Dale A. Kimball <br> Magistrate Judge Jared C. Bennett |

I hereby certify that on the 4th day of January, 2021, I cause a true and correct copy of the foregoing **DEFENDANT CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS'S MOTION FOR SUMMARY JUDGMENT** to be emailed and mailed, postage prepaid to the following:

Kristina Zemaitiene
PO Box 213
Sandy, Utah 84091
eurokriste@yahoo.com

/s/ Brianne Fallis

# EXHIBIT A

Thomas D. Walk, #5555
Swen R. Swenson, #12683
Eli W. McCann, #13798
KIRTON McCONKIE
Key Bank Tower
36 South State Street, Suite 1900
Salt Lake City, Utah  84111
Telephone: (801) 328-3600
Facsimile: (801) 321-4893
twalk@kmclaw.com
sswenson@kmclaw.com
emccann@kmkclaw.com

Attorneys for defendants Corporation of the Presiding Bishop of The Church of Jesus Christ of
Latter-day Saints, dba Deseret Industries

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | | |
|---|---|---|
| KRISTINA ZEMAITIENE, individually, | : | **AFFIDAVIT OF CHARLES HORTON** |
| Plaintiff, | : | |
| | : | Case No.  2:17-CV-0007-DAK |
| v. | : | |
| | : | Judge Dale A. Kimball |
| SALT LAKE COUNTY; JAMES WINDER, Police Chief; UNIFIED POLICE DEPARTMENT OF GREATER SALT LAKE; TAYLORSVILLE CITY; TRACY WYANT, Taylorsville Precinct Chief; CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS dba Deseret Industries; JOEL KNIGHTON, Police Officer; and DENISE LOVENDAHL, Police Officer; | : | |
| Defendants. | : | |

4838-9929-6325

1. My name is Charles Horton. I am over 18 years of age and I am competent to testify in all respects. I have personal knowledge regarding the matters stated in this Affidavit. If called to testify, I could and would testify consistently with the statements in this Affidavit.

2. I am currently the Vice President of Operations for Off Duty Services, Inc. I have been employed with Off Duty Services since 2007.

3. Off Duty Services, Inc. has contracted with Deseret Industries to provide security services for Deseret Industries' stores since 2010.

4. Off Duty Services employs and pays the security personnel that it assigns to Deseret Industries' stores.

5. Deseret Industries has no supervisory control over any security personal employed by Off Duty Services.

6. The Off Duty Services officers subject of the *Zemaitiene v. Salt Lake County, et al.* (Case: 2:17-cv-00007) lawsuit, Joel Knighton and Denise Lovendahl, were providing services relative to that Complaint as Off Duty Services employees.

7. Joel Knighton and Denise Lovendahl were provided by Off Duty Services to Deseret Industries as independent contractors under an agreement between Deseret Industries and Off Duty Services.

8. Deseret Industries does not pay the salaries of Joel Knighton, Denise Lovendahl, or any other Off Duty Services security personnel; rather, Deseret Industries only pays Off Duty Services, who in turn is responsible for the salaries of its employees.

9. Deseret Industries has no say in the hiring, termination, or supervision of any of the security personnel Off Duty Services provides to Deseret Industries.

10. Deseret Industries does not request specific security personnel; rather, Deseret Industries makes a request for security and Off Duty Services assigns its employees to fill the request.

DATED this _18_ day of _April_, 2017.

_____
CHARLES HORTON
Affiant

Subscribed and Sworn to before me, a Notary Public, on this _18th_ day of _April_, 2017 by CHARLES HORTON.

_____
NOTARY PUBLIC – State of Texas

SEAL

My commission Expires:
My commission #:



JACKIE SIMS
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Expires 07-24-2018

3

# EXHIBIT B

Thomas D. Walk, #5555
Swen R. Swenson, #12683
Eli W. McCann, #13798
KIRTON McCONKIE
Key Bank Tower
36 South State Street, Suite 1900
Salt Lake City, Utah  84111
Telephone: (801) 328-3600
Facsimile: (801) 321-4893
twalk@kmclaw.com
sswenson@kmclaw.com
emccann@kmkclaw.com

Attorneys for defendants Corporation of the Presiding Bishop of The Church of Jesus Christ of
Latter-day Saints, dba Deseret Industries

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KRISTINA ZEMAITIENE, individually, | **AFFIDAVIT OF MARY MONTALBO** |
| Plaintiff, | Case No.  2:17-CV-0007-DAK |
| v. | Judge Dale A. Kimball |
| SALT LAKE COUNTY; JAMES WINDER, Police Chief; UNIFIED POLICE DEPARTMENT OF GREATER SALT LAKE; TAYLORSVILLE CITY; TRACY WYANT, Taylorsville Precinct Chief; CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS dba Deseret Industries; JOEL KNIGHTON, Police Officer; and DENISE LOVENDAHL, Police Officer; | |
| Defendants. | |

1

1. My name is Mary Montalbo. I am over 18 years of age and I am competent to testify in all respects. I have personal knowledge regarding the matters stated in this Affidavit. If called to testify, I could and would testify consistently with the statements in this Affidavit.

2. I am the general store manager of the Deseret Industries store located at 825 E 9400 S in Sandy Utah. I have held this position since 2013.

3. Deseret Industries contracts with a company called Off Duty Services, Inc. to provide security for Deseret Industries's stores; Deseret Industries does not employ its own security personnel.

4. Deseret Industries does not select its own security personnel; rather, Deseret Industries informs Off Duty Services of its security needs and Off Duty Services provides individuals to fill that need.

5. Neither I, nor anyone employed in the Deseret Industries store that I manage, directs the manner or means, nor has the authority to direct the work of the Off Duty Services security personnel.

6. Deseret Industries does not pay the salaries of its independent contractor security personnel; rather, Deseret Industries pays a fee to Off Duty Services for this service.

7. Neither I, nor anyone employed by Deseret Industries store that I manage, is involved in scheduling or selecting individual Off Duty Services security personnel.

8. My store does not provide any equipment to the Off Duty Services security personnel; these security personnel bring their own equipment when providing services to the store.

4829-8801-8245

9.  Deseret Industries does not have the authority to hire or terminate any Off Duty Services employee, nor does Deseret Industries have any part in the hiring or termination process.

10. The Off Duty Services officers subject of the *Zemaitiene v. Salt Lake County, et al.* (Case: 2:17-cv-00007) lawsuit, Joel Knighton and Denise Lovendahl, were providing services relative to that Complaint as Off Duty Services employees.

11. Joel Knighton and Denise Lovendahl were provided by Off Duty Services to Deseret Industries as independent contractors under an agreement between Deseret Industries and Off Duty Services; Deseret Industries has never employed Joel Knighton or Denise Lovendahl.

12. Deseret Industries does not pay the salaries of Joel Knighton, Denise Lovendahl, or any other Off Duty Services security personnel; rather, Deseret Industries only pays Off Duty Services, who in turn is responsible for the salaries of its employees.

13. Neither I or anyone working for Deseret Industries directed Knighton, Lovendhal, or any state employee to detain, arrest, trespass, or charge Kristina Zemaitiene for any action or crime.

DATED this 20 day of *April*, 2017.

*Mary Montalbo*

MARY MONTALBO
Affiant

Subscribed and Sworn to before me, a Notary Public, on this _____ day of _____, 2017 by MARY MONTALBO.

3

4829-8801-8245

_____

NOTARY PUBLIC – State of

SEAL

My commission Expires:
My commission #:

4829-8801-8245

# EXHIBIT C



**UNIFIED POLICE DEPT-GREATER SL**
**GENERAL OFFENSE HARDCOPY**
REQUEST FOR ACCESS PUBLIC RECORDS

GO# CO 2014-202088 OPEN/ACTIVE                      2303-0 LARC-SHOPLIFTING

## Related Text Page(s)

Document: OTHER F/U
Author: 98K - IKEMIYASHIRO, DENISE
Related date/time: Dec-29-2014 (Mon.) 1235

On 12-27-14 I was working as loss prevention at the Deseret Industries Store on 825 E 9400 S. I was notified by Officer Knighton that he had witnessed a male changing a price tag on an item. He attempted to stop the male and the male refused to stop and was walking to his car in the parking lot.

Officer Knighton and I went into the parking lot to try and find the male. I saw a male walking very quickly to his car in the south end of the parking lot. I asked Officer Knighton if that was the same male. He identified him as being the male.

We ran to the van as the male was getting in. I pulled out my badge and clearly had it displayed on a cord around my neck. Officer Knighton went around to the back of the van and got the license plate off the back as the male began to back out. When the male driver saw this he stopped the van and got out. He yelled, "Why you get my plate, I do nothing." Officer Knighton identified both of us as Police Officer and I grabbed my badge and showed it to him. The male screamed, "I do nothing wrong." He then got back in the drivers seat of the van. Officer Knighton told the male that he needed to come back into the store and talk to us about changing price tags. The male stated, "I do nothing wrong and he slammed the car door. I reached over and opened the door.

After opening the door I told the male he was under arrest for retail theft. I told him to step out of the car. He again screamed, "I do nothing wrong." He then tried to slam the door. I held the door open and grabbed his arm. Officer Knighton and I pulled the male out of the car to take him into custody. He began to fight. He refused to be taken into custody. We fought with the male and got to the back of the van when a female ran up to us. I was attempting to get the male in handcuffs when the female grabbed my arm and was screaming that we were assaulting the male. I yelled that we were police officer and told her to back up. The male was able to get ahold of my handcuffs and I had to pull the handcuffs out of his grasp. The female continued to grab me and grab at Officer Knighton. Due to her involvement the male was able to get out of our grasp and he ran back to the drivers side of the car. His dog had gotten out of the car while we were struggling with him. The male picked up the large dog and was holding it in front of him. There was no way for me to get ahold of the male. He got the dog in the van and pushed me where I lost my balance and stumbled back. The male then got in the van and drove away.

The female got back into my face and was screaming at me that she wanted my badge number. I showed her my badge and told her to back up. She didn't back up and continued to scream. Because she was threating and screaming at me I pushed her back. I then tried to walk away from her. She continued to scream and followed me. I went back into the store with her following me screaming.

# EXHIBIT D

To:   Mary Montalbo
      Deseret Industries
      825 East 9400 South
      Sandy, Utah 84094

From: Kristina Zemaitiene
      P.O. Box 213
      Sandy, Utah 84091

RE:   Termination of employment

                                                      January 2, 2015

Ms. Montalbo,

Upon receipt of this letter please terminate my employment with Deseret Industries.

Due to ongoing retaliatory actions I have been subjected to at Deseret Industries as a result of my legitimate complaints to address inappropriate conduct of your employees, my health has been compromised. To avoid further retaliation and deterioration of my health condition my employment at Deseret Industries should end.


Sincerely,

Kristina Zemaitiene

# EXHIBIT E

```
                        SANDY JUSTICE COURT
                  SALT LAKE COUNTY, STATE OF UTAH
APPEALED: CASE #161401477
                  SANDY CITY vs. KRISTINA ZEMAITIENE
CASE NUMBER 141001456 Other Misdemeanor
```

---

CHARGES
          Charge 1 - 76-8-305 - INTERFERENCE WITH ARRESTING OFFICER Class
          B Misdemeanor (amended) to Infraction
          Offense Date: December 27, 2014
               Plea: January 08, 2015 Not Guilty
               Disposition: March 27, 2017 Set Aside

CURRENT ASSIGNED JUDGE
          PAUL C FARR

PARTIES
          Defendant - KRISTINA ZEMAITIENE
          Represented by: R SHANE JOHNSON
          Plaintiff - SANDY CITY

DEFENDANT INFORMATION
          Defendant Name: KRISTINA ZEMAITIENE
          Offense tracking number: 34169227
          Date of Birth: March 07, 1976
          Law Enforcement Agency: SL SHERIFF / UNIF PD
          LEA Case Number: CO2014L10600877 L
          Officer Name: DENISE IKEMIYASHIRO
          Prosecuting Agency: SANDY CITY
          Citation Number: L10600877

ACCOUNT SUMMARY
          TOTAL REVENUE  Amount Due:          21.00
                         Amount Paid:         21.00
                              Credit:          0.00
                             Balance:          0.00
          REVENUE DETAIL - TYPE: FINE
               Original Amount Due:          150.00
               Amended Amount Due:             0.00
                      Amount Paid:             0.00
                    Amount Credit:             0.00

Printed: 04/19/19 14:49:56        Page 1
```

CASE NUMBER 141001456 Other Misdemeanor

---

                            Balance:           0.00
            Account Adjustments
            Date                  Amount   Reason
            Mar 29, 2017          -150.00  Case was disposed on 3/27/17
            in the district court on appeal.
         REVENUE DETAIL - TYPE: COPY FEE
                      Amount Due:            1.00
                      Amount Paid:           1.00
                   Amount Credit:            0.00
                         Balance:            0.00
         REVENUE DETAIL - TYPE: AUDIO TAPE COPY
                      Amount Due:           10.00
                      Amount Paid:          10.00
                   Amount Credit:            0.00
                         Balance:            0.00
         REVENUE DETAIL - TYPE: Interest
                      Amount Due:            0.00
                      Amount Paid:           0.00
                   Amount Credit:            0.00
                         Balance:            0.00
            Account Adjustments
            Date                  Amount   Reason
            Mar 29, 2017           3.61    Interest Posted to Date
            Mar 29, 2017          -3.61    Case was disposed on 3/27/17
            in the district court on appeal.
         REVENUE DETAIL - TYPE: AUDIO TAPE COPY
                      Amount Due:           10.00
                      Amount Paid:          10.00
                   Amount Credit:            0.00
                         Balance:            0.00


PROCEEDINGS
12-31-14 Case filed
12-31-14 Filed: From an Information
12-31-14 Judge PAUL C FARR assigned.
12-31-14 ARRAIGNMENT scheduled on January 12, 2015 at 08:30 AM in
         COURTROOM #2 with Judge FARR.
12-31-14 Notice - NOTICE for Case 141001456 ID 10052139
         ARRAIGNMENT is scheduled.
Printed: 04/19/19 14:49:56      Page 2

CASE NUMBER 141001456 Other Misdemeanor

---

```
                Date: 1/12/2015
                Time: 8:30 a.m.
                Location: COURTROOM #2
                                SANDY CITY JUSTICE CENTER
                                210 W SEGO LILY DR
                                SANDY, UT  84070-3282
            Before Judge: PAUL C FARR
12-31-14 Note: Address update by DL/SSN lookup from Public Safety
01-05-15 Note: KRISTINA ZEMAITIENE called.  Informed her of the court
            date and time.
01-08-15 Filed: Entry of Appearance
01-08-15 Charge 1  Plea is Not Guilty
01-08-15 Filed: Entry of Plea
01-08-15 Filed: Demand for Discovrey
01-08-15 Filed: Demand for Jury Trial
01-08-15 ARRAIGNMENT Cancelled.
            Reason: Defendant's Request
01-08-15 Note: Called Mr. Chino's office - scheduled PTC date - mailed
            notice to counsel. Advised that arraignment date was
            cancelled.
01-08-15 PRETRIAL CONFERENCE scheduled on January 22, 2015 at 10:00 AM
            in COURTROOM #2 with Judge FARR.
01-08-15 Notice - NOTICE for Case 141001456 ID 10074831
        PRETRIAL CONFERENCE is scheduled.
                Date: 01/22/2015
                Time: 10:00 a.m.
                Location: COURTROOM #2
                                SANDY CITY JUSTICE CENTER
                                210 W SEGO LILY DR
                                SANDY, UT  84070-3282
            Before Judge: PAUL C FARR
01-22-15 PRETRIAL CONFERENCE scheduled on February 26, 2015 at 09:20 AM
            in COURTROOM #2 with Judge FARR.
01-22-15 Filed: Promise to Appear
01-22-15 Minute Entry - Minutes for PRETRIAL CONFERENCE
            Judge:    PAUL C FARR
            PRESENT
            Clerk:    shelleyb
            Prosecutor: MIDGLEY, WALDO V
```

CASE NUMBER 141001456 Other Misdemeanor

_____

        Defendant Present
        Defendant's Attorney(s): CHINO, ARIEL

        Audio

        Defendant appeared with counsel. City is present. Case reset for
        pretrial conference. Signed notice given to defendant and counsel
        in court.

            TIME: 11:08 am
        PRETRIAL CONFERENCE.
            Date: 02/26/2015
            Time: 09:20 a.m.
            Location: COURTROOM #2
                        SANDY CITY JUSTICE CENTER
                        210 W SEGO LILY DR
                        SANDY, UT  84070-3282
        Before Judge: PAUL C FARR
01-27-15 Note: OTN issued by Sandy PD 1/22/15
01-27-15 Filed: Information
02-12-15 Filed: Motion for Withdrawal of Counsel (and proposed order)
            Filed by: CHINO, ARIEL,
02-13-15 Filed order: Order -Counsel's motion to withdraw is granted.
                    Judge PAUL C FARR
                    Signed February 12, 2015
02-26-15 PRETRIAL CONFERENCE scheduled on March 25, 2015 at 02:00 PM in
        COURTROOM #2 with Judge FARR.
02-26-15 Minute Entry - Minutes for PRETRIAL CONFERENCE
        Judge:    PAUL C FARR
        PRESENT
        Clerk:    kristins
        Prosecutor: MIDGLEY, WALDO V
        Defendant Present

        Audio

        ARRAIGNMENT

        Defendant appeared without counsel, city is present. Defendant

CASE NUMBER 141001456 Other Misdemeanor

---

requests court appointed counsel. Financial Declaration filed.
Court grants counsel subject to $150 attorney recoupment fee.
Case set for Pretrial Conference. Promise to Appear signed and
filed.
Order Appointing Counsel e-mailed to S. Moore.


    TIME: 9:36 AM
APPOINTMENT OF COUNSEL


Court finds the defendant indigent and appoints SOPHIA J MOORE to
represent the defendant.

Appointed Counsel:

     Name: SOPHIA J MOORE
   Address: 859 E 900 S STE 201
     City: SALT  LAKE CITY UT 84105
    Phone: (801)359-2292


PRETRIAL CONFERENCE.
    Date: 03/25/2015
    Time: 02:00 p.m.
    Location: COURTROOM #2
         SANDY CITY JUSTICE CENTER
         210 W SEGO LILY DR
         SANDY, UT  84070-3282
   Before Judge: PAUL C FARR
02-26-15 Filed: Promise to Appear
02-26-15 Filed: Order Appointing Counsel
02-26-15 **** PRIVATE **** Filed: Financial Declaration Form
03-11-15 Fee Account created    Total Due:        1.00
03-11-15 COPY FEE              Payment Received:        1.00
03-11-15 Note: KRISTINA ZEMAITIENE's husband came to window to purchase
       copy of docket.
03-25-15 PRETRIAL CONFERENCE scheduled on April 15, 2015 at 02:00 PM in
       COURTROOM #2 with Judge FARR.
03-25-15 Minute Entry - Minutes for PRETRIAL CONFERENCE
     Judge:   PAUL C FARR
Printed: 04/19/19 14:49:57        Page 5

CASE NUMBER 141001456 Other Misdemeanor

---

          PRESENT
          Clerk:   kristins
          Defendant Present
          Defendant's Attorney(s): MOORE, SOPHIA J


          Audio


          Defendant appeared with counsel, city is not present.
          Reschedule Pretrial Conference. Promise to Appear signed and filed.


             TIME: 2:46 PM
          PRETRIAL CONFERENCE.
                Date: 04/15/2015
                Time: 02:00 p.m.
                Location: COURTROOM #2
                         SANDY CITY JUSTICE CENTER
                         210 W SEGO LILY DR
                         SANDY, UT  84070-3282
          Before Judge: PAUL C FARR
03-25-15 Filed: Promise to Appear
04-15-15 Minute Entry - Minutes for PRETRIAL CONFERENCE
          Judge:   PAUL C FARR
          PRESENT
          Clerk:   lauraa
          Defendant Present
          Defendant's Attorney(s): MOORE, SOPHIA J


          Audio


          Defendant appeared with counsel, city is not present.  S. Moore
          asked to be removed from representing defendant per conflict of
          interest. Court assigned R. Skeen to represent the defendant. Case
          set for Pre-Trial Conference.  Notice signed and given in court,
          emailed to R. Skeen.


             TIME: 02:40 PM
          APPOINTMENT OF COUNSEL

CASE NUMBER 141001456 Other Misdemeanor

---

Court finds the defendant indigent and appoints RANDALL L SKEEN to
represent the defendant.

Appointed Counsel:

     Name: RANDALL L SKEEN
   Address: 5788 S 900 E
      City: SALT  LAKE CITY UT 84121
    Phone: (801)266-7414

PRETRIAL CONFERENCE.
     Date: 04/28/2015
     Time: 08:30 a.m.
   Location: COURTROOM #2
           SANDY CITY JUSTICE CENTER
           210 W SEGO LILY DR
           SANDY, UT  84070-3282
   Before Judge: PAUL C FARR
04-15-15 PRETRIAL CONFERENCE scheduled on April 28, 2015 at 08:30 AM in
     COURTROOM #2 with Judge FARR.
04-15-15 Filed: Order Appointing Counsel
04-15-15 Filed: Promise To Appear
04-28-15 Minute Entry - Minutes for PRETRIAL CONFERENCE
     Judge:   PAUL C FARR
     PRESENT
     Clerk:   lauraa
     Defendant Present
     Defendant's Attorney(s): MECHAM, TODD R

     Audio

     Defendant appeared with counsel, city is not present.  Case set for
     Pre-Trial Conference.  Notice signed and given in court, emailed to
     R. Skeen.

       TIME: 11:14 am
     PRETRIAL CONFERENCE.
       Date: 05/26/2015
       Time: 08:30 a.m.

CASE NUMBER 141001456 Other Misdemeanor

---

                Location: COURTROOM #2
                          SANDY CITY JUSTICE CENTER
                          210 W SEGO LILY DR
                          SANDY, UT  84070-3282
          Before Judge: PAUL C FARR
04-28-15 PRETRIAL CONFERENCE scheduled on May 26, 2015 at 08:30 AM in
         COURTROOM #2 with Judge FARR.
04-28-15 Filed: Promise To Appear
05-04-15 Note: **Invoice for the month of Apri 2015 submitted by Randall
               Skeen, Legal Defender**
05-26-15 BENCH TRIAL scheduled on July 22, 2015 at 09:00 AM in COURTROOM
         #2 with Judge FARR.
05-26-15 Filed: Promise to Appear
05-26-15 Minute Entry - Minutes for PRETRIAL CONFERENCE
         Judge:   SCOTT MICKELSEN
         PRESENT
         Clerk:   kristins
         Defendant Present
         Defendant's Attorney(s): MECHAM, TODD R

         Audio
            Tape Count: 9:40 AM


         Defendant appeared with counsel, city is not present. Case set for
         Bench Trial. Promise to Appear signed and filed. Copy e-mailed to
         prosecution and R. Skeen's office.


         BENCH TRIAL is scheduled.
               Date: 07/22/2015
               Time: 09:00 a.m.
               Location: COURTROOM #2
                         SANDY CITY JUSTICE CENTER
                         210 W SEGO LILY DR
                         SANDY, UT  84070-3282
          Before Judge: PAUL C FARR
06-10-15 Filed: Appearance of Counsel/Limited Counsel
06-10-15 Filed: Request For Discovery
06-10-15 Note: I spoke with counsel and wanted bench trial to be

CASE NUMBER 141001456 Other Misdemeanor

---

          cancelled and set for pretrial conference. I notified
          prosecutor office and email to R. Skeens office.  Notice
          mailed.

06-10-15 Notice - NOTICE for Case 141001456 ID 10537833
        PRETRIAL CONFERENCE.
             Date: 07/02/2015
             Time: 03:00 p.m.
             Location: COURTROOM #2
                       SANDY CITY JUSTICE CENTER
                       210 W SEGO LILY DR
                       SANDY, UT  84070-3282
         Before Judge: PAUL C FARR
        The reason for the change is Counsel's request.

06-10-15 BENCH TRIAL Modified.
        Reason: Counsel's request.

06-10-15 PRETRIAL CONFERENCE scheduled on July 02, 2015 at 03:00 PM in
        COURTROOM #2 with Judge FARR.

06-15-15 Filed: Response to Request for Discovery

06-17-15 Filed: Motion to Withdraw
        Filed by: SANDY CITY,

06-17-15 Filed order: Order for Withdrawal of Counsel
             Judge PAUL C FARR
             Signed June 17, 2015

07-01-15 Note: KRISTINA ZEMAITIENE called to verify court date and time.

07-02-15 Notice - NOTICE for Case 141001456 ID 10605564
        JURY TRIAL is scheduled.
             Date: 09/17/2015
             Time: 09:00 a.m.
             Location: COURTROOM #2
                       SANDY CITY JUSTICE CENTER
                       210 W SEGO LILY DR
                       SANDY, UT  84070-3282
        before Judge PAUL C FARR

07-02-15 Minute Entry - Minutes for PRETRIAL CONFERENCE
        Judge:   PAUL C FARR
        PRESENT
        Clerk:   alih
        Defendant Present
        Defendant's Attorney(s): OVERSON, DARWIN L

Printed: 04/19/19 14:49:59        Page 9

CASE NUMBER 141001456 Other Misdemeanor

_____

        Audio
            Tape Count: 3:13 pm

        Defendant present with counsel, city not present. Jury trial and
        jury pretrial conference scheduled.
        Promise to Appear signed and filed. Copy of notice emailed to
        prosecutor's office.


        JURY TRIAL is scheduled.
                Date: 09/17/2015
                Time: 09:00 a.m.
                Location: COURTROOM #2
                        SANDY CITY JUSTICE CENTER
                        210 W SEGO LILY DR
                        SANDY, UT  84070-3282
            before Judge PAUL C FARR
07-02-15 JURY TRIAL scheduled on September 17, 2015 at 09:00 AM in
        COURTROOM #2 with Judge FARR.
07-02-15 Filed: Promise To Appear
07-15-15 Filed: Defendant's proposed Voir Dire, defendant's proposed
        supplemental jury instructions
07-15-15 JURY-PRETRIAL CONF. scheduled on September 10, 2015 at 09:00 AM
        in COURTROOM #2 with Judge FARR.
07-17-15 Filed: Motion to strike jury trial.
        Filed by: SANDY CITY,
07-21-15 Filed order: City's motion to strike jury trial and amend
        charge to an infraction is granted. Schedule a bench trial.
                Judge PAUL C FARR
                Signed July 21, 2015
07-21-15 Charge 1 amended to Infraction
07-21-15 JURY-PRETRIAL CONF. Cancelled.
        Reason: Court Ordered
07-21-15 JURY TRIAL Cancelled.
        Reason: Court Ordered
07-21-15 Filed: Information/Indictment amended to infraction.
07-21-15 Note: I spoke with counsel and set bench trial. Notice mailed
            to counsel, copy emailed to city prosecutor.
Printed: 04/19/19 14:49:59        Page 10

CASE NUMBER 141001456 Other Misdemeanor

---

07-21-15 BENCH TRIAL scheduled on September 02, 2015 at 09:00 AM in
        COURTROOM #2 with Judge FARR.
07-21-15 Notice - NOTICE for Case 141001456 ID 10656721
        BENCH TRIAL is scheduled.
                Date: 09/02/2015
                Time: 09:00 a.m.
                Location: COURTROOM #2
                        SANDY CITY JUSTICE CENTER
                        210 W SEGO LILY DR
                        SANDY, UT  84070-3282
        Before Judge: PAUL C FARR
07-31-15 Note: KRISTINA ZEMAITIENE phoned, updated current address.
08-17-15 Note: KRISTINA ZEMAITIENE called to see if her attorney had
        filed a motion to dismiss, also requested information on
        obtaining copy of audio recording.
08-17-15 Note: KRISTINA ZEMAITIENE appeared at the window and requested
        an audio recording.
08-17-15 Fee Account created    Total Due:        10.00
08-17-15 AUDIO TAPE COPY        Payment Received:       10.00
08-25-15 Filed: Request for Digital Audio Recording and Certification of
        Completion
08-28-15 Filed: Motion to Strike Trial and Convert to Pretrial
        Filed by: OVERSON, DARWIN L,
09-01-15 Note: Attorney Overson requested to reschedule the Bench Trial.
        Prosecutor stipulates to the Bench Trial being continued.
        Rescheduled the Trial with Attorney Overson.
09-01-15 BENCH TRIAL rescheduled to November 04, 2015 at 09:00 AM in
        COURTROOM #2 with Judge FARR.
09-01-15 Note: KRISTINA ZEMAITIENE called to ask the date of the court
        hearing
09-14-15 Note: KRISTINA ZEMAITIENE called to see what motions had been
        filled
10-02-15 Filed: Motion to Dismiss
        Filed by: OVERSON, DARWIN L,
10-06-15 Filed order: Defendant's motion is denied.  The Motion does not
        properly raise issues that can be addressed by a motion to
        dismiss. Defendant can raise these matters as a defense at the
        time of trial.
                Judge PAUL C FARR

CASE NUMBER 141001456 Other Misdemeanor

```
                         Signed October 06, 2015
10-06-15 Note: Order faxed to Attorney Overson.
10-13-15 Note: KRISTINA ZEMAITIENE came to window for copy of docket and
               information.
10-14-15 Filed: Response in Opposition to Defendant's Motion to Dismiss
               Filed by: SANDY CITY,
11-04-15 BENCH TRIAL scheduled on January 06, 2016 at 09:00 AM in
               COURTROOM #2 with Judge FARR.
11-04-15 Filed: Promise To Appear
11-04-15 Minute Entry - BENCH TRIAL
               Judge:   PAUL C FARR
               PRESENT
               Clerk:    kristins
               Prosecutor: HANKS, R MACKAY
               Defendant Present
               Defendant's Attorney(s): OVERSON, DARWIN L

               Audio
                  Tape Count: 9:35 AM


               Defendant appeared with counsel, city is present.
               Bench Trial rescheduled. Promise to Appear signed and filed, copy
               e-mailed to prosecutor.



               BENCH TRIAL.
                    Date: 01/06/2016
                    Time: 09:00 a.m.
                    Location: COURTROOM #2
                              SANDY CITY JUSTICE CENTER
                              210 W SEGO LILY DR
                              SANDY, UT  84070-3282
               Before Judge: PAUL C FARR
11-04-15 Filed order: BENCH TRIAL
                    Judge PAUL C FARR
                    Signed November 04, 2015
12-30-15 Filed: Stipulated Motion for Continuance
               Filed by: SANDY CITY,
12-31-15 Filed order: City's stipulated motion to continue is granted.
```

CASE NUMBER 141001456 Other Misdemeanor
_____
                    Judge PAUL C FARR
                    Signed December 31, 2015
01-04-16 BENCH TRIAL Cancelled.
         Reason: Plaintiff's request.
01-04-16 Note: E-mailed the prosecution to advise of the cancellation.
01-04-16 BENCH TRIAL scheduled on March 02, 2016 at 09:00 AM in
         COURTROOM #2 with Judge FARR.
01-04-16 Filed: Notice for Case 141001456 ID 11113735
01-04-16 Note: Spoke with Attorney Overson and scheduled a Bench Trial.
              Notice e-mailed to attorney and prosecution.
02-16-16 Filed: Motion to Dismiss with Prejudice
         Filed by: ZEMAITIENE, KRISTINA
02-24-16 Ruling Entry - ORDER ON MOTION TO DISMISS
         Judge: PAUL C FARR
         Defendant is being represented by counsel in this case.
         Defendant's motion is not going to be considered by the court.
         Defendant is directed to contact her attorney regarding the filing
         of any motions.
02-25-16 Note: KRISTINA ZEMAITIENE wanted to know if Judge granted her
              motion to dismiss. I told her that we havent heard back
              yet
02-25-16 Filed order: ORDER ON MOTION TO DISMISS
                    Judge PAUL C FARR
                    Signed February 25, 2016
02-25-16 Note: Order mailed to the defendant.
03-01-16 Note: KRISTINA ZEMAITIENE called to confirm that trial is still
              going tomorrow.
03-01-16 Filed: Notice of Withdrawal of Counsel
         Filed by: OVERSON, DARWIN L,
03-02-16 Filed: Credentials of Stephanie Lewis, 3rd year law student
         intern with Prosecutor's Office.
03-02-16 BENCH TRIAL scheduled on March 04, 2016 at 09:00 AM in
         COURTROOM #2 with Judge FARR.
03-02-16 Filed: Promise To Appear
03-02-16 BENCH TRIAL scheduled on May 04, 2016 at 09:00 AM in COURTROOM
         #2 with Judge FARR.
03-02-16 Filed: Request for Digital Audio Recording- Submitted Sandy
         City Risk Manager
03-02-16 Note: Digital Audio Recording- Request fulfilled. Risk Manager

CASE NUMBER 141001456 Other Misdemeanor

```
                notified.
03-02-16 Minute Entry - BENCH TRIAL
         Judge:   PAUL C FARR
         PRESENT
         Clerk:   mauriett
         Prosecutor: HANKS, R MACKAY
         Defendant Present
         Defendant's Attorney(s): OVERSON, DARWIN L

         Audio
            Tape Count: 9:17 AM

         Defendant appeared with Counsel, City is present.  Motion of
         defense attorney to withdraw is granted.  Attorney Overson informs
         court that he has made a copy of the file for the defendant.
         Attorney Overson is excused.  Case set for Bench Trial.  Promise to
         Appear signed and filed.  City to file response to Defendant's
         filed Motion to Dismiss by 03/15/2016 and Court will issue a
         ruling.


         BENCH TRIAL.
               Date: 05/04/2016
               Time: 09:00 a.m.
               Location: COURTROOM #2
                         SANDY CITY JUSTICE CENTER
                         210 W SEGO LILY DR
                         SANDY, UT  84070-3282
         Before Judge: PAUL C FARR
03-02-16 Filed order: BENCH TRIAL
               Judge PAUL C FARR
               Signed March 02, 2016
03-08-16 Filed: Notice of Appearance Pro Se
03-08-16 Filed: Amended Motion to Dismiss With Prejudice
         Filed by: ZEMAITIENE, KRISTINA
03-24-16 Filed: Affidavit of Bias
         Filed by: ZEMAITIENE, KRISTINA
03-24-16 Filed: Motion to Recuse Judge Farr
         Filed by: ZEMAITIENE, KRISTINA
Printed: 04/19/19 14:50:00        Page 14
```

CASE NUMBER 141001456 Other Misdemeanor

---

```
03-24-16 Filed: Request to Submit for Decision
04-01-16 Filed: Motion for the Production of Exculpatory and Mitigating
         Evidence
         Filed by: ZEMAITIENE, KRISTINA
04-01-16 Filed: Motion for Change of Venue
         Filed by: ZEMAITIENE, KRISTINA
04-01-16 Filed: Memorandum in Support of Motion for Change of Venue
04-07-16 Filed: City's Response for Exculpatory and Mitigating Evidence
04-11-16 Filed: Motion for a Bill of Particulars
         Filed by: ZEMAITIENE, KRISTINA
04-11-16 Filed: Motion for Jury Trial
         Filed by: ZEMAITIENE, KRISTINA
04-11-16 Filed order: Ruling and Order
                 Judge SYDNEY J MAGID
                 Signed April 11, 2016
04-11-16 Note: Copy of order emailed to the prosecutor.  Copy of order
         mailed to the Defendant.
04-18-16 Filed order: Order on Defendant's Motions
                 Judge PAUL C FARR
                 Signed April 18, 2016
04-19-16 Note: Copy of the Order was mailed to the defendant and
         e-mailed to the prosecutor.
04-22-16 Filed: Motion to Amend Charge and Strike Bench Trial
         Filed by: ZEMAITIENE, KRISTINA
04-25-16 Ruling Entry - ORDER ON MOTION TO AMEND CHARGE & STRIKE
         Judge: PAUL C FARR
         Defendant's motion is denied. It is the prosecution, not the
         defendant, that has the right to amend the information.
04-25-16 Filed order: ORDER ON MOTION TO AMEND CHARGE & STRIKE TRIAL
                 Judge PAUL C FARR
                 Signed April 25, 2016
04-25-16 Note: Order was mailed to defendant.
04-27-16 Filed: Motion to Dismiss the Charge for Failure to State an
         Offense Under the Utah State Code
         Filed by: ZEMAITIENE, KRISTINA
04-28-16 Ruling Entry - ORDER ON MOTION TO DISMISS
         Judge: PAUL C FARR
         Defendant's motion is denied.
04-28-16 Filed order: ORDER ON MOTION TO DISMISS
```

CASE NUMBER 141001456 Other Misdemeanor

---

                    Judge PAUL C FARR
                  Signed April 28, 2016
04-28-16 Note: Order mailed to defendant.
04-29-16 Filed: Appearance of Counsel
04-29-16 Filed: Jury Trial Demand
04-29-16 Filed: Motion to Dismiss Information
         Filed by: JOHNSON, R SHANE,
05-04-16 Minute Entry - BENCH TRIAL
         Judge:   PAUL C FARR
       PRESENT
       Clerk:    mauriett
       Prosecutor: HANKS, R MACKAY
       Defendant Present
       Defendant's Attorney(s): JOHNSON, R SHANE

       Audio
          Tape Count: 11:44 AM


       Defendant appeared with Counsel, City is present.
       Defense gives argument in support of motion to continue and motion
       to amend charges.
       City gives statements in support of denying motions.
       Motion to amend information to original charges denied.
       Motion to continue is denied.
       Both parties waive opening statements.
       City calls first witness Unified Police Officer Joel Knighton to
       the stand and is sworn in.  Testimony given under direct
       examination of the prosecution.
       Cross examination by the defense.
       Re-direct by the City.  Witness steps down.
       City calls second witness Unified Police Officer Denise Lovendahl
       to the stand and is sworn in.  Testimony given under direct
       examination of the prosecution.
       Cross examination by the defense.
       Re-direct by the City.  Witness steps down.
       Motion to amend information to include correct violation date of
       12/27/2014 is granted.
       City rests.
       Defense motions for directed verdict and gives supporting

CASE NUMBER 141001456 Other Misdemeanor

---

statements.
City gives rebuttal statements in opposition to directed verdict.
Motion for directed verdict is denied.
Defense calls defendant, Kristina Zemaitiene, to the stand and is
sworn in.  Testimony given under direct examination by defense
attorney.
Cross examination by the City.
No re-direct from the defense.  Witness steps down.
Defense rests.
City gives initial closing statement.  Defense gives closing
statement.  City gives rebuttal.
Based on the evidence presented to the court Judge finds the
defendant Guilty.  Defendant waives time for sentencing.  Fine is
$750 with $600 suspended.  Balance of $150 due by 07/04/2016.


SENTENCE FINE
Charge # 1      Fine: $750.00
           Suspended: $600.00
           Surcharge: $75.93
                 Due: $150.00


              Total Fine: $750.00
         Total Suspended: $600.00
         Total Surcharge: $75.93
    Total Principal Due: $150.00
                    Plus Interest
The fine is to be paid in full by 07/04/2016.
Pay fine to The Court.  This can be paid online at:
www.sandy.utah.gov/courtpayment.
05-04-16 Charge 1  Disposition is Guilty - Bench
05-04-16 Fine Account created      Total Due:      150.00
05-05-16 Fee Account created       Total Due:        0.00
05-05-16 Filed order: BENCH TRIAL
                 Judge PAUL C FARR
                 Signed May 05, 2016
05-10-16 Filed: Request for Digital Audio Recording & Completion
         Certification
Printed: 04/19/19 14:50:01        Page 17

CASE NUMBER 141001456 Other Misdemeanor

---

05-12-16 Note: KRISTINA ZEMAITIENE phoned wanted to know how she could
                get the audio recording, told her she could come in and
                fill out the form and make the $10 payment.
05-12-16 Fee Account created       Total Due:         10.00
05-12-16 AUDIO TAPE COPY           Payment Received:          10.00
            Note: 20.00 cash tendered. 10.00 change given.
05-13-16 Note: Message left at number given to court. Copy of trial
                audio recording available after 3:30 on 5/13/16.
05-13-16 Filed: Request for Digital Audio Recording & Certification of
            Completion (KM)
05-18-16 Filed: Notice of Appeal and Motion to Stay Sentence
05-20-16 Filed order: ORDER ON APPEAL/MOTION TO STAY SENTENCE
                    Judge PAUL C FARR
                    Signed May 20, 2016
05-20-16 Ruling Entry - ORDER ON APPEAL/MOTION TO STAY SENTENCE
            Judge: FARR, PAUL C
        Stay sentence and forward case to the District Court for appeal.
05-20-16 Stay begins: May 20, 2016 Reason: Other
                Note: Sentence Stayed
05-20-16 Note: Order was emailed to Attorney Johnson.
05-26-16 Filed: Transmittal of Appealed Case from Justice Court
05-26-16 Note: File forwarded to West Jordan District Court.
10-10-16 Note: Appealed: Case #161401477
03-27-17 Charge 1  Disposition is Set Aside
03-29-17 Filed: West Jordan 3rd District Court Docket
03-29-17 Interest Account Adjustment       Total Due:         0.00
                Reason: Case was disposed on 3/27/17 in the district court
                    on appeal.
03-29-17 Interest Account Adjustment       Total Due:         0.00
                Reason: Case was disposed on 3/27/17 in the district court
                    on appeal.
                Stay ends: March 29, 2017
03-29-17 Case Closed
            Disposition Judge is PAUL C FARR
10-15-18 Note: Chastity Ramos from 3rd District Court called to obtain
                Prosecutors info on case, informed her Mackay Hanks
                appeared at bench trial. Sandy Prosecutors email address
                given.

Printed: 04/19/19 14:50:01        Page 18 (last)

# EXHIBIT F

```
                    3RD DIST. COURT - WEST JORDAN
                  SALT LAKE COUNTY, STATE OF UTAH
APPEALED: CASE #20170292
                     SANDY CITY vs. KRISTINA ZEMAITIENE
CASE NUMBER 161401477 Other Misdemeanor
```

---

CHARGES
      Charge 1 - 76-8-305 - INTERFERENCE WITH ARRESTING OFFICER Class
      B Misdemeanor (amended) to Infraction
      Offense Date: December 27, 2014
         Disposition: March 27, 2017 Guilty


CURRENT ASSIGNED JUDGE
      DIANNA GIBSON


PARTIES
      Defendant - KRISTINA ZEMAITIENE
      Plaintiff -  SANDY CITY
      Represented by: DOUGLAS A JOHNSON


DEFENDANT INFORMATION
      Defendant Name: KRISTINA ZEMAITIENE
      Date of Birth: March 07, 1976
      Law Enforcement Agency: UNIFIED FIRE AUTHORI
      Prosecuting Agency: SANDY CITY
      Citation Number: L10600877


ACCOUNT SUMMARY
      TOTAL REVENUE  Amount Due:          174.43
              Amount Paid:           41.00
                  Credit:          133.43
                Balance:            0.00
      TRUST TOTALS   Trust Due:           37.00
              Amount Paid:           37.00
                  Credit:            0.00
        Trust Balance Due:            0.00
         Balance Payable:            0.00
      REVENUE DETAIL - TYPE: FINE
              Amount Due:          150.00
              Amount Paid:           16.57
            Amount Credit:          133.43

CASE NUMBER 161401477 Other Misdemeanor

---

|                      |       |
|----------------------|-------|
| Balance:             | 0.00  |

REVENUE DETAIL - TYPE: COPY FEE

|                      |       |
|----------------------|-------|
| Amount Due:          | 1.50  |
| Amount Paid:         | 1.50  |
| Amount Credit:       | 0.00  |
| Balance:             | 0.00  |

REVENUE DETAIL - TYPE: COPY FEE

|                      |       |
|----------------------|-------|
| Amount Due:          | 0.75  |
| Amount Paid:         | 0.75  |
| Amount Credit:       | 0.00  |
| Balance:             | 0.00  |

REVENUE DETAIL - TYPE: COPY FEE

|                      |       |
|----------------------|-------|
| Amount Due:          | 1.75  |
| Amount Paid:         | 1.75  |
| Amount Credit:       | 0.00  |
| Balance:             | 0.00  |

REVENUE DETAIL - TYPE: COPY FEE

|                      |       |
|----------------------|-------|
| Amount Due:          | 2.50  |
| Amount Paid:         | 2.50  |
| Amount Credit:       | 0.00  |
| Balance:             | 0.00  |

REVENUE DETAIL - TYPE: INTEREST

|                      |       |
|----------------------|-------|
| Amount Paid:         | 3.43  |
| Amount Credit:       | 0.00  |
| Balance:             | 0.00  |

Account Adjustments

| Date          | Amount | Reason                   |
|---------------|--------|--------------------------|
| Jan 31, 2018  |   3.94 | Interest Posted to Date  |
| Jan 31, 2018  |  -0.51 | Credit for 15hrs of c/s  |

REVENUE DETAIL - TYPE: COPY FEE

|                      |       |
|----------------------|-------|
| Amount Due:          | 2.50  |
| Amount Paid:         | 2.50  |
| Amount Credit:       | 0.00  |
| Balance:             | 0.00  |

REVENUE DETAIL - TYPE: COPY FEE

|                      |       |
|----------------------|-------|
| Amount Due:          | 2.75  |
| Amount Paid:         | 2.75  |
| Amount Credit:       | 0.00  |
| Balance:             | 0.00  |

CASE NUMBER 161401477 Other Misdemeanor

---

```
REVENUE DETAIL - TYPE: CERTIFIED COPIES
                  Amount Due:          1.00
                  Amount Paid:         1.00
               Amount Credit:          0.00
                      Balance:         0.00
REVENUE DETAIL - TYPE: COPY FEE
                  Amount Due:          3.25
                  Amount Paid:         3.25
               Amount Credit:          0.00
                      Balance:         0.00
REVENUE DETAIL - TYPE: CERTIFICATION
                  Amount Due:          4.00
                  Amount Paid:         4.00
               Amount Credit:          0.00
                      Balance:         0.00
REVENUE DETAIL - TYPE: COPY FEE
                  Amount Due:          0.50
                  Amount Paid:         0.50
               Amount Credit:          0.00
                      Balance:         0.00
REVENUE DETAIL - TYPE: COPY FEE
                  Amount Due:          0.50
                  Amount Paid:         0.50
               Amount Credit:          0.00
                      Balance:         0.00
REVENUE DETAIL - TYPE: AUDIO TAPE COPY
         Original Amount Due:         10.00
          Amended Amount Due:          0.00
                  Amount Paid:         0.00
               Amount Credit:          0.00
                      Balance:         0.00
         Account Adjustments
         Date              Amount    Reason
         Sep 06, 2017      -10.00    created in error
TRUST DETAIL
            Trust Description: Other Trust
                   Recipient: SANDY CITY
                  Amount Due:         37.00
                     Paid In:         37.00
```

Printed: 04/19/19 14:35:46         Page 3

CASE NUMBER 161401477 Other Misdemeanor
---
                         Paid Out:          37.00

CASE NOTE
        Appeal from Sandy City Justice Court #141001456
PROCEEDINGS
05-26-16 Case filed
05-26-16 Filed: From an Information
05-26-16 Judge CHARLENE BARLOW assigned.
05-26-16 Filed: Information
05-26-16 **** PRIVATE **** Filed: Citation (copy)
05-26-16 Filed: Notice of Appeal and motion to stay sentence
05-26-16 Filed: Certified Court docket of Sandy City Justice Court case
05-26-16 PRETRIAL CONFERENCE scheduled on June 27, 2016 at 08:30 AM in
         WJ Courtroom 37 with Judge BARLOW.
05-26-16 Notice - NOTICE for Case 161401477 ID 17472131
         PRETRIAL CONFERENCE is scheduled.
             Date: 06/27/2016
             Time: 08:30 a.m.
             Location: WJ Courtroom 37
                       8080 S REDWOOD ROAD
                       SUITE 1701
                       WEST JORDAN, UT  84088
         Before Judge: CHARLENE BARLOW


         Notice is hereby given that if you fail to appear at this hearing,
         the court may dismiss your appeal and remand this case back to the
         Justice Court.
05-26-16 Filed: Notice for Case 161401477 ID 17472131
06-14-16 Filed: INFORMATION
06-14-16 Filed: Return of Electronic Notification
06-18-16 Filed: Demand for Jury Trial - Criminal:  Demand for Jury Trial
         - Criminal
06-18-16 Filed: Return of Electronic Notification
06-27-16 MOTION HEARING scheduled on August 22, 2016 at 08:30 AM in WJ
         Courtroom 36 with Judge BRERETON.
06-27-16 Minute Entry - PRETRIAL CONFERENCE
         Judge:   CHARLENE BARLOW
         PRESENT
         Clerk:   karleec
Printed: 04/19/19 14:35:46          Page 4

CASE NUMBER 161401477 Other Misdemeanor

Prosecutor: DOUGLAS A JOHNSON
Defendant Present
Defendant's Attorney(s): R SHANE JOHNSON


Audio
Tape Number:     37   Tape Count: 8:48-49

Counsel requests a motion hearing for oral arguments.


MOTION HEARING is scheduled.
        Date: 08/22/2016
        Time: 08:30 a.m.
        Location: WJ Courtroom 37
                8080 S REDWOOD ROAD
                SUITE 1701
                WEST JORDAN, UT  84088
        Before Judge: CHARLENE BARLOW
07-02-16 Judge HEATHER BRERETON assigned.
07-15-16 Filed: Motion to Withdraw Objection to Defendants Jury Demand
        Filed by: SANDY CITY,
07-15-16 Filed: Return of Electronic Notification
08-07-16 Filed: Motion to Suppress Miranda
        Filed by: ZEMAITIENE, KRISTINA
08-07-16 Filed: Return of Electronic Notification
08-22-16 Filed: Motion to dismiss
        Filed by: ZEMAITIENE, KRISTINA
08-22-16 Filed: Return of Electronic Notification
08-22-16 MOTION HEARING/JURY REQUEST continued to September 26, 2016 at
        01:30 PM in WJ Courtroom 36 with Judge BRERETON.
08-22-16 Minute Entry - CONTINUANCE
        Judge:   HEATHER BRERETON
        PRESENT
        Clerk:   karleec
        Prosecutor: DOUGLAS A JOHNSON
        Defendant Present
        Defendant's Attorney(s): R SHANE JOHNSON


Audio

CASE NUMBER 161401477 Other Misdemeanor

---

         Tape Number:      36   Tape Count: 8:53-9:00

         CONTINUANCE

         Whose Motion:
         The Defendant's counsel R SHANE JOHNSON.
         Reason for continuance:
          Request of counsel
         MOTION HEARING/JURY REQUEST is scheduled.
                Date: 09/26/2016
                Time: 01:30 p.m.
                Location: WJ Courtroom 36
                          8080 S REDWOOD ROAD
                          SUITE 1701
                          WEST JORDAN, UT  84088
             Before Judge: HEATHER BRERETON
09-26-16 ORAL ARGUMENT M-DISMISS scheduled on October 17, 2016 at 01:30
         PM in WJ Courtroom 36 with Judge BRERETON.
09-26-16 Minute Entry - MOTION HEARING/JURY REQUEST
          Judge:   HEATHER BRERETON
         PRESENT
         Clerk:    chasityh
         Prosecutor: DOUGLAS A JOHNSON
         Defendant Present
         Defendant's Attorney(s): R SHANE JOHNSON

         Audio
         Tape Number:      36   Tape Count: 1338

         Court orders pursuant to statute, court denies request for Jury
         Trial. Set for Oral Argument on M-Dismiss.

         ORAL ARGUMENT M-DISMISS is scheduled.
                Date: 10/17/2016
                Time: 01:30 p.m.
                Location: WJ Courtroom 36
                          8080 S REDWOOD ROAD
                          SUITE 1701

CASE NUMBER 161401477 Other Misdemeanor

```
                        WEST JORDAN, UT  84088
          Before Judge: HEATHER BRERETON
09-26-16 Filed: Motion in Opposition to Defendants Motion to Dismiss
          Filed by: SANDY CITY,
09-26-16 Filed: Return of Electronic Notification
10-03-16 Filed: Motion to dismiss
          Filed by: ZEMAITIENE, KRISTINA
10-03-16 Filed: Return of Electronic Notification
10-17-16 1/2 DAY BENCH TRIAL scheduled on January 23, 2017 at 01:30 PM
          in WJ Courtroom 36 with Judge BRERETON.
10-17-16 Minute Entry - ORAL ARGUMENT
          Judge:   HEATHER BRERETON
          PRESENT
          Clerk:   chasityh
          Prosecutor: DOUGLAS A JOHNSON
          Defendant Present
          Defendant's Attorney(s): R SHANE JOHNSON


          Audio
          Tape Number:    36   Tape Count: 1342-1429


          1342: On the record


          1344: ATD agrument


          1404: City agrument


          1412: ATD rebuttal


          1422: Court denies motion on both bases.  Court denies Motion for
          selective prosecution. Court finds that the other defendant was
          prosecuted.


          1425: City to be given 2 weeks to respond (10/31).  ATD to be given
          2 weeks to respond (11/7).Court to issue written ruling.


          1429: City requested set Trial date. Court set for Bench Trial. ATD
          to file Request to submit.
```

Printed: 04/19/19 14:35:47        Page 7

CASE NUMBER 161401477 Other Misdemeanor

---

```
              1/2 DAY BENCH TRIAL is scheduled.
                    Date: 01/23/2017
                    Time: 01:30 p.m.
                    Location: WJ Courtroom 36
                              8080 S REDWOOD ROAD
                              SUITE 1701
                              WEST JORDAN, UT  84088
              Before Judge: HEATHER BRERETON
10-31-16 Filed: Objection to Objection to Defendants Motion to Dismiss
         includes Memorandum
10-31-16 Filed: Return of Electronic Notification
11-08-16 Filed: Reply
11-08-16 Filed: Request/Notice to Submit Motion to dismiss
11-08-16 Filed: Return of Electronic Notification
11-08-16 Filed: Return of Electronic Notification
11-16-16 Note: RTS given to the judge
12-01-16 Filed order: Ruling
                    Judge HEATHER BRERETON
                    Signed December 01, 2016
12-13-16 Filed: Notice of Appearance Pro Se
12-13-16 Filed: Motion for Appropriate Relief
         Filed by: ZEMAITIENE, KRISTINA
12-13-16 Filed: Exhibits A, B, C, D, & F
12-13-16 Filed: Motion to Recuse Judge Brereton
         Filed by: ZEMAITIENE, KRISTINA
12-13-16 Filed: Affidavit of Kristina Zemaitiene
12-13-16 Fee Account created      Total Due:         1.50
12-13-16 COPY FEE              Payment Received:         1.50
12-13-16 Filed order: Minute Entry Regarding Defendant's Motion to
         Recuse
                    Judge HEATHER BRERETON
                    Signed December 13, 2016
12-13-16 Filed: Certificate of Notification on Minute Entry Regarding
         Defendant's Motion to Recuse
12-14-16 Note: 12/13 minute entry to Judge Harris
12-14-16 Filed order: Minute Entry from Judge Harris-Motion to Recuse
         DENIED
                    Judge RYAN M HARRIS
Printed: 04/19/19 14:35:47         Page 8
```

CASE NUMBER 161401477 Other Misdemeanor

---

                    Signed December 14, 2016
12-14-16 Note: Copy of Judge Harris' minute entry to Judge Brereton.
12-29-16 Fee Account created      Total Due:      0.75
12-29-16 COPY FEE                 Payment Received:      0.75
12-29-16 Filed: Demand for Jury Trial
12-29-16 Filed: Motion to Dismiss
         Filed by: ZEMAITIENE, KRISTINA
12-29-16 Note: Demand and Motion placed in Judge Brereton's box.  mc
01-23-17 Fee Account created      Total Due:      1.75
01-23-17 COPY FEE                 Payment Received:      1.75
01-23-17 BENCH TRIAL 2 scheduled on March 27, 2017 at 01:30 PM in WJ
         Courtroom 36 with Judge BRERETON.
01-23-17 Trust Account created    Total Due:      37.00
01-23-17 Minute Entry - BENCH TRIAL
         Judge:   HEATHER BRERETON
         PRESENT
         Clerk:   chasityh
         Prosecutor: DOUGLAS A JOHNSON
         Defendant Present


         Audio
         Tape Number:    36   Tape Count: 1334-1417


         1334: On the record, all parties present.


         1335: Defendant makes motion for continuance to retain private
         counsel and interpreter.


         1337: Mr. Johnson's objection to argument on motion to continue.


         1356: Court grants motion to continue base on request for
         Lithuanian interpreter.   Court ordered Ms. Zemaitiene to pay
         witness fees of $37 prior to next court date.


         1357: Court reviews: Motion for Appropriate Relief, Motion for Jury
         Trial, and Motion to Dismiss. Court denies all motions and ruling
         on motions read onto the court record.


         1415: Court orders if defendant needs help with subpoenas to notify

CASE NUMBER 161401477 Other Misdemeanor
_____
        the court no later than 2/6/17.

        1417: Court adjourned.




         Other Trust      Amount: $37.00 Plus Interest
         Pay in behalf of: SANDY CITY

         SENTENCE TRUST NOTE
         Witness Fees for Bench Trial - 1/23/17
         BENCH TRIAL 2 is scheduled.
             Date: 03/27/2017
             Time: 01:30 p.m.
             Location: WJ Courtroom 36
                       8080 S REDWOOD ROAD
                       SUITE 1701
                       WEST JORDAN, UT  84088
         Before Judge: HEATHER BRERETON
01-24-17 Fee Account created    Total Due:        2.50
01-24-17 COPY FEE               Payment Received:       2.50
01-31-17 Fee Account created    Total Due:        3.43
02-01-17 Filed: TRANSCRIPT for Hearing of 01-23-2017
02-10-17 Filed: Motion to Compel Court Clerk to Issue a Subpoena
         Filed by: ZEMAITIENE, KRISTINA
02-21-17 Filed: Petition for Writ of Extraordinary Relief
02-21-17 Filed: Memorandum of Points and Authorities in Support of
         Petition for Writ of Extraordinary Relief.
02-24-17 Issued: Subpoena - Hernan Castagnoli
                  Judge HEATHER BRERETON
                  Hearing Date: March 27, 2017     Time:  13:30
02-24-17 Filed: Motion to Stay Proceedings Pending Appeal
         Filed by: ZEMAITIENE, KRISTINA
03-03-17 Filed return: Return on Subpoena
                  Party Served: Hernan
                  Service Type: Personal
Printed: 04/19/19 14:35:47        Page 10

CASE NUMBER 161401477 Other Misdemeanor

```
                      Service Date: February 25, 2017
03-07-17 Filed: OBJECTION TO SUBPOENA
03-07-17 Filed: Motion to Compel Compliance With the Subpoena
         Filed by: ZEMAITIENE, KRISTINA
03-07-17 Note: Objection and Motion placed in Judge Brereton's box
         downstairs.  mc
03-08-17 Filed order: Ruling on Objection to Subpoena
                 Judge HEATHER BRERETON
                 Signed March 08, 2017
03-10-17 Issued: Subpoena
                 Judge HEATHER BRERETON
                 Hearing Date: March 27, 2017      Time:  13:30
03-10-17 Filed: Expedited Request to Submit for Decision (Motion to
         Compel Compliance)
03-10-17 Filed: Expedited Request to Submit for Decision (Motion to Stay
         Proceedings Pending Appeal)
03-10-17 Issued: Subpoena
                 Clerk juliexh
03-13-17 Note: Put proposed orders on Motion to Compel & Motion to Stay
         Proceedings in Mike's basket for processing.
03-13-17 Note: The orders submitted had the word PROPOSED in the title
         and are not acceptable by court standards. I tried
         calling with no answer or vm. I sent an email asking for
         resubmission without PROPOSED on the orders.  mc
03-16-17 Note: The proposed Order on Motion to Stay Proceedings Pending
         Appeal put in gate keeper's basket for processing.
03-17-17 Note: Order on Motion to Stay Proceedings Pending Appeal placed
         in Judge Brereton's box downstairs.  mc
03-20-17 Filed: Appellate Court Document, Order by the Utah Court of
         Appeals, the petition is denied
03-21-17 Filed order: Order on motion to stay proceedings pending appeal
         is denied
                 Judge HEATHER BRERETON
                 Signed March 21, 2017
03-21-17 Fee Account created     Total Due:       2.50
03-21-17 COPY FEE                Payment Received:        2.50
              Note: 20.00 cash tendered. 17.50 change given.
03-22-17 Fee Account created     Total Due:       2.75
03-22-17 COPY FEE                Payment Received:        2.75
Printed: 04/19/19 14:35:47       Page 11
```

CASE NUMBER 161401477 Other Misdemeanor

---

03-24-17 Filed: Appellate Court Document, letter by the Supreme Court of
         Utah a Writ of Certiorari has been filed the case number is
         20170116
03-27-17 Charge 1 amended to Infraction
03-27-17 Charge 1  Disposition is Guilty
03-27-17 SENTENCING/APPEAL scheduled on April 17, 2017 at 08:30 AM in WJ
         Courtroom 36 with Judge BRERETON.
03-27-17 Minute Entry - BENCH TRIAL
         Judge:   HEATHER BRERETON
         PRESENT
         Clerk:   chasityh
         Prosecutor: JOHNSON, DOUGLAS A
         Defendant Present

         Audio
         Tape Number:    36   Tape Count: 1407-1635

         1407: On the record, all parties are present.

         1407: Issue re: interpreter addressed.

         1411: Defendant declines interpreter.

         1413: Defendant make motion re: Stay. City declines motion.

         1417: Court denies motion to stay while writ is pending.

         1420: City waives opening statement.

         1420: Defendants opening statement.

         1422: City calls 1st witness, Denise Ikemiyashiro

         1424: Witness Denise Lovenhol, sworn-in and testifies.

         1430: Defendant crosses.

         1457: City declines redirect.

Printed: 04/19/19 14:35:48        Page 12

CASE NUMBER 161401477 Other Misdemeanor

---

1458: City rests.

1458: Defendant calls 1st witness, Officer Knighton, sworn-in and testifies.

1509: Defendant makes motion for interpreter, court denies.

1529: Court takes brief recess.

1535: On the record. Defendant declines to continue.

1541: Witness retakes the stand. Defendant continues with direct.

1550: City declines to cross.

1550: Defendant calls 2nd witness, Mr. Hernan Castagnoli, sworn-in and testifies.

1401: City declines to cross. Witness excused.

1601: Defendant, Ms. Zemaitiene sworn-in and testifies.

1612: City crosses.

1616: Defendant rests.

1614: City declines rebuttal and waives closing argument.

1616: Defendants closing argument.

1627: City closing rebuttal.

1629: Court finds in favor of the City and reads findings onto the record. Court finds defendant guilty.

1635: Defendant declines to be sentenced today. Set for Sentencing.
1635: Court adjourned.

CASE NUMBER 161401477 Other Misdemeanor

---

```
            SENTENCING/APPEAL is scheduled.
                 Date: 04/17/2017
                 Time: 08:30 a.m.
                 Location: WJ Courtroom 36
                           8080 S REDWOOD ROAD
                           SUITE 1701
                           WEST JORDAN, UT  84088
            Before Judge: HEATHER BRERETON
04-10-17 Fee Account created      Total Due:         1.00
04-10-17 Fee Account created      Total Due:         3.25
04-10-17 Fee Account created      Total Due:         4.00
04-10-17 CERTIFIED COPIES         Payment Received:          1.00
             Note: 20.00 cash tendered. 11.75 change given.
04-10-17 COPY FEE                 Payment Received:          3.25
04-10-17 CERTIFICATION            Payment Received:          4.00
04-17-17 Fine Account created     Total Due:       150.00
04-17-17 Minute Entry - SENTENCE, JUDGMENT, COMMITMENT
         Judge:   HEATHER BRERETON
         PRESENT
         Clerk:   kathersd
         Prosecutor: DOUGLAS A JOHNSON
         Defendant Present


         Audio
         Tape Number:     36   Tape Count: 9:24-9:28



         SENTENCE FINE
         Charge # 1      Fine: $150.00
                    Suspended: $0.00
                    Surcharge: $63.33
                         Due: $150.00


              Total Fine: $150.00
          Total Suspended: $0
          Total Surcharge: $63.33
```
Printed: 04/19/19 14:35:49          Page 14

CASE NUMBER 161401477 Other Misdemeanor

_____

```
        Total Principal Due: $150.00
                       Plus Interest
      SCHEDULED TIMEPAY
      The following cases are on timepay 161401477.
      The defendant is to pay $20.00 monthly on the 15th.
      The number of payments scheduled is 9 plus a final payment of
      $9.54.
      The first payment is due on 05/15/2017 the final payment of $9.54
      is due on 02/15/2018.  The final payment may vary based on
      interest.


      Pay fine to The Court.  This can be paid online at:
      www.utcourts.gov/epayments.


      Defendant moves to stay sentence pending appeal. The Court denies
      this motion.
04-17-17 Note: Added to payment schedule 1060123661
04-17-17 Filed order: SENTENCE, JUDGMENT, COMMITMENT
                Judge HEATHER BRERETON
                Signed April 17, 2017
04-17-17 Filed: Notice of Appeal
04-17-17 Filed: Motion TO STAY SENTENCE
         Filed by: ZEMAITIENE, KRISTINA
04-17-17 Judgment Entered - Amount $150.00
04-17-17 Fee Account created     Total Due:        0.50
04-17-17 COPY FEE                Payment Received:        0.50
04-17-17 Fee Account created     Total Due:        0.50
04-17-17 COPY FEE                Payment Received:        0.50
04-17-17 Charge 1  Plea removed.
04-17-17 Minute Entry - AMENDED: SENTENCE, JUDGMENT, COMMITMENT
         Judge:   HEATHER BRERETON
         PRESENT
         Clerk:   kathersd
         Prosecutor: DOUGLAS A JOHNSON
         Defendant Present


         Audio
         Tape Number:     36   Tape Count: 9:24-9:28
```

CASE NUMBER 161401477 Other Misdemeanor

_____

```
        SENTENCE FINE
        Charge # 1        Fine: $150.00
                     Suspended: $0.00
                     Surcharge: $63.33
                          Due: $150.00


                   Total Fine: $150.00
              Total Suspended: $0
              Total Surcharge: $63.33
          Total Principal Due: $150.00
                          Plus Interest
```

        SCHEDULED TIMEPAY
        The following cases are on timepay 161401477.
        The defendant is to pay $20.00 monthly on the 15th.
        The number of payments scheduled is 9 plus a final payment of
        $9.54.
        The first payment is due on 05/15/2017 the final payment of $9.54
        is due on 02/15/2018.  The final payment may vary based on
        interest.


        Pay fine to The Court.  This can be paid online at:
        www.utcourts.gov/epayments.


        Defendant moves to stay sentence pending appeal. The Court denies
        this motion.
04-17-17 Filed order: AMENDED: SENTENCE, JUDGMENT, COMMITMENT
                  Judge HEATHER BRERETON
                  Signed April 17, 2017
04-18-17 Ruling Entry - MINUTE ENTRY
         Judge: HEATHER BRERETON
        The court denied the motion to stay sentence in court.
                    CERTIFICATE OF NOTIFICATION
        I certify that a copy of the attached document was sent to the
        following people for case 161401477 by the method and on the date
        specified.


        MAIL:  KRISTINA ZEMAITIENE PO BOX 213 SANDY, UT 84091

Printed: 04/19/19 14:35:50        Page 16

CASE NUMBER 161401477 Other Misdemeanor

EMAIL:   DOUGLAS A JOHNSON sandypros@sandy.utah.gov

                04/18/2017                    /s/ LORI WINEGAR
        Date: _____      _____

                                  Deputy Court Clerk
04-18-17 Filed order: MINUTE ENTRY
                Judge HEATHER BRERETON
                Signed April 18, 2017
04-18-17 Filed: Appellate Court Document, Letter from the Utah Court of
         Appeals the case number is 20170292
04-18-17 Note: Appealed: Case #20170292
04-19-17 **** PRIVATE **** Filed: Motion to Waive Fees
04-19-17 **** PRIVATE **** Filed: Affidavit Supporting Motion to Wa
04-20-17 Note: Put order in Mike's basket. rg
04-20-17 Note: Order on Motion to Waive Fees placed in Judge Brereton's
                box downstairs.  mc
04-28-17 Filed order: Order on Motion to Waive Fees
                Judge HEATHER BRERETON
                Signed April 28, 2017
05-06-17 Other Trust          Payment Received:          20.00
05-18-17 Filed: Motion to Amend the Order to Waive Fees
         Filed by: ZEMAITIENE, KRISTINA
05-19-17 Filed: Appellate Court Document, Order by the Supreme Court of
         Utah, the Writ of Certriorari is denied.
05-24-17 Filed: Appellate Court Document, Order by the Supreme Court of
         Utah the Petition for Writ of Certiorari is denied
05-24-17 Filed: Appellate Court Document, Notice of Decision
05-24-17 Filed: Appellate Court Document, Remittitur by the Utah Court
         of Appeals
06-14-17 Filed: TRANSCRIPT for Hearing of 03-27-2017
07-28-17 Note: Paginated Appeal uploaded to COA
09-06-17 Fee Account created    Total Due:          10.00
09-06-17 AUDIO TAPE COPY Account Adjustment    Total Due:
         0.00
09-06-17 AUDIO TAPE COPY Account Adjustment    Total Due:
         0.00
         Reason: created in error
09-07-17 Note: Audio request completed, emailed to requestor
Printed: 04/19/19 14:35:50        Page 17

CASE NUMBER 161401477 Other Misdemeanor

_____

10-10-17 Filed: Violation, Warrant Ref Case 161401477
10-17-17 Note: DEF came in stating she was having problems financially
         and unable to make a payment.
11-06-17 Filed: Motion to Modify Sentence
         Filed by: ZEMAITIENE, KRISTINA
11-08-17 Notice - NOTICE for Case 161401477 ID 18679025
         MOTION TO MODIFY is scheduled.
             Date: 11/27/2017
             Time: 08:30 a.m.
             Location: WJ Courtroom 36
                       8080 S REDWOOD ROAD
                       SUITE 1701
                       WEST JORDAN, UT  84088
         Before Judge: HEATHER BRERETON
11-08-17 MOTION TO MODIFY scheduled on November 27, 2017 at 08:30 AM in
         WJ Courtroom 36 with Judge BRERETON.
11-08-17 Filed: Notice for Case 161401477 MO: Judge    HEATHER BRERETON
11-27-17 Minute Entry - MOTION TO MODIFY
         Judge:   HEATHER BRERETON
         PRESENT
         Clerk:  kathersd
         Prosecutor: DOUGLAS A JOHNSON
         Defendant Present
         The defendant is not in custody

         Audio
         Tape Number:    36   Tape Count: 10:02-10:05


         The matter comes before the Court on Defendant's motion to modify
         sentence.

         The Court rules that Defendant's sentence to allow Defendant to
         complete community service hours in lieu of fine. Court will credit
         Defendant at a rate of $10 per hour of community service towards
         the fine.

         Defendant is to complete community service at a rate of 5 hours per
         month, due the first of each month beginning 1/01/2018.

Printed: 04/19/19 14:35:50        Page 18

CASE NUMBER 161401477 Other Misdemeanor

---

```
11-27-17 Filed order: MOTION TO MODIFY
                Judge HEATHER BRERETON
                Signed November 27, 2017
12-04-17 Other Trust Check #    51241  Trust Payout:        20.00
12-05-17 Other Trust            Payment Received:           17.00
12-05-17 INTEREST               Payment Received:            3.00
12-12-17 Other Trust Check #    51253  Trust Payout:        17.00
12-13-17 INTEREST               Payment Received:            0.43
12-13-17 Fine                   Payment Received:           16.57
12-13-17 Filed: Appellate Court Document, Order of Dismissal by the Utah
         Court of Appeals
01-16-18 Filed: Appellate Court Document, letter by the Supreme Court of
         Utah, a petition for Writ of Certiorari was filed the case
         number is 20180027
01-29-18 Filed: Community Service hours
01-31-18 Note: Credit for 15 hours of community service d:
                1/2/18-1/17/18.
01-31-18 Fine                   Payment Received:            0.00
                                Credit Received:           133.43
            Note: Community Service
01-31-18 INTEREST Account Adjustment     Total Due:          3.43
         Reason: Credit for 15hrs of c/s
01-31-18 Judgment #1 Modified $ 150.00 Disposition: Satisfied
02-22-18 Case Closed
         Disposition Judge is HEATHER BRERETON
04-02-18 Filed: Appellate Court Document/Order by Supreme Court- Writ of
         Certiorari is Denied
04-03-18 Filed: Appellate Court Document-Notice of Decision from Supreme
         Court
04-12-18 Filed: Appellate Court Document, Order of Dismissal by the Utah
         Court of Appeals
04-12-18 Filed: Appellate Court Document, Remittitur by the Utah Court
         of Appeals
01-11-19 Judge DIANNA GIBSON assigned.
```