IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **KRISTINA ZEMAITIENE,** <br><br> Plaintiff, <br><br> v. <br><br> **SALT LAKE COUNTY, et al.,** <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:17-cv-00007-DAK-JCB <br><br> District Judge Dale A. Kimball <br><br> Magistrate Judge Jared C. Bennett |

District Judge Dale A. Kimball referred this case to Magistrate Judge Paul M. Warner under 28 U.S.C. § 636(b)(1)(B).[1] Due to Judge Warner's retirement, this case is now referred to Magistrate Judge Jared C. Bennett.[2] Before the court is pro se Plaintiff Kristina Zemaitiene's ("Ms. Zemaitiene") motion for extension of time.[3] The court has carefully reviewed the written memoranda submitted by the parties. Under DUCivR 7-1(f), the court concludes that oral argument is not necessary and, therefore, decides the motion on the written memoranda. In her motion, Ms. Zemaitiene seeks extensions of time to: (1) file objections to Judge Warner's March 6, 2020 Report and Recommendation;[4] and (2) respond to Defendant Corporation of the Presiding Bishop of The Church of Jesus Christ of Latter-Day Saints dba Deseret Industries'

---

[1] ECF No. 11.

[2] ECF No. 70.

[3] ECF No. 88.

[4] ECF No. 62.

("DI") motion for summary judgment.[5] Based upon the analysis set forth below, Ms. Zemaitiene's request for an extension of time to file objections to the March 6, 2020 Report and Recommendation is denied, and her request for an extension of time to respond to DI's motion for summary judgment is granted in part and denied in part.

## RELEVANT BACKGROUND

In a March 6, 2020 Report and Recommendation, Judge Warner recommended granting two motions to dismiss filed by various defendants in this case (collectively, "Moving Defendants"). After that Report and Recommendation was issued, Ms. Zemaitiene had 14 days to file any objections to it.[6] On March 24, 2020, after no timely objections had been filed, Judge Kimball adopted that Report and Recommendation.[7] Judge Kimball's Order was mailed to Ms. Zemaitiene, but it was returned to the court as undeliverable.[8]

On April 27, 2020, Ms. Zemaitiene filed a motion for relief from Judge Kimball's March 24, 2020 Order in which she requested leave to file objections to the March 6, 2020 Report and Recommendation.[9] Ms. Zemaitiene asserted that she had been unable to prepare her objections because she had not had access to a computer at her public library, which had been closed due to the COVID-19 pandemic. In an April 30, 2020 Order, Judge Kimball granted Ms. Zemaitiene's

---

[5] ECF No. 83.

[6] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[7] ECF No. 63.

[8] ECF No. 64.

[9] ECF No. 65.

motion and provided her with a deadline to file her objections of 14 days from the date the public libraries reopened.[10]

On September 24, 2020, this court issued a Report and Recommendation on certain pending motions.[11] That Report and Recommendation was mailed to Ms. Zemaitiene, but it was returned as undeliverable.[12] In an October 20, 2020 Order, after Ms. Zemaitiene did not file any timely objections, Judge Kimball adopted that Report and Recommendation.[13] In that Order, Judge Kimball noted that there was some question whether Ms. Zemaitiene was aware of the Report and Recommendation given that the mailing to her had been returned as undeliverable. Nevertheless, Judge Kimball adopted the Report and Recommendation and specifically noted that Ms. Zemaitiene had duties to keep a current address on file with the court and to prosecute her case. Judge Kimball's Order was mailed to Ms. Zemaitiene, but it was returned as undeliverable.[14]

On October 21, 2020, Judge Kimball issued an Order reaffirming his prior adoption of the March 6, 2020 Report and Recommendation.[15] In that Order, Judge Kimball noted that the Salt Lake County libraries had reopened for appointments on July 13, 2020, and fully reopened

---

[10] ECF No. 66.

[11] ECF No. 77.

[12] ECF No. 78.

[13] ECF No. 79.

[14] ECF No. 81.

[15] ECF No. 80.

to the public on October 5, 2020, yet Ms. Zemaitiene had not filed any objections with 14 days of the date the libraries fully reopened.

On January 4, 2021, DI filed its motion for summary judgment.[16] Under DUCivR 7-1(b)(3)(A) and 56-1(g)(2), Ms. Zemaitiene's response was due within 28 days (i.e., February 1, 2021).

On January 25, 2021, over 3 months after Judge Kimball's October 20, 2020 Order was mailed to Ms. Zemaitiene, she filed a motion for relief from that Order and requested leave to file objections to the September 24, 2020 Report and Recommendation.[17] In her motion, Ms. Zemaitiene asserted that she was unaware of the September 24, 2020 Report and Recommendation because it had been returned to the court as undeliverable. At the same time, Ms. Zemaitiene admitted that she relies upon general postal delivery service. Ms. Zemaitiene also contended that she had problems with preparing her objections because of her lack of computer access at libraries during the COVID-19 pandemic and continuing limited access to a computer after the libraries reopened. In a January 28, 2021 Order, Judge Kimball granted and denied Ms. Zemaitiene's motion for relief from his October 20, 2020 Order.[18] In his Order, Judge Kimball reiterated all of the points from his prior Orders and also notified Ms. Zemaitiene that if she relied on general delivery postal service, she had a duty to check the court's docket regularly. Judge Kimball further notified Ms. Zemaitiene that she had a duty to litigate this case,

---

[16] ECF No. 83.

[17] ECF No. 84.

[18] ECF No. 86.

which she chose to bring, and that she could not "come and go" from doing so. After providing those points of notification, Judge Kimball granted Ms. Zemaitiene one final 30-day extension of time to file objections to the September 24, 2020 Report and Recommendation.

On January 25, 2021, Ms. Zemaitiene filed the motion currently before the court in which she seeks yet another extension of time to file objections to the March 6, 2020 Report and Recommendation, as well as an extension of time to file her response to DI's motion for summary judgment.[19] Ms. Zemaitiene's motion was obviously filed well past the deadline for filing objections to the March 6, 2020 Report and Recommendation, but it was filed prior to the expiration of her deadline for responding to DI's motion for summary judgment. In support of her requests, Ms. Zemaitiene asserts that she still has limited access to a computer at public libraries, has experienced health problems, and has been attending to a separate litigation matter in state court.

## LEGAL STANDARDS

Because Ms. Zemaitiene's request for an extension of time to file objections to the March 6, 2020 Report and Recommendation came well after the deadline for filing such objections, that request is governed by Fed. R. Civ. P. 6(b)(1)(B), which provides that "the court may, for good cause," extend a deadline after it has expired "if the party failed to act because of excusable neglect." Therefore, Ms. Zemaitiene must show both good cause and excusable neglect for this request to be granted.

---

[19] ECF No. 88.

On the other hand, because Ms. Zemaitiene requested an extension of time to respond to DI's motion for summary judgment prior to the expiration of the deadline for doing so, that request is governed by Fed. R. Civ. P. 6(b)(1)(A), which provides that "the court may, for good cause," extend a deadline if "a request is made. . . before the original time or its extension expires." Thus, Ms. Zemaitiene must establish only good cause for this request to be granted.

The Tenth Circuit has recognized that good cause and excusable neglect are not identical but are interrelated.[20] With respect to what is required to show good cause, the Tenth Circuit has stated:

> Without attempting a rigid or all-encompassing definition of good cause, it would appear to require *at least as much* as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified is normally required.[21]

"'[G]ood cause' requires a greater showing than 'excusable neglect.'"[22] "Good cause comes into play in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the

---

[20] *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996); *Putnam v. Morris,* 833 F.2d 903, 905 (10th Cir. 1987).

[21] *In re Kirkland*, 86 F.3d at 175 (quotations and citations omitted); *see also Putnam,* 833 F.2d at 905.

[22] *In re Kirkland*, 86 F.3d at 175 (footnote omitted).

movant."[23] "It requires the moving party to show the deadline cannot be met despite the movant's diligent efforts."[24]

To determine whether the lesser standard of excusable neglect is shown,

> a court must take into account "all relevant circumstances surrounding the party's omission." These include four relevant factors: (1) "the danger of prejudice" to the nonmoving party; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within reasonable control of the movant"; and (4) "whether the movant acted in good faith."[25]

"The Tenth Circuit has . . . held that the third factor . . . is 'perhaps the most important single factor . . . in determining whether neglect is excusable.'"[26] "'[A]n inadequate explanation for delay, may, by itself, be sufficient to reject a finding of excusable neglect.'"[27]

---

[23] *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700-01 (10th Cir. 2017) (quotations and citation omitted).

[24] *Id*. at 701. (quotations and citation omitted).

[25] *Shifers v. Arapahoe Motors, Inc.*, No. 17-CV-01753-CMA-KLM, 2018 WL 6620866, at *3 (D. Colo. Dec. 18, 2018) (citations omitted) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)); *see also Shifers*, 2018 WL 6620866, at *3 (providing that although the *Pioneer* Court's "discussion of excusable neglect . . . concerned Bankruptcy Rule 9006(b)(1), . . . its analysis rested on the plain meaning of the terms . . . . Accordingly, the Court of Appeals for the Tenth Circuit has extended the *Pioneer* standard of excusable neglect to motions arising under . . . Federal Rule of Civil Procedure 6(b)" (citing multiple Tenth Circuit cases) (quotations and citations omitted)).

[26] *Shifers*, 2018 WL 6620866, at *3 (third alteration in original) (quoting *City of Chanute, Kan. v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)).

[27] *Id*. (alteration in original) (quoting *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017)).

# ANALYSIS

Ms. Zemaitiene has not established good cause or excusable neglect to extend the deadline to file objections to the March 6, 2020 Report and Recommendation. Therefore, that portion of her motion is denied. Ms. Zemaitiene has established good cause for extending the deadline to respond to DI's motion for summary judgment. However, the court will not grant the full extension that Ms. Zemaitiene requests. Accordingly, that portion of her motion is granted in part and denied in part. The court addresses each of Ms. Zemaitiene's requests in order below.

## I. Ms. Zemaitiene's Request for an Extension of Time to File Objections to the March 6, 2020 Report and Recommendation Is Denied.

Ms. Zematiene requests an extension of time to file objections to the March 6, 2020 Report and Recommendation. For that request to be granted, she must show both good cause and excusable neglect.[28] Given that establishing good cause requires at least a showing of excusable neglect, the court first considers whether Ms. Zemaitiene establishes excusable neglect. After determining that she does not meet that standard, the court necessarily determines that she does not meet good cause either. Each standard is addressed below.

### A. Ms. Zemaitiene Fails to Establish Excusable Neglect.

In determining whether Ms. Zemaitiene establishes excusable neglect, the court first considers whether extending the relevant deadline would impose undue prejudice on the Moving Defendants. The court concludes that it would. The March 6, 2020 Report and Recommendation was issued almost exactly a full year ago, was adopted by Judge Kimball soon thereafter, and was re-adopted by Judge Kimball over 4 months ago. The Moving Defendants

---

[28] Fed. R. Civ. P. 6(b)(1)(B).

are entitled to some finality, as well as a speedy and efficient resolution of this case. Requiring them to reenter this case after they have already been twice dismissed is both unreasonable and prejudicial. Accordingly, this factor weighs against a finding of excusable neglect.

Second, the court considers the length of the delay and its impact on the judicial proceedings. As noted above, the length of the delay in resolving the March 6, 2020 Report and Recommendation is substantial. Furthermore, even if the court considers only the delay from the last deadline for Ms. Zemaitiene's objections in October 2020 to the date of her current motion, that delay is approximately 3 months, which is likewise substantial. Additionally, the length of those delays has had a significant impact on these proceedings. Allowing Ms. Zemaitiene to now object to a Report and Recommendation that was issued nearly a year ago is entirely contrary to the mandate of Fed. R. Civ. P. 1, which requires the court to "secure the just, speedy, and inexpensive determination of every action and proceeding." For those reasons, this factor weighs heavily against a finding of excusable neglect.

Third, the court considers whether Ms. Zemaitiene has proffered an adequate reason for the delay. She has not. Her primary explanations for the delay are limited access to a computer at public libraries, health problems, and attending to a separate litigation matter in state court. Although the court acknowledges those difficulties, they do not provide a sufficient explanation for the extended delay here. Indeed, as demonstrated above, Ms. Zemaitiene waited approximately 3 months between the most recent deadline for her objections and the filing of the instant motion. Despite any obstacles she may have faced, they do not explain that delay. Ms.

Zemaitiene's inadequate explanation for the delay, by itself, weighs heavily against a finding of excusable neglect and justifies denying this portion of her motion.[29]

Finally, the court considers whether Ms. Zemaitiene has acted in good faith. Although there is no direct evidence of bad faith, the court cannot conclude that she has acted in good faith. Ms. Zemaitiene has failed keep a current address with the court since at least October 2020, as required by the court's local rules, even for pro se parties.[30] Additionally, it is clear that she has not checked the docket in this case regularly. That conduct shows a lack of a good faith interest in prosecuting this case. Ms. Zemaitiene is reminded that she chose to initiate this case and, as such, has a duty to prosecute it. For those reasons, this factor weighs against a finding of excusable neglect.

Based upon consideration of the relevant factors, the court concludes that Ms. Zemaitiene fails to establish excusable neglect. That alone justifies denying her motion. Nevertheless, assuming that she had established excusable neglect, the court now turns to whether she can establish good cause.

---

[29] *Shifers*, 2018 WL 6620866, at *3 ("'[A]n inadequate explanation for delay, may, by itself, be sufficient to reject a finding of excusable neglect.'" (alteration in original) (quoting *Perez*, 847 F.3d at 1253)).

[30] DUCivR 83-1.3(e) ("In all cases, counsel and parties appearing pro se must notify the Clerk's Office immediately of any change in address, email address, or telephone number."); *see also Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) ("[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure."); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." (quotations and citations omitted)).

### B. Ms. Zemaitiene Fails to Establish Good Cause.

Having determined that Ms. Zemaitiene fails to satisfy the lesser excusable neglect standard, the court examines whether she meets the good cause standard. As stated above, to demonstrate good cause, Ms. Zemaitiene must "show the deadline [could not] be met despite [her] diligent efforts."[31] Again, Ms. Zemaitiene fails to provide an adequate explanation because, even considering the alleged difficulties she has faced, those difficulties do not explain the approximately 3-month delay between the most recent deadline for her objections and the filing of her instant motion. Therefore, because Ms. Zemaitiene fails to establish good cause, this portion of her motion must be denied.

### II. Ms. Zemaitiene's Request for an Extension of Time to File Her Response to DI's Motion for Summary Judgment Is Granted in Part and Denied in Part.

Ms. Zemaitiene requests a 60-day extension of time to respond to DI's motion for summary judgment. As stated above, she must show good cause to obtain that extension.[32] For the reasons that follow, the court concludes that she has established good cause, but a 60-day extension is too much. Instead, 28 days is appropriate.

Unlike her first request, Ms. Zemaitiene's second request for extension of time was made prior to expiration of the relevant deadline. Additionally, her second request seeks to have the issues in DI's motions decided on their merits with the benefit of full briefing.[33] Finally, DI's response to Ms. Zemaitiene's request agrees to a reasonable extension of time.

---

[31] *Herbert*, 678 F. App'x at 701 (quotations and citation omitted).

[32] Fed. R. Civ. P. 6(b)(1)(A).

[33] *Herbert*, 678 F. App'x at 700 (providing "that Rule 6(b)(1) should be liberally construed to advance the goal of trying each case on the merits" (quotations and citation omitted)).

Under those circumstances, the court concludes that Ms. Zemaitiene has shown good cause in support of this request. However, the court will not provide her with the full 60 days she requests. Instead, Ms. Zemaitiene shall have 28 days, or until April 7, 2021, to file her response to DI's motion for summary judgment. Given the prior delays in resolving this litigation, the 28-day extension appropriately grants her time to respond on the merits without violating the requirements of Fed. R. Civ. P. 1 to decide this matter in a "just, speedy, and inexpensive" manner. The court will not grant any further extensions of that deadline.

## **CONCLUSION AND ORDER**

Based upon the foregoing, IT IS HEREBY ORDERED:

1. Ms. Zemaitiene's motion for extension of time[34] is GRANTED IN PART and DENIED IN PART.

2. Ms. Zemaitene must file any response to DI's motion for summary judgment on or before April 7, 2021. The court will not grant any further extensions of that deadline.

IT IS SO ORDERED.

DATED March 10, 2021.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[34] ECF No. 88.