IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **KRISTINA ZEMAITIENE,** Plaintiff, v. **SALT LAKE COUNTY, et al.,** Defendants. | **MEMORANDUM DECISION AND ORDER** Case No. 2:17-cv-00007-DAK-JCB District Judge Dale A. Kimball Magistrate Judge Jared C. Bennett |

District Judge Dale A. Kimball referred this case to Magistrate Judge Paul M. Warner under 28 U.S.C. § 636(b)(1)(B).[1] Due to Judge Warner's retirement, this case is now referred to Magistrate Judge Jared C. Bennett.[2] Before the court is pro se Plaintiff Kristina Zemaitiene's ("Ms. Zemaitiene") motion for recusal of the undersigned.[3] The undersigned has carefully reviewed the motion and, under DUCivR 7-1(f), concludes that oral argument is not necessary. Based upon the analysis set forth below, Ms. Zemaitiene's motion is denied.

## BACKGROUND

Ms. Zemaitiene worked for Defendant Corporation of the Presiding Bishop of The Church of Jesus Christ of Latter-day Saints dba Deseret Industries ("Deseret Industries") in 2014. On December 27, 2014, Joel Knighton ("Mr. Knighton") and Denise Lovendahl ("Ms.

---

[1] ECF No. 11.

[2] ECF No. 70.

[3] ECF No. 106.

Lovendahl") of the Unified Police Department, Taylorsville Precinct stopped shoplifting suspect Hernan Castagnoli ("Mr. Castagnoli") in the parking lot of the Deseret Industries store located at 825 East 9400 South, Sandy, Utah. At the time of that incident, Mr. Knighton and Ms. Lovendahl were not on duty as police officers but were working as plain-clothes security officers for an independent contractor working with Deseret Industries.

Ms. Zemaitiene observed Mr. Knighton and Ms. Lovendahl apprehending Mr. Castagnoli on the date of the incident. Ms. Zemaitiene alleges that she ran toward Mr. Knighton and Ms. Lovendahl to assist Mr. Castagnoli because Ms. Zemaitiene believed that Mr. Castagnoli was being assaulted. Once Ms. Zemaitiene arrived, Mr. Castagnoli fled from the scene.

Subsequently, Ms. Lovendahl arrested Ms. Zemaitiene and issued her a citation for interfering with Mr. Castagnoli's arrest. During the issuance of Ms. Zemaitiene's citation, her supervisor at Deseret Industries informed her that she was suspended from work and barred her from all Deseret Industries stores. A few days later, Ms. Zemaitiene voluntarily resigned from Deseret Industries.

Ms. Zemaitiene was eventually charged in justice court with interfering with an arresting officer under Utah Code § 76-8-305. She was convicted of that offense in justice court and then again following a trial de novo in district court.

Ms. Zemaitiene filed her original complaint in this action on January 10, 2017,[4] and an amended complaint on March 16, 2018.[5] In her amended complaint, Ms. Zemaitiene alleges 17

---

[4] ECF No. 3.

[5] ECF No. 28. Ms. Zemaitiene's amended complaint was filed with leave of court. ECF No. 26.

causes of action against various defendants, including Deseret Industries, based upon the events described above. All named defendants have been dismissed from this action, except for Deseret Industries.[6]

On April 23, 2021, nearly one year after the referral of this action was reassigned to the undersigned, Ms. Zemaitiene filed her motion for recusal.[7] Ms. Zemaitiene's sole basis for her motion is that the undersigned's impartiality might reasonably be questioned in this matter because the sole remaining defendant is Deseret Industries, and the undersigned is a member of The Church of Jesus Christ of Latter-day Saints. Although Ms. Zemaitiene "understands that ordinarily religious faith does not provide a ground for recusal,"[8] she contends that under the circumstances, "one can reasonably expect [the undersigned] to use [his] judicial acumen, discretion and authority to benefit" The Church of Jesus Christ of Latter-day Saints.[9] Ms. Zemaitiene alleges that the undersigned "cannot rule against [his] [c]hurch without breaking [his] religious oath."[10]

## ANALYSIS

Ms. Zemaitiene's motion to disqualify under 28 U.S.C. § 455(a) fails. Section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify

---

[6] ECF Nos. 80, 100.

[7] ECF No. 106.

[8] *Id.* at 7.

[9] *Id.* at 3.

[10] *Id.* at 7.

himself in any proceeding in which his impartiality might reasonably be questioned."[11]  With respect to the timing of a motion to disqualify or recuse under § 455(a), it "must be timely filed."[12]  "Although [the Tenth Circuit] has not attempted to define the precise moment at which a § 455(a) motion to recuse becomes untimely, [Tenth Circuit] precedent requires a party to act promptly once it knows of the facts on which it relies in its motion."[13]  When considering the merits of a motion to disqualify or recuse under § 455(a), "[t]he test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."[14]  "Section 455 does not require recusal based only on assumptions about a judge's beliefs that are not substantiated by the facts of record."[15]  "There is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is."[16]  As for

---

[11] The court notes that in addition to the grounds for disqualification set forth in § 455(a), there are additional grounds for disqualification under § 455(b).  Because Ms. Zemaitiene's motion does not cite to or rely upon § 455(b), the court will not address the grounds set forth in that section.

[12] *Willner v. Univ. of Kan.*, 848 F.2d 1023, 1028 (10th Cir. 1988).

[13] *United States v. Pearson*, 203 F.3d 1243, 1276 (10th Cir. 2000).

[14] *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) (per curiam); *see also In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004) ("Section 455 contains an objective standard: disqualification is appropriate only where the reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality.").

[15] *In re McCarthey*, 368 F.3d at 1269-70; *see also Hinman*, 831 F.2d at 939 ("A judge should not recuse himself on unsupported, irrational, or highly tenuous speculation.").

[16] *Hinman*, 831 F.2d at 939.

Ms. Zemaitiene's specific claim of bias here, "courts have consistently held that membership in a church does not create sufficient appearance of bias to require recusal."[17]

Under those principles, Ms. Zemaitiene's motion fails for two reasons. First, it was not timely filed. Second, even if it were timely filed, Ms. Zemaitiene's asserted basis for disqualification fails on the merits. The court addresses each reason below.

First, Ms. Zemaitiene's motion was not timely filed. Tenth Circuit precedent dictates that a party moving for disqualification must act promptly once she knows of the facts that are the basis of her motion because "[a] promptly filed motion conserves judicial resources and alleviates the concern that it is motivated by adverse rulings or an attempt to manipulate the judicial process."[18] Ms. Zemaitiene's motion was filed nearly one year after the referral of this action was reassigned to the undersigned. Importantly, Ms. Zemaitiene does not allege that she only recently learned of the undersigned's church membership. In fact, she provides no argument at all concerning the timing of her motion. Thus, Ms. Zemaitiene's delay, by itself, is fatal to her motion.

Second, even if Ms. Zemaitiene's motion were timely filed, it fails on the merits. Ms. Zemaitiene's sole argument in support of her motion is the undersigned's church membership,

---

[17] *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 660 (10th Cir. 2002) (citing cases); *see also In re McCarthey,* 368 F.3d at 1270 (holding that "merely because" a judge "belongs to and contributes to" The Church of Jesus Christ of Latter-day Saints "would never be enough to disqualify him").

[18] *Pearson,* 203 F.3d at 1276; *see also Willner,* 848 F.2d at 1029 ("Granting a motion to recuse many months after an action has been filed wastes judicial resources and encourages manipulation of the judicial process.").

which the Tenth Circuit has squarely rejected as a basis for disqualification.[19] For those reasons, the court denies Ms. Zemaitiene's motion.

## ORDER

Based upon the foregoing, IT IS HEREBY ORDERED that Ms. Zemaitiene's motion for recusal of the undersigned[20] is DENIED.

IT IS SO ORDERED.

DATED May 25, 2021.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[19] *In re McCarthey*, 368 F.3d at 1270; *Bryce*, 289 F.3d at 660.

[20] ECF No. 106.