IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **KRISTINA ZEMAITIENE,**<br><br>Plaintiff,<br><br>v.<br><br>**SALT LAKE COUNTY, et al.,**<br><br>Defendants. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:17-cv-00007-DAK-JCB<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Jared C. Bennett |

District Judge Dale A. Kimball referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Due to Judge Warner's retirement, this case is now referred to Magistrate Judge Jared C. Bennett.[2] Before the court is Defendant Corporation of the Presiding Bishop of The Church of Jesus Christ of Latter-day Saints dba Deseret Industries ("Deseret Industries") motion for summary judgment.[3] The court has carefully reviewed the parties' written memoranda. Under DUCivR 7-1(f), the court concludes that oral argument is not necessary and, therefore, decides the motion on the written memoranda. Based upon the analysis set forth below, the court recommends granting Deseret Industries' motion.

---

[1] ECF No. 11.

[2] ECF No. 70.

[3] ECF No. 83.

## BACKGROUND

In 2014, Plaintiff Kristina Zemaitiene ("Ms. Zemaitiene")[4] worked for Deseret Industries,[5] which is a private humanitarian organization. On December 27, 2014, Joel Knighton ("Mr. Knighton") and Denise Lovendahl ("Ms. Lovendahl") of the Unified Police Department, Taylorsville Precinct stopped shoplifting suspect Hernan Castagnoli ("Mr. Castagnoli") in the parking lot of the Deseret Industries store located at 825 East 9400 South, Sandy, Utah ("Incident").[6] At the time of the Incident, Mr. Knighton and Ms. Lovendahl were not on duty as police officers but were working as plain-clothes security officers for an independent contractor working with Deseret Industries.[7]

Ms. Zemaitiene observed Mr. Knighton and Ms. Lovendahl apprehending Mr. Castagnoli on the date of the Incident.[8] Ms. Zemaitiene alleges that she ran toward Mr. Knighton and Ms. Lovendahl to assist Mr. Castagnoli because Ms. Zemaitiene believed Mr. Castagnoli was being assaulted.[9] Once Ms. Zemaitiene arrived, Mr. Castagnoli fled from the scene.[10]

---

[4] At the outset, the court recognizes that Ms. Zemaitiene is proceeding pro se in this case. Consequently, the court will construe her pleadings liberally. *See e.g.*, *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[5] ECF No. 28 at ¶ 29.

[6] *Id.* at ¶ 27.

[7] *Id.* at ¶ 28.

[8] *Id.* at ¶ 30.

[9] *Id.* at ¶¶ 31-33.

[10] *Id.* at ¶ 34.

Mr. Knighton and Ms. Lovendahl identified themselves to Ms. Zemaitiene as "undercover police officers working security at the store."[11] Around the same time, Ms. Lovendahl approached Ms. Zemaitiene, and Ms. Lovendahl pulled her police badge that was hung around her neck from beneath her shirt and made physical contact with Ms. Zemaitiene.[12] Mr. Knighton and Ms. Lovendahl then started walking back into the store.[13]

Thereafter, Ms. Zemaitiene entered the store and observed Mr. Knighton and Ms. Lovendahl talking to a store employee, Brannon Bai ("Mr. Bai"), in the main office of the store.[14] Ms. Zemaitiene proceeded to explain to Mr. Bai that she had witnessed Mr. Knighton and Ms. Lovendahl assaulting a store customer.[15] Mr. Bai told Ms. Zemaitiene to exit the office and wait in the hall.[16]

During Ms. Zemaitiene's wait, Rick Ricks ("Mr. Ricks"), an assistant store manager, and Melanie Perry, a store job coach, entered the office, and Mr. Bai left the office.[17] After about ten minutes, Ms. Zemaitiene reentered the office and asked for permission to report the Incident.[18]

---

[11] *Id.* at ¶ 35.

[12] *Id.* at ¶ 36.

[13] *Id.* at ¶ 37.

[14] *Id.* at ¶¶ 38-40.

[15] *Id.* at ¶ 41.

[16] *Id.*

[17] *Id.* at ¶ 42.

[18] *Id.* at ¶ 43.

With permission from Mr. Ricks, Ms. Zemaitiene described the Incident and accused Ms. Lovendahl of sexual assault during the Incident.[19]

Ms. Zemaitiene alleges that "[u]pon the accusation" of sexual assault, Ms. Lovendahl arrested Ms. Zemaitiene and informed her that she was being charged with interfering with Mr. Castagnoli's arrest.[20] Ms. Lovendahl then handcuffed Ms. Zemaitiene and took her into custody in the office.[21] After searching Ms. Zemaitiene's purse, Ms. Lovendahl found Ms. Zemaitiene's driver license, which Ms. Lovendahl used to complete Ms. Zemaitiene's citation for interfering with Mr. Castagnoli's arrest.[22] Ms. Zemaitiene refused to sign the citation because she did not understand everything that was written on the citation and was afraid that signing the citation would constitute an admission of guilt.[23] Ms. Lovendahl later informed Ms. Zemaitiene that signing the citation did not constitute an admission of guilt but rather an acknowledgement of receiving the citation.[24] Based upon Ms. Zemaitiene's request, Ms. Lovendahl removed Ms. Zemaitiene's handcuffs and allowed her to sign the citation.[25] After signing the citation, Ms. Zemaitiene was given a copy of it and was released.[26]

---

[19] *Id.* at ¶ 44.

[20] *Id.* at ¶ 45.

[21] *Id.* at ¶ 46.

[22] *Id.* at ¶ 47.

[23] *Id.* at ¶ 49.

[24] *Id.* at ¶ 51.

[25] *Id.* at ¶¶ 51-52.

[26] *Id.* at ¶ 53.

During the issuance of Ms. Zemaitiene's citation, Mr. Ricks informed Ms. Zemaitiene that he was suspending her from work and barring her from all Deseret Industries stores.[27] A few days later, Ms. Zemaitiene voluntarily resigned from Deseret Industries.[28]

Ms. Zemaitiene was eventually charged in justice court with interfering with an arresting officer under Utah Code § 76-8-305.[29] Mr. Castagnoli was also charged with interfering with an arresting officer, as well as retail theft.[30] Both of Mr. Castagnoli's charges were later dismissed with prejudice by the justice court at the prosecutor's request.[31] Ms. Zemaitiene's charge was not dismissed.[32] Prior to Ms. Zemaitiene's jury trial in justice court, the prosecutor amended Ms. Zemaitiene's misdemeanor charge to an infraction.[33] Ms. Zemaitiene was convicted of interfering with an arresting officer in justice court and then again following a trial de novo in district court.[34]

---

[27] *Id*. at ¶ 48.

[28] *Id*. at ¶ 161.

[29] *Id*. at ¶ 54.

[30] *Id*. at ¶ 55.

[31] *Id*. at ¶ 56.

[32] *Id*. at ¶ 57.

[33] *Id*. at ¶ 58.

[34] *Id*. at ¶ 59.

Ms. Zemaitiene filed her original complaint in this action on January 10, 2017,[35] and an amended complaint on March 16, 2018.[36]  In her amended complaint, Ms. Zemaitiene alleges 17 causes of action against various defendants, including Deseret Industries, based upon the events described above.  All named defendants have been dismissed from this action, except for Deseret Industries.[37]  Only the following of Ms. Zemaitiene's causes of action are asserted against Deseret Industries: (1) claims under 42 U.S.C. § 1983 for "Civil Conspiracy to Violate the Right to Equal Protection" under the Fourteenth Amendment[38] and "Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the First, Fourth, Fifth[,] and Fourteenth Amendments";[39] and (2) a "State Law Claim (Respondeat Superior)."[40]  Deseret Industries moved for summary judgment on Ms. Zemaitiene's claims on January 4, 2021.[41]  After receiving an extension of time,[42] Ms. Zemaitiene responded to Deseret Industries' motion on April 7, 2021.[43]  Deseret Industries filed its reply on April 20, 2021.[44]

---

[35] ECF No. 3.

[36] ECF No. 28.  Ms. Zemaitiene's amended complaint was filed with leave of court.  ECF No. 26.

[37] ECF Nos. 80, 100.

[38] ECF No. 28 at ¶¶ 134-40.

[39] *Id*. at ¶¶ 141-50.

[40] *Id*. at ¶¶ 200-04.

[41] ECF No. 83.

[42] ECF No. 93.

[43] ECF No. 101.

[44] ECF No. 103.

## LEGAL STANDARDS

Fed. R. Civ. P. 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The party moving for summary judgment "has the initial burden of demonstrating the absence of any genuine issue of material fact to support the non-moving party's case.  Once the moving party has met its burden, the burden shifts back to the nonmoving party to show that there is a genuine issue of material fact."[45]  To carry that burden, the nonmoving party may not rely upon the allegations in her complaint, but instead must "designate specific facts showing that there is a genuine issue for trial."[46]

In evaluating a motion for summary judgment, the court views the facts in a light most favorable to the nonmovant and draws all reasonable inferences in the nonmovant's favor.[47]  However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial."[48]

## ANALYSIS

For the following reasons, Deseret Industries is entitled to summary judgment on Ms. Zemaitiene's claims.  First, summary judgment is appropriate on Ms. Zemaitiene's section 1983 claims because it is undisputed that Deseret Industries is not a state actor.  Second, summary

---

[45] *Jensen v. Kimble*, 1 F.3d 1073, 1076 (10th Cir. 1993) (citations omitted).

[46] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quotation marks omitted).

[47] *Jones v. Norton*, 809 F.3d 564, 573 (10th Cir. 2015).

[48] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quotations and citation omitted).

judgment is appropriate on Ms. Zemaitiene's section 1983 conspiracy claims because she has not come forward with any evidence concerning the existence of a conspiracy and a constitutional violation. Finally, summary judgment is appropriate on Ms. Zemaitiene's respondeat superior claim because, again, she has not come forward with any evidence showing an underlying constitutional violation. The court discusses each of those reasons in turn below and, thereafter, recommends granting Deseret Industries' motion for summary judgment.

I. **Deseret Industries Is Entitled to Summary Judgment on Ms. Zemaitiene's Section 1983 Claims.**

Ms. Zemaitiene makes the unsupported allegation that Deseret Industries acted under "color of law" or "color of state law" in several portions of her amended complaint.[49] However, she also alleges that Deseret Industries "was and is a private entity."[50] Ms. Zemaitiene has not come forward with any evidence that would create a genuine issue of fact concerning whether Deseret Industries, by itself, is a state actor. Thus, under the undisputed facts, Deseret Industries is entitled to summary judgment on Ms. Zemaitiene's section 1983 claims because those claims are, by her own admission, asserted against a private entity, which is not subject to the strictures

---

[49] ECF No. 28 at ¶¶ 17, 23, 81, 92, 135, 142.

[50] *Id.* at ¶ 17.

of section 1983.[51] Therefore, the court should grant summary judgment in favor of Deseret Industries on Ms. Zemaitiene's section 1983 claims.[52]

## II. Deseret Industries Is Entitled to Summary Judgment on Ms. Zemaitiene's Section 1983 Conspiracy Claims.

Ms. Zemaitiene also asserts section 1983 claims based upon an alleged conspiracy among Deseret Industries and certain state actors. "Allegations of conspiracy may . . . form the basis of a § 1983 claim."[53] However, "to recover under a § 1983 conspiracy theory, a plaintiff must plead and prove not only a conspiracy, but also an actual deprivation of rights; pleading and proof of one without the other will be insufficient."[54] To survive summary judgment on such claim, a

---

[51] *Hunter v. Midland Mortg.*, No. CV-15-1266-R, 2015 WL 8207522, at *1 (W.D. Okla. Dec. 7, 2015) ("Plaintiff's reliance on 42 U.S.C. § 1983 is misplaced, because § 1983 creates a private cause of action when persons acting under color of state law violate a person's constitutional rights. A private person is not liable under 42 U.S.C. § 1983, and therefore Plaintiff cannot rely on this section to invoke the Court's jurisdiction.").

[52] In response to Deseret Industries' motion, Ms. Zemaitiene argues that Deseret Industries should be considered a state actor under the public function test. *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1456 (10th Cir. 1995) ("If the state delegates to a private party a function traditionally exclusively reserved to the State, then the private party is necessarily a state actor." (quotations and citations omitted)). However, the cases she relies upon stand for the proposition that a private security guard can become a state actor under certain circumstances. The holdings of those cases do nothing to establish that Deseret Industries is a state actor under the facts presented here. Ms. Zemaitiene also argues that Deseret Industries is a state actor under the joint action test. *Id.* at 1453 ("State action is also present if a private party is a willful participant in joint action with the State or its agents." (quotations and citations omitted)). Ms. Zemaitiene's arguments concerning the joint action test are based exclusively on her unsupported allegations of the existence of a conspiracy among Deseret Industries and other state actors. As will be shown below, Ms. Zemaitiene fails to come forward with any evidence to raise a genuine issue for trial concerning the existence of such a conspiracy. For those reasons, both of Ms. Zemaitiene's arguments fail.

[53] *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998).

[54] *Dixon v. City of Lawton, Okla.*, 898 F.2d 1443, 1449 (10th Cir. 1990)

plaintiff may not rely upon unsupported allegations; instead, she must come forward with specific facts raising a genuine issue for trial.[55]

Ms. Zemaitiene's section 1983 conspiracy claims fail because she has not come forward with any evidence showing the existence of (A) a conspiracy and (B) a constitutional violation. The court addresses each deficiency in turn below.

### A. Ms. Zemaitiene Fails to Come Forward with Any Evidence Showing the Existence of a Conspiracy.

Ms. Zemaitiene's failure to come forward with any evidence concerning the existence of a conspiracy among Deseret Industries and other state actors is fatal to her section 1983 conspiracy claims. Although the Tenth Circuit has recognized the difficulty of producing direct evidence of a conspiracy,[56] it has also required a plaintiff to "allege specific facts showing an agreement and concerted action amongst the defendants" and concluded that "[c]onclusory allegations of conspiracy are insufficient to state a valid § 1983 claim."[57]

Ms. Zemaitiene has provided nothing beyond conclusory allegations concerning the existence of a conspiracy. Indeed, her amended complaint contains only conclusory allegations that Deseret Industries and other state actors "reached an understanding to violate [her] equal rights" and were involved in a "conspiracy to arrest and prosecute [her]."[58] Furthermore, even

---

[55] *Matsushita Elec. Indus. Co.,* 475 U.S. at 586-87.

[56] *Snell v. Tunnell*, 920 F.2d 673, 702 (10th Cir. 1990) (providing that "[a]n express agreement among all the conspirators is not a necessary element of a civil conspiracy" under section 1983 (quotations and citations omitted)).

[57] *Tonkovich*, 159 F.3d at 533 (quotations and citations omitted).

[58] ECF No. 28 at ¶ 136.

when faced with Deseret Industries' motion for summary judgment, Ms. Zemaitiene failed to buttress those conclusory allegations with any evidence creating a genuine issue for trial. Instead, in her response to Deseret Industries' motion, Ms. Zemaitiene confirms the speculative nature of her conspiracy allegations when she baldly asserts that "the circumstances of [her] arrest create a reasonable inference that there might have been an unlawful meeting of minds between [Mr.] Knighton and [Ms.] Lovendahl and Deseret Industries' managerial staff members."[59]  She also contends, without any support, that she has "provided plausible grounds to imply [that Deseret Industries] meddle[d] in [her] prosecution" by somehow influencing the prosecutor and judge in her state criminal case.[60]  Such allegations, by themselves, are insufficient to create a genuine issue for trial about whether there was any sort of conspiracy among Deseret Industries and any state actors.  For that reason alone, the court should grant summary judgment in favor of Deseret Industries on Ms. Zemaitiene's section 1983 conspiracy claims.

      B.      **Ms. Zemaitiene Fails to Come Forward with Any Evidence Showing the Existence of a Constitutional Violation.**

Even if Ms. Zemaitiene had come forward with evidence to create a triable issue concerning the existence of a conspiracy, her section 1983 conspiracy claims would still fail because she has not come forward with any evidence to show that any constitutional violations occurred.  As noted above, "a deprivation of a constitutional right is essential to proceed under a

---

[59] ECF No. 101 at 11.

[60] *Id*. at 13-15.

§ 1983 conspiracy claim."[61] Again, to survive summary judgment on such claim, a plaintiff must come forward with specific facts raising a genuine, triable issue of fact.[62]

The alleged constitutional violations that Ms. Zemaitiene relies upon to support her section 1983 conspiracy claims were purportedly committed by other named defendants in this action. However, as previously noted, all defendants other than Deseret Industries have been dismissed from this action. In dismissing those parties, the court concluded, among other things, that none of them committed any violations of Ms. Zemaitiene's constitutional rights. Ms. Zemaitiene has not, and undoubtedly could not, come forward with any evidence to raise a genuine issue for trial about whether any such violations occurred. Therefore, for that alternative reason, the court should grant summary judgment in favor of Deseret Industries on Ms. Zemaitiene's section 1983 conspiracy claims.

### III. Deseret Industries Is Entitled to Summary Judgment on Ms. Zemaitiene's Respondeat Superior Claim.

Granting summary judgment in favor of Deseret Industries on Ms. Zemaitiene's respondeat superior claim is appropriate because, as stated above, she has not come forward with any evidence to show an underlying constitutional violation. Although Ms. Zemaitiene's amended complaint does not make clear the legal basis for her respondeat superior claim, she asserts in her response to Deseret Industries' motion that she is relying upon the Supreme Court case *Monell v. N.Y. City Department of Social Services*,[63] which addresses municipal liability

---

[61] *Snell*, 920 F.2d at 701-02.

[62] *Matsushita Elec. Indus. Co.,* 475 U.S. at 586-87.

[63] 436 U.S. 658 (1978).

under section 1983. The holding of *Monell* has been extended to private parties being sued under section 1983.[64] Although *Monell* does not allow for municipal liability based solely upon a theory of respondeat superior, it does allow for municipal liability under section 1983 in certain circumstances.[65] However, when a party asserting a *Monell* claim fails to demonstrate an underlying constitutional violation, that party's claim necessarily fails.[66]

As demonstrated above, Ms. Zemaitiene has not, and could not, come forward with any evidence creating a triable issue concerning the existence of an underlying constitutional violation. For that reason, the court should grant summary judgment in favor of Deseret Industries on this claim.

## **CONCLUSION AND RECOMMENDATION**

Based upon the foregoing, IT IS HEREBY RECOMMENDED that Deseret Industries' motion for summary judgment[67] be GRANTED.[68] Copies of this Report and Recommendation

---

[64] *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) ("Although the Supreme Court's interpretation of § 1983 in *Monell* applied to municipal governments and not to private entities acting under color of state law, caselaw from this and other circuits has extended the *Monell* doctrine to private § 1983 defendants." (footnote omitted)).

[65] *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010).

[66] *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998) (providing that a plaintiff suing for municipal liability under section 1983 "must prove . . . a constitutional violation" and stating that "[i]t is well established . . . that a municipality cannot be held liable under section 1983 for the acts of an employee if a jury finds that the municipal employee committed no constitutional violation"); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993) (providing that, under *Monell*, a municipality may not be held liable under section 1983 "where there was no underlying constitutional violation").

[67] ECF No. 83.

[68] As a final matter, the court recognizes that in several portions of Ms. Zemaitiene's opposition to Deseret Industries' motion, she asserts that she should be entitled to conduct discovery before

are being sent to all parties, who are hereby notified of their right to object.[69] The parties must file any objection to this Report and Recommendation within 14 days after being served with a copy of it.[70] Failure to object may constitute waiver of objections upon subsequent review.

DATED May 25, 2021.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

the court rules on the motion. However, "[t]here is no requirement in Rule 56 . . . that summary judgment not be entered until discovery is complete." *Marquez v. Cable One, Inc.*, 463 F.3d 1118, 1121 (10th Cir. 2006) (second alteration in original) (quotations and citation omitted). If Ms. Zemaitiene wished to have the court defer ruling on Deseret Industries' motion pending further discovery, she was required to move for such relief under Rule 56(d) and "file an affidavit that explain[ed] why facts precluding summary judgment cannot be presented." *Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006) (quotations and citation omitted); *see also* Fed. R. Civ. P. 56(d) (providing that if a party opposing a summary judgment motion "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."). By failing to file a Rule 56(d) motion and affidavit, Ms. Zemaitiene "has waived the argument that the grant of summary judgment should be set aside for lack of sufficient discovery," and "there is no abuse of discretion in granting summary judgment if it is otherwise appropriate." *Campfield v. State Farm Mut. Auto. Ins. Co.*, 532 F.3d 1111, 1124 (10th Cir. 2008) (quotations and citation omitted). Ms. Zemaitiene's pro se status does not excuse her from complying with that procedural requirement. *See, e.g.*, *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) ("[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." (quotations and citations omitted)).

[69] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[70] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).