# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **KRISTINA ZEMAITIENE,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:17-CV-7-DAK-JCB** |
| **SALT LAKE COUNTY, ET AL.,** | **Judge Dale A. Kimball** |
| **Defendants.** | **Magistrate Judge Jared C. Bennett** |

This matter is before the court on the Plaintiff's Motion for Recusal [ECF No. 105]. Plaintiff claims that recusal of the undersigned judge because the judge's impartiality might reasonably be questioned under 28 U.S.C. § 455. Specifically, Plaintiff contends that the undersigned's membership in the Church of Jesus Christ of Latter-day Saints disqualifies him from presiding over a case involving the Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-day Saints.

Under 28 U.S.C. § 455(a), "Any . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Disqualification under Section 455 is an objective standard, "[d]isqualification is appropriate only where a reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006). "The trial judge must recuse himself when there is an appearance of bias, regardless of whether

there is actual bias." *Bryce v. Episcopal Church*, 289 F.3d 648, 659 (10th Cir. 2002). However, "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *United States v. Hines*, 696 F.2d 722, 729 (10th Cir. 1982).

"Section 455 does not require recusal based only on assumptions about a judge's beliefs that are not substantiated by the facts of record." *In re McCarthey*, 368 F.3d 1266, 1269-70 (10th Cir. 2004). "The inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. In applying the test, the initial inquiry is whether a reasonable factual basis exists for calling the judge's impartiality into question." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). Moreover, "[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Hinman*, 831 F.2d at 939.

Plaintiff argues that ordinarily religious faith does not provide a ground for recusal, but Mormonism is no ordinary religion because of the Church's high level of control over its members and its extreme demands of loyalty. However, the Tenth Circuit has addressed this issue and has held that "merely because" a judge "belongs to and contributes to" The Church of Jesus Christ of Latter-day Saints "would never be enough to disqualify him." *In re McCarthey*, 368 F.3d at 1270. Therefore, the undersigned's religious affiliation is not a grounds for recusal. Moreover, there is no indication in this case that the undersigned has a bias against Plaintiff or in favor of the Church. The decisions issued in the case have been fully analyzed and based on the law and facts before the court. Mere disagreement with those decisions does not present grounds for recusal. The court concludes that no reasonable person, knowing the circumstances of the case, would harbor any doubts about the undersigned's ability to be impartial to Plaintiff in the present case.

Based on the above reasoning, Plaintiff's Motion to Recuse [ECF Docket No. 105] pursuant to 28 U.S.C. § 455 is DENIED.

Dated this 24th day of June, 2021.

BY THE COURT:

Judge Dale A. Kimball,
United States District Judge